IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| AGILENT TECHNOLOGIES, INC. )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>XPEDIENT MANAGEMENT GROUP, LLC )<br>and ST. PAUL FIRE AND MARINE )<br>INSURANCE COMPANY, )<br>)<br>Defendants. )<br>)<br>_____ )<br>)<br>XPEDIENT MANAGEMENT GROUP, LLC )<br>)<br>Cross-Plaintiff, )<br>)<br>v. )<br>)<br>ST. PAUL FIRE AND MARINE )<br>INSURANCE COMPANY, )<br>)<br>Cross-Defendant. ) | No. 2:25-cv-02101<br>Judge Mark S. Norris<br>Magistrate Judge Charmiane Claxton |

**REPLY IN SUPPORT OF ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S MOTION TO DISMISS**

Pursuant to Federal Civil Procedure Rule 12(b)(6) and Local 12.1(c), Defendant St. Paul Fire and Marine Insurance Company ("St. Paul" or "Defendant") files the following reply in support of its motion to dismiss the complaint filed by Agilent Technologies, Inc. ("Plaintiff"). Plaintiff's claim against St. Paul must fail as it failed to comply with the Federal Rules of Civil Procedure and failed to address apply the correct legal standard of duty in an ordinary negligence matter.

1

1. **Plaintiff failed to comply with the Federal Rules of Civil Procedure and Local Rules of this Court.**

Plaintiff's arguments contained in its response to the motion to dismiss do not comply with Federal Civil Procedure Rules 12, 15 or Local Rule 7.2.

**A. Federal Civil Procedure Rule 12(b)**

Ordinarily, courts are limited to stay within the four corners of the complaint to determine whether the plaintiff has stated a plausive claim for relief. Bassett v. NCAA, 528 F.3d 426, 430 (6th Cir. 2008). In reviewing a motion to dismiss, the Court "may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." Kreipke v. Wayne State Univ., 807 F.3d 768, 774 (6th Cir. 2015) (citing Bassett, 528 F.3d at 430). Notably, this list does *not* include items referred to in or attached to a response to a motion to dismiss.

Here, Plaintiff did not attach the Lease Agreement between St. Paul and Xpedient Management Group, LLC ("Xpedient") as an exhibit to its Complaint. Rather, Plaintiff pleads "Cromwell Warehouse is owned by St. Paul," "St. Paul knew or should have known the Xpedient was leasing the Cromwell Warehouse for Agilent," "St. Paul, as landowner, owner, and business operator […] owed to Plaintiff a duty to use ordinary and reasonable care in the maintenance of its property." Compl. ¶¶22, 24, 122. Under Rule 12(b)(6), these are the allegations regarding duty that the Plaintiff is limited in response to the motion to dismiss because they are the sole allegations regarding duty in the Complaint. Plaintiff has not made the requisite motion to amend their Complaint to include the referenced Lease Agreement between St. Paul and Xpedient.

### B. Federal Civil Procedure Rule 15 and Local Rule 7.2

Pursuant to Federal Civil Procedure Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." To the extent Plaintiff is seeking to amend, St. Paul requests that it do so through a motion. Local Rule 7.2 "does not permit a motion to be included in the Response to another motion." <u>Dotson v. Fayette Cty. Sheriff Dep't</u>, No. 2:23-cv-2147-TLP-cgc, 2023 U.S. Dist. LEXIS 234970, at *4 (W.D. Tenn. Aug. 4, 2023). Under the local rules, the Plaintiff's "motion" to amend contained in their response should not be considered in this motion to dismiss.

### 2. Plaintiff's claim of ordinary negligence against St. Paul must fail.

Plaintiff's claims of ordinary negligence are deficiently pled and must be dismissed.

### A. St. Paul is not a party to the confidential agreements between Plaintiff and St. Paul.

Neither the attached Master Operating Services Agreement for Logistics Services nor the Site Operating Agreement attached as Exhibits A and B to the Complaint include St. Paul. <u>See</u> Compl. Ex. A and B (under seal). Rather, as evidenced by Exhibit A to the Complaint, the Master Operating Services Agreement for Logistics Services between Xpedient Management Group, LLC and Agilent Technologies Inc. ("Operating Services Agreement") states at the bottom of each page "**This Agreement is Subject to an Agreement of Confidentiality and Shall Not be Distributed Except to the Parties**." (emphasis added). Plaintiff has ***not*** alleged that Xpedient notified St. Paul of the scope and contents of the Operating Services Agreement, which would have breached the confidentiality agreement. Compl., *passim*. It is therefore unclear how St. Paul could have been aware of the subject Inventory if the Operating Services Agreement expressly states that the information contained in the agreements is confidential.

3

Further, "when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." Cates v. Crystal Clear Techs., LLC, 874 F.3d 530, 536 (6th Cir. 2017) (quoting Williams v. CitiMortgage, Inc., 98 F. App'x 532, 536 (6th Cir. 2012)). Here, the confidentiality provision contained in the exhibit directly contradicts Plaintiff's presumptions that "St. Paul knew or should have known that Xpedient was leasing the Cromwell Warehouse space for Agilent's benefit and for the sole and exclusive purpose of providing warehousing services to Agilent for the Tips Inventory" and "St. Paul knew or should have known of the diminished condition of the Cromwell Warehouse, including, without limitation, the locked gas meter, broken gas regulator, inoperative HVAC system, uninsulated domestic pipes and/or sprinkler system, and general state of disrepair, and the impact of the same on Agilent's Tips Inventory." Compl. ¶¶24, 124.  Therefore, again, Plaintiff cannot properly establish that St. Paul owed a duty to Plaintiff.

**B. Plaintiff admittedly had a contract with Xpedient regarding duty of maintenance of the facility.**

Plaintiff does not have a negligence case against St. Paul because it has already addressed the duties in contract.  "A contract may be negligently or fraudulently breached and the cause of action remain in contract rather than in tort." Mid-South Milling Co. v. Loret Farms, Inc., 521 S.W.2d 586, 588 (Tenn. 1975). "Courts should be particularly skeptical of business plaintiffs who—having negotiated an elaborate contract or having signed a form when they wish they had not—claim to have a right in tort whether the tort theory is negligent misrepresentation, strict tort, or negligence." Trinity Indus. v. McKinnon Bridge Co., 77 S.W.3d 159, 172 (Tenn. Ct. App. 2001).

In its Complaint, Plaintiff attached its two agreements with Xpedient. Contained in those agreements are duties and obligations with regard to the maintenance of the Cromwell Warehouse. In fact, Plaintiff expressly states in the Complaint that the "SOA specified the Cromwell

4

Warehouse as the facility to be used to store the Tips Inventory and contained critical details of Xpedient's obligations, such as "facility management, including rent, utilities [sic] interest, tax, maintenance, repairs, and security."[1] Compl. ¶27. Plaintiff, a sophisticated business, has already contracted the duty of maintenance of the facility with Xpedient, another sophisticated business. Plaintiff has an action to recover for the breach of duty for the maintenance of the facility as contracted with Xpedient. Accordingly, Plaintiff does not have an independent claim of negligence for the maintenance of the Warehouse. Plaintiff attempts to make an independent negligence claim against St. Paul based upon the duty of maintenance of the facility but it must be barred from making this claim as it has already contracted that duty of maintenance of the facility. Simply put, Plaintiff cannot have its cake and eat it, too.

### C. Plaintiff has not pled a premises liability claim.

In its Complaint, Plaintiff has made a claim against St. Paul under an ordinary negligence theory, not under a theory of premises liability. St. Paul maintains that Plaintiff fails to establish an ordinary negligence claim against St. Paul by Plaintiff, but for the sake of argument, St. Paul does not agree that it should be held to a higher premises liability standard in an ordinary negligence matter as pled by the Plaintiff. In Tennessee, to maintain a claim for premises liability, a plaintiff must present prima facie evidence of the customary elements of negligence. Binns v. Trader Joe's E., Inc., 690 S.W.3d 241, 243 (Tenn. 2024). Concerning duty in a premises matter, a property owner has the duty to exercise reasonable care with regard to invitees on the premises. See Eaton v. McLain, 891 S.W.2d 587, 593 (Tenn. 1994). This duty "imposes upon a property

---

[1] Plaintiff is referencing Schedule 2 to the Site Operating Agreement (attached to the Complaint as Exhibit B), Xpedient was to provide "Warehouse Services" to Plaintiff. Specifically, Xpedient provided Plaintiff with "Distribution Center Administration and Management," including "[f]acility management including rent, utilities, interest, tax, maintenance, repairs, and security."

owner the responsibility of either removing, or warning against, any dangerous condition on the premises of which the property owner is actually aware or should be aware through the exercise of reasonable diligence." Id. at 594.

Here, Plaintiff alleges:

122.   At all times relevant hereto, St. Paul, as landowner, owner, and business operator, and/or the agents, servants, workers, employees of the same, **owed to Plaintiff a duty to use ordinary and reasonable care in the maintenance of its property**, the Cromwell Warehouse, including, but not limited to, ensuring all utility lines and HVAC systems were working and operational, that the domestic pipes and sprinkler systems were in good repair, and, as necessary protected against colder temperatures, and that the Cromwell Warehouse was generally fit for the purposes for which St. Paul held it out for business.

123.   At all times relevant hereto, St. Paul knew or should have known that the Cromwell Warehouse was being used for the benefit of Agilent and the storage of Agilent's Tips Inventory and, upon information and belief, was accepting payment from Xpedient for such purpose, which was to inure to the benefit of Agilent

124.   St. Paul **breached this duty by, at minimum, failing to maintain the Cromwell Warehouse for the benefit of Agilent**, and, at all relevant times, St. Paul knew or should have known of the diminished condition of the Cromwell Warehouse, including, without limitation, the locked gas meter, broken gas regulator, inoperative HVAC system, uninsulated domestic pipes and/or sprinkler system, and general state of disrepair, and the impact of the same on Agilent's Tips Inventory.

125.   Each of the above said acts of negligence directly and proximately caused loss and damage to Agilent.

126.   As a direct and proximate result thereof, Agilent has sustained substantial damages due to St. Paul's negligence in an amount to be determined at trial, but in excess of the jurisdictional limit of this Court

Plaintiff has not alleged that they are an invitee. Plaintiff has not alleged that there was a dangerous condition on the premises. Plaintiff has not established actual or constructive notice.  Plaintiff only argues that St. Paul failed to maintain the property for the benefit of Plaintiff. Accordingly, Plaintiff may not rely upon the heightened duties imposed on landlords and property owners in a premises matter.  Instead, its allegations are limited to an ordinary negligence standard.

As for the premises matters cited in its brief, St. Paul does not agree that this is a premises matter. Rather, St. Paul cited premises liability cases to demonstrate that it is unusual for the party who does not have control of the space to be liable for omissions or actions taken by a tenant. The same concept applies in this matter as St. Paul as a landlord did not have control of the space leased by the tenant where the Inventory was stored. Accordingly, it cannot be found liable for the damage to the Inventory.

At the end of the day, Plaintiff has not established a duty owed by St. Paul when Plaintiff's agreements and contractual duties involving the warehousing of goods are between Plaintiff and Xpedient.

## CONCLUSION

For the foregoing reasons and the reasons contained in its motion and memorandum, St. Paul respectfully requests that this Court dismiss the claim of negligence against it by Plaintiff.

Respectfully submitted,

*/s/ Paige I. Bernick*
Paige I. Bernick, Esq. (BPR # 30071)
Peter C. Robison, Esq. (BPR # 27498)
Ryan N. Clark, Esq. (BPR # 29105)
LEWIS THOMASON, P.C.
424 Church Street, Suite 2500
Nashville, TN  37219
pbernick@lewisthomason.com
Telephone:  (615) 259-1366

*Attorneys for Defendant St. Paul Fire and Marine Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing REPLY IN SUPPORT OF DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S MOTION TO DISMISS was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail and email. Parties may access this filing through the Court's electronic filing system.

Elena R. Mosby, Esq.
Douglas F. Halijan, Esq.
Burch Porter & Johnson, PLLC
130 N. Court Avenue
Memphis, TN 38103
Telephone: (901) 524-5000
emosby@bpjlaw.com
dhalijan@bpjlaw.com

Amber S. Finch, Esq.
Margaret Clemans McDonald, Esq.
Reed Smith, LLP
515 South Flower Street, Suite 4300
Los Angeles, CA 90071
Telephone: (213) 457-8000
afinch@reedsmith.com
mcmcdonald@reedsmith.com
Attorneys for Plaintiff

Andrew B. Schrack, Esq.
Butler Snow LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
Telephone: (901) 680-7200
andrew.schrack@butlersnow.com
Attorney for Xpedient Management Group, LLC


This 7th day of April, 2025.

*/s/ Paige I. Bernick*