IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

AGILENT TECHNOLOGIES, INC.,

    Plaintiff,

v.

XPEDIENT MANAGEMENT GROUP, LLC and
ST. PAUL FIRE AND MARINE INSURANCE
COMPANY

    Defendants,

Case No. 2:25-cv-02101-MSN-cgc[1]
JURY DEMAND

---

XPEDIENT MANAGEMENT GROUP, LLC

    Cross-Plaintiff,

v.

ST. PAUL FIRE AND MARINE INSURANCE
COMPANY,

    Cross-Defendant,

---

FACTORY MUTUAL INSURANCE
COMPANY, as subrogee of Agilent
Technologies, Inc.,

    Plaintiff,

v.

XPEDIENT MANAGEMENT GROUP, LLC
and ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

    Defendants.

Case No. 2:25-cv-02424-MSN-tmp
JURY DEMAND

---

[1] Pursuant to the Court's oral Order, these cases are consolidated. (ECF Nos. 35 and 57). The parties are further **INSTRUCTED** to file all future pleadings, motions, and other papers in Case No. 2:25-cv-02101-MSN-cgc.

## SCHEDULING ORDER

Pursuant to written notice, a scheduling conference was held on August 22, 2025. Present were Amber S. Finch, Elena R. Mosby, Douglas F. Halijan, and Margaret C. McDonald, counsel for Plaintiff Agilent Technologies, Inc., Michael J. Petherick, counsel for Defendant St. Paul Fire and Marine Insurance Company, William B. Thomas and Andrew B. Schrack, counsel for Defendant Xpedient Management Group, LLC, and Samuel J. Wellborn, counsel for Plaintiff Factory Mutual Insurance Company. At the conference, the following dates were established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: July 22, 2025

**MOTIONS TO JOIN PARTIES**: October 15, 2025

**MOTIONS TO AMEND PLEADINGS**: October 15, 2025

**MOTIONS TO DISMISS**: November 17, 2025

**ALTERNATIVE DISPUTE RESOLUTION:**

    (a)    **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** November 7, 2025

    (b)    **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)2:**

    **Stipulation Filing Date: August 29, 2025**

**COMPLETING ALL DISCOVERY**: April 17, 2026

    (a)    **DOCUMENT PRODUCTION AND INTERROGATORIES[2]:** April 17, 2026

---

[2] The parties shall serve interrogatories and requests for production at least 45 days before the deadline to complete written discovery, *i.e.*, by or before March 3, 2026, to allow sufficient time for responses by the deadline for completion of discovery.

    **(b)**    **DEPOSITIONS AND REQUESTS FOR ADMISSIONS[3]**:  April 17, 2026

    **(c)**    **EXPERT WITNESS DISCLOSURES (Rule 26):**

        **(1)**    **DISCLOSURE OF PLAINTIFF'S RULE 26 EXPERT INFORMATION:**  February 17, 2026

        **(2)**    **DISCLOSURE OF DEFENDANTS' RULE 26 EXPERT INFORMATION:**  March 17, 2026

        **(3)**    **EXPERT WITNESS DEPOSITIONS**:  April 17, 2026

**MOTIONS TO EXCLUDE EXPERTS/*DAUBERT* MOTIONS**:  May 15, 2026

**FILING DISPOSITIVE MOTIONS[4]**:  May 22, 2026

**JOINT PROPOSED PRE-TRIAL ORDER DUE**:  Friday, October 2, 2026

(E-Mail Joint Proposed Pretrial Order in Word format to: ECF_Judge_Norris@tnwd.uscourts.gov)

**PRE-TRIAL CONFERENCE DATE**: Friday, October 9, 2026, at 10:00 a.m.

**JURY TRIAL**: Monday, October 19, 2026, at 9:30 a.m.  Trial is anticipated to last approximately 7–10 days.

The parties **do not** consent to trial before the Magistrate Judge.

**OTHER RELEVANT MATTERS**:

    As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the court approves the parties' e-discovery plan.

    Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

---

[3] The parties shall serve requests for admission at least 45 days before the deadline to complete written discovery, *i.e.*, by or before March 3, 2026, to allow sufficient time for responses by the deadline for completion of discovery.

[4] Please review Judge Norris's preferences regarding use of an appendix when submitting materials in support of a motion.

No depositions may be scheduled to occur after the discovery deadline. All motions, discovery requests, or other filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or the service of the response, answer, or objection that is the subject of the motion, if the default or the service of the response, answer, or objection occurs within 30 days of the discovery deadline, unless the time for filing of such motion is extended for good cause shown, or the objection to the default, response, answer, or objection is waived.

The parties are ordered to engage in ADR before the deadline set forth above. Under ADR Rule 5.11(b) the mediator is to file a Mediation Certification within seven (7) days after the close of the mediation session reporting the date of the session, whether the case settled as a whole or in part and whether any follow up is scheduled. Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall, be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion.  **Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.**

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

***This Order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this Order will not be modified or extended.***

**IT IS SO ORDERED**, this 27th day of August, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE