## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **AGILENT TECHNOLOGIES, INC.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | No. 2:25-cv-02101 |
| v. | * | |
| | * | JURY DEMAND |
| **XPEDIENT MANAGEMENT GROUP, LLC** | * | |
| **and ST. PAUL FIRE AND MARINE** | * | |
| **INSURANCE COMPANY,** | * | |
| | * | |
| Defendants. | * | |

| | | |
|---|---|---|
| **FACTORY MUTUAL INSURANCE** | * | |
| **COMPANY, as subrogee of Agilent** | * | |
| **Technologies, Inc.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | No. 2:25-cv-02424 |
| v. | * | |
| | * | JURY DEMAND |
| **XPEDIENT MANAGEMENT GROUP, LLC,** | * | |
| **and ST. PAUL FIRE AND MARINE** | * | |
| **INSURANCE COMPANY,** | * | |
| | * | |
| Defendants. | * | |

## DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S ANSWER TO PLAINTIFF AGILENT TECHNOLOGIES, INC.'S FIRST AMENDED COMPLAINT

COMES NOW the Defendant, St. Paul Fire and Marine Insurance Company ("St. Paul"), to submit its Answer to Plaintiff Agilent Technologies, Inc.'s ("Agilent") First Amended Complaint [Doc 73] as follows:

## FIRST DEFENSE

In response to the specifically enumerated paragraphs of Agilent's First Amended Complaint, St. Paul states as follows:

## I.    NATURE OF THE ACTION

1.    The allegations contained in paragraph 1 of Agilent's First Amended Complaint are denied as pled.

2.    St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 2 of Agilent's First Amended Complaint.

3.    It is admitted that Xpedient leased a warehouse at 4601 Cromwell Avenue, Building 20, Memphis, TN 38118 from St. Paul.

4.    The allegations contained in paragraph 4 of Agilent's First Amended Complaint are denied as pled.

5.    The allegations contained in paragraph 5 of Agilent's First Amended Complaint are denied as pled.

6.    The allegations contained in paragraph 6 of Agilent's First Amended Complaint are denied as pled.

7.    The allegations contained in paragraph 7 of Agilent's First Amended Complaint are denied as pled.

## II.    PARTIES

8.    St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 8 of Agilent's First Amended Complaint.

9.    St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 9 of Agilent's First Amended Complaint.

10.    It is admitted that St. Paul is a Connecticut corporation with its principal place of business located at One Tower Square, Hartford, Connecticut 06183, and may be served through

its registered agent, Corporation Service Company, at 2908 Poston Avenue, Nashville, Tennessee

37203.

## III.    JURISDICTION AND VENUE

11.    It is admitted that this Court has subject matter jurisdiction.

12.    It is admitted that this Court has subject matter jurisdiction. All other allegations

contained in paragraph 12 of Agilent's First Amended Complaint are denied as pled.

13.    It is admitted that this Court has personal jurisdiction over St. Paul. The remaining

allegations in paragraph 13 of Agilent's First Amended Complaint are denied as pled.

## IV.    BACKGROUND

### A.    Agilent Seeks a Warehouser for Surplus Pipette Tips

14.    St. Paul is without sufficient information to admit or deny the allegations contained

in paragraph 14 of Agilent's First Amended Complaint.

15.    St. Paul is without sufficient information to admit or deny the allegations contained

in paragraph 15 of Agilent's First Amended Complaint.

16.    St. Paul is without sufficient information to admit or deny the allegations contained

in paragraph 16 of Agilent's First Amended Complaint.

17.    St. Paul is without sufficient information to admit or deny the allegations contained

in paragraph 17 of Agilent's First Amended Complaint.

18.    St. Paul is without sufficient information to admit or deny the allegations contained

in paragraph 18 of Agilent's First Amended Complaint.

### B.    Agilent's Selects Xpedient and The Cromwell Warehouse

19.    St. Paul is without sufficient information to admit or deny the allegations contained

in paragraph 19 of Agilent's First Amended Complaint.

20.    St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 20 of Agilent's First Amended Complaint.

21.    St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 21 of Agilent's First Amended Complaint.

22.    It is admitted that Xpedient leased a warehouse at 4601 Cromwell Avenue, Building 20, Memphis, TN 38118 from St. Paul.

23.    It is admitted that the Cromwell Warehouse is owned by St. Paul and is located in Memphis, Tennessee.

24.    The allegations contained in paragraph 24 of Agilent's First Amended Complaint are denied.

25.    The allegations contained in paragraph 25 of Agilent's First Amended Complaint are denied.

**C.    Agilent and Xpedient Enter into Warehousing Agreements**

26.    The contents referred to in paragraph 26 of Agilent's First Amended Complaint speak for themselves; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 26 of Agilent's First Amended Complaint are denied.

27.    The contents referred to in paragraph 27 of Agilent's First Amended Complaint speak for themselves; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 27 of Agilent's First Amended Complaint are denied.

28.    The contents referred to in paragraph 28 of Agilent's First Amended Complaint speak for themselves; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 28 of Agilent's First Amended Complaint are denied.

29.     The allegations contained in paragraph 29 of Agilent's First Amended Complaint are denied as pled.

30.     The allegations contained in paragraph 30 of Agilent's First Amended Complaint are denied as pled.

31.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 31 of Agilent's First Amended Complaint.

**D.     St. Paul and Xpedient Enter into the Lease Agreement**

32.     It is admitted that Xpedient leased a warehouse at 4601 Cromwell Avenue, Building 20, Memphis, TN 38118 from St. Paul.

33.     The allegations contained in paragraph 33 of Agilent's First Amended Complaint are denied.

34.     The allegations contained in paragraph 34 of Agilent's First Amended Complaint are denied as pled.

35.     The allegations contained in paragraph 35 of Agilent's First Amended Complaint are denied as pled.

36.     The allegations contained in paragraph 36 of Agilent's First Amended Complaint are denied as pled.

37.     The allegations contained in paragraph 37 of Agilent's First Amended Complaint are denied as pled.

38.     The allegations contained in paragraph 38 of Agilent's First Amended Complaint are denied.

39.     The allegations contained in paragraph 39 of Agilent's First Amended Complaint are denied.

40.     The allegations contained in paragraph 40 of Agilent's First Amended Complaint are denied.

41.     It is admitted that email correspondence was exchanged between Xpedient and Colliers concerning the transfer of utilities on May 23, 2023. The remaining allegations contained in paragraph 41 of Agilent's First Amended Complaint are denied.

42.     It is admitted that email correspondence was exchanged between Xpedient and Colliers concerning the transfer of utilities on May 23, 2023. The remaining allegations contained in paragraph 42 of Agilent's First Amended Complaint are denied.

43.     The allegations contained in paragraph 43 of Agilent's First Amended Complaint are denied as pled.

44.     The allegations contained in paragraph 44 of Agilent's First Amended Complaint are denied.

45.     The allegations contained in paragraph 45 of Agilent's First Amended Complaint are denied.

46.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 46 of Agilent's First Amended Complaint.

47.     The allegations contained in paragraph 47 of Agilent's First Amended Complaint are denied.

F.     **A Deep Freeze Hits Memphis**

48.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 48 of Agilent's First Amended Complaint.

49.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 49 of Agilent's First Amended Complaint.

50.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 50 of Agilent's First Amended Complaint.

51.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 51 of Agilent's First Amended Complaint.

52.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 52 of Agilent's First Amended Complaint.

53.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 53 of Agilent's First Amended Complaint.

54.     The allegations contained in paragraph 54 of Agilent's First Amended Complaint are denied as pled.

55.     The allegations contained in paragraph 55 of Agilent's First Amended Complaint are denied as pled.

56.     The allegations contained in paragraph 56 of Agilent's First Amended Complaint are denied as pled.

57.     The allegations contained in paragraph 57 of Agilent's First Amended Complaint are denied as pled.

58.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 58 of Agilent's First Amended Complaint.

59.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 59 of Agilent's First Amended Complaint.

**G.      The Deep Freeze Damages the Unheated Cromwell Warehouse, Destroying the Majority of the Tips Inventory**

60.     Upon information and belief, it is admitted that the Memphis Fire Department provides in their report that there was a sprinkler activation due to malfunction.

61.    Upon information and belief, the allegations in paragraph 61 of Agilent's First Amended Complaint are admitted.

62.    Upon information and belief, Colliers was notified of the event on January 17, 2024.

63.    Upon information and belief, Colliers directed Security Fire Protection to respond to the incident alleged in Agilent's First Amended Complaint. St. Paul is without sufficient information to admit or deny the remaining allegations contained in paragraph 63 of Agilent's First Amended Complaint.

64.    St. Paul is without sufficient information to admit or deny the remaining allegations contained in paragraph 64 of Agilent's First Amended Complaint.

65.    St. Paul is without sufficient information to admit or deny the remaining allegations contained in paragraph 65 of Agilent's First Amended Complaint

66.    The allegations contained in paragraph 66 of Agilent's First Amended Complaint are denied as pled.

67.    The allegations contained in paragraph 67 of Agilent's First Amended Complaint are denied as pled.

68.    The allegations contained in paragraph 68 of Agilent's First Amended Complaint are denied.

69.    The allegations contained in paragraph 69 of Agilent's First Amended Complaint are denied.

**H.    <u>Agilent Suffers Over $9 Million in Damages from the Water Intrusion Event</u>**

70.    St. Paul is without sufficient information to admit or deny the remaining allegations contained in paragraph 70 of Agilent's First Amended Complaint

71.    The allegations contained in paragraph 71 of Agilent's First Amended Complaint are denied.

72.    St. Paul is without sufficient information to admit or deny the remaining allegations contained in paragraph 72 of Agilent's First Amended Complaint

73.    The allegations contained in paragraph 73 of Agilent's First Amended Complaint are denied.

74.    The allegations contained in paragraph 74 of Agilent's First Amended Complaint are denied.

75.    The allegations contained in paragraph 75 of Agilent's First Amended Complaint are denied.

I.    **In the Aftermath of the Water Intrusion Event, Months Lapse Before Basic Utilities are Restored to the Cromwell Warehouse**

76.    The allegations contained in paragraph 76 of Agilent's First Amended Complaint are denied.

77.    The allegations contained in paragraph 77 of Agilent's First Amended Complaint are denied.

78.    St. Paul is without sufficient information to admit or deny the remaining allegations contained in paragraph 78 of Agilent's First Amended Complaint

J.    **Agilent Seeks Information about the Water Intrusion Event While Defendants Stonewall and Deny Wrongdoing**

79.    The allegations in paragraph 79 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 79 of Agilent's First Amended Complaint are denied.

80.     The allegations in paragraph 80 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 80 of Agilent's First Amended Complaint are denied.

81.     The allegations in paragraph 81 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 81 of Agilent's First Amended Complaint are denied.

82.     The allegations in paragraph 82 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 82 of Agilent's First Amended Complaint are denied.

83.     The allegations in paragraph 83 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 83 of Agilent's First Amended Complaint are denied.

84.     The allegations in paragraph 84 of Agilent's First Amended Complaint are denied as pled.

85.     The allegations in paragraph 85 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 85 of Agilent's First Amended Complaint are denied.

86.     It is admitted that in a July 16, 2024 letter Agilent invited St. Paul to inspect "the damaged inventory that still resides in the Cromwell Warehouse."

87.     It is admitted that St. Paul denies liability for the "Water Intrusion Event" alleged in Agilent's First Amended Complaint.

88.     The allegations contained in paragraph 88 of Agilent's First Amended Complaint are denied.

89.     It is admitted that St. Paul advised Agilent that it "denies liability in this matter,"
explaining "XMG controlled the space as the tenant in this portion of the warehouse" and was
"required [] to maintain their section." All other allegations contained in paragraph 89 of Agilent's
First Amended Complaint are denied.

90.     The allegations in paragraph 90 of Agilent's First Amended Complaint are not
directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted
against St. Paul, the allegations in paragraph 90 of Agilent's First Amended Complaint are denied.

91.     The allegations contained in paragraph 91 of Agilent's First Amended Complaint
are denied.

**K.      Defendants Benefit from their Breach and Wrongdoing While Agilent
          Continues to Perform Its Obligations under the Agreements**

92.     The allegations contained in paragraph 92 of Agilent's First Amended Complaint
are denied.

93.     The allegations contained in paragraph 93 of Agilent's First Amended Complaint
are denied.

94.     The allegations contained in paragraph 94 of Agilent's First Amended Complaint
are denied.

95.     The allegations contained in paragraph 95 of Agilent's First Amended Complaint
are denied.

**FIRST CAUSE OF ACTION
BREACH OF CONTRACT
(Against Xpedient)**

96.     St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1
through 95 of this Answer.

97.     The allegations in paragraph 97 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 97 of Agilent's First Amended Complaint are denied.

98.     The allegations in paragraph 98 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 98 of Agilent's First Amended Complaint are denied.

99.     The allegations in paragraph 99 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 99 of Agilent's First Amended Complaint are denied.

100.    The allegations in paragraph 100 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 100 of Agilent's First Amended Complaint are denied.

101.    The allegations in paragraph 101 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 101 of Agilent's First Amended Complaint are denied.

102.    The allegations in paragraph 102 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 102 of Agilent's First Amended Complaint are denied.

103.    The allegations in paragraph 103 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted

against St. Paul, the allegations in paragraph 103 of Agilent's First Amended Complaint are denied.

## SECOND CAUSE OF ACTION
## BREACH OF BAILMENT AND/OR NEGLIGENT BAILMENT
### (Against Xpedient)

104.    St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 103 of this Answer.

105.    The allegations in paragraph 105 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 105 of Agilent's First Amended Complaint are denied.

106.    The allegations in paragraph 106 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 106 of Agilent's First Amended Complaint are denied.

107.    The allegations in paragraph 107 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 107 of Agilent's First Amended Complaint are denied.

108.    The allegations in paragraph 108 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 108 of Agilent's First Amended Complaint are denied.

109.    The allegations in paragraph 109 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 109 of Agilent's First Amended Complaint are denied.

110.    The allegations in paragraph 110 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 110 of Agilent's First Amended Complaint are denied.

**THIRD CAUSE OF ACTION**
**NEGLIGENT MISREPRESENTATION**
**(Against Xpedient)**

111.    St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 110 of this Answer.

112.    The allegations in paragraph 112 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 112 of Agilent's First Amended Complaint are denied.

113.    The allegations in paragraph 113 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 113 of Agilent's First Amended Complaint are denied.

114.    The allegations in paragraph 114 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted

against St. Paul, the allegations in paragraph 114 of Agilent's First Amended Complaint are denied.

115.    The allegations in paragraph 115 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 115 of Agilent's First Amended Complaint are denied.

116.    The allegations in paragraph 116 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 116 of Agilent's First Amended Complaint are denied.

117.    The allegations in paragraph 117 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 117 of Agilent's First Amended Complaint are denied.

**FOURTH CAUSE OF ACTION**
**NEGLIGENCE AND/OR RECKLESS ACTIONS OR OMISSIONS**
**(Against Xpedient)**

118.    St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 117 of this Answer.

119.    The allegations in paragraph 119 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 119 of Agilent's First Amended Complaint are denied.

120.    The allegations in paragraph 120 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 120 of Agilent's First Amended Complaint are denied.

121.    The allegations in paragraph 121 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 121 of Agilent's First Amended Complaint are denied.

122.    The allegations in paragraph 122 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 122 of Agilent's First Amended Complaint are denied.

123.    The allegations in paragraph 123 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 123 of Agilent's First Amended Complaint are denied.

## FIFTH CAUSE OF ACTION
## DECLARATORY RELIEF
### (Against Xpedient)

124.    St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 123 of this Answer.

125.    The allegations in paragraph 125 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted

against St. Paul, the allegations in paragraph 125 of Agilent's First Amended Complaint are denied.

126.    The allegations in paragraph 126 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 126 of Agilent's First Amended Complaint are denied.

127.    The allegations in paragraph 127 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 127 of Agilent's First Amended Complaint are denied.

## SIXTH CAUSE OF ACTION
### NEGLIGENCE PER SE
**(Against Xpedient)**

128.    St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 127 of this Answer.

129.    The allegations in paragraph 129 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 129 of Agilent's First Amended Complaint are denied.

130.    The allegations in paragraph 130 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 130 of Agilent's First Amended Complaint are denied.

131.    The allegations in paragraph 131 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 131 of Agilent's First Amended Complaint are denied.

132.    The allegations in paragraph 132 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 132 of Agilent's First Amended Complaint are denied.

133.    The allegations in paragraph 133 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 133 of Agilent's First Amended Complaint are denied.

134.    The allegations in paragraph 134 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 134 of Agilent's First Amended Complaint are denied.

135.    The allegations in paragraph 135 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 135 of Agilent's First Amended Complaint are denied.

136.    The allegations in paragraph 136 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted

against St. Paul, the allegations in paragraph 136 of Agilent's First Amended Complaint are denied.

137. The allegations in paragraph 137 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 137 of Agilent's First Amended Complaint are denied.

138. The allegations in paragraph 138 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 138 of Agilent's First Amended Complaint are denied.

139. The allegations in paragraph 139 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 139 of Agilent's First Amended Complaint are denied.

140. The allegations in paragraph 140 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 140 of Agilent's First Amended Complaint are denied.

141. The allegations in paragraph 141 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 141 of Agilent's First Amended Complaint are denied.

142.    The allegations in paragraph 142 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 142 of Agilent's First Amended Complaint are denied.

143.    The allegations in paragraph 143 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 143 of Agilent's First Amended Complaint are denied.

144.    The allegations in paragraph 144 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 144 of Agilent's First Amended Complaint are denied.

145.    The allegations in paragraph 145 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 145 of Agilent's First Amended Complaint are denied.

146.    The allegations in paragraph 146 of Agilent's First Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 146 of Agilent's First Amended Complaint are denied.

## SEVENTH CAUSE OF ACTION
## NEGLIGENCE
### (Against St. Paul)

147.     St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 146 of this Answer.

148.    The allegations contained in paragraph 148 of Agilent's First Amended Complaint are denied.

149.    The allegations contained in paragraph 149 of Agilent's First Amended Complaint are denied.

150.    The allegations contained in paragraph 150 of Agilent's First Amended Complaint are denied.

151.    The allegations contained in paragraph 151 of Agilent's First Amended Complaint are denied.

152.    The allegations contained in paragraph 152 of Agilent's First Amended Complaint are denied.

## EIGHTH CAUSE OF ACTION
## NEGLIGENCE *PER SE*
### (Against St. Paul)

153.    St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 152 of this answer.

154.    The allegations contained in paragraph 154 of Agilent's First Amended Complaint are denied as pled.

155.    The allegations contained in paragraph 155 of Agilent's First Amended Complaint are denied.

156.    The allegations contained in paragraph 156 of Agilent's First Amended Complaint are denied as pled.

157.    The allegations contained in paragraph 157 of Agilent's First Amended Complaint are denied as pled.

158.    The allegations contained in paragraph 158 of Agilent's First Amended Complaint are denied as pled.

159.    The allegations contained in paragraph 159 of Agilent's First Amended Complaint are denied.

160.    The allegations contained in paragraph 160 of Agilent's First Amended Complaint are denied.

161.    The allegations contained in paragraph 161 of Agilent's First Amended Complaint are denied as pled.

162.    The allegations contained in paragraph 162 of Agilent's First Amended Complaint are denied as pled.

163.    The allegations contained in paragraph 163 of Agilent's First Amended Complaint are denied as pled.

164.    The allegations contained in paragraph 164 of Agilent's First Amended Complaint are denied.

165.    The allegations contained in paragraph 165 of Agilent's First Amended Complaint are denied.

166.    The allegations contained in paragraph 166 of Agilent's First Amended Complaint are denied.

167.    The allegations contained in paragraph 167 of Agilent's First Amended Complaint are denied.

168.    The allegations contained in paragraph 168 of Agilent's First Amended Complaint are denied.

169.    The allegations contained in paragraph 169 of Agilent's First Amended Complaint are denied.

170.    The allegations contained in paragraph 170 of Agilent's First Amended Complaint are denied.

171.    The allegations contained in paragraph 171 of Agilent's First Amended Complaint are denied.

## SECOND DEFENSE

Plaintiff Agilent's First Amended Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

St. Paul relies upon the doctrine of modified comparative fault as to Xpedient Management Group, LLC.  Xpedient Management Group, LLC bears fault for the January 17, 2024 water event because they, among other acts and omissions, failed to notify St. Paul that the heating in the Cromwell Warehouse was not in operation nor did Xpedient Management Group, LLC otherwise take the steps necessary to heat the Cromwell Warehouse. The fault of Xpedient Management Group LLC should be compared by the trier of fact at trial.

## FOURTH DEFENSE

St. Paul relies upon the doctrine of modified comparative fault as to Agilent Technologies, Inc. Agilent Technologies, Inc. bears fault for the January 17, 2024 water event because they,

among other acts and omissions, failed to notify St. Paul that the heating in the Cromwell Warehouse was not in operation nor did Agilent Technologies, Inc otherwise take the steps necessary to heat the Cromwell Warehouse. The fault of Agilent Technologies, Inc. should be compared by the trier of fact at trial.

**FIFTH DEFENSE**

St. Paul relies upon the doctrine of modified comparative fault as to Memphis Light, Gas and Water. The fault of Memphis Light, Gas and Water should be compared by the trier of fact at trial.

**SIXTH DEFENSE**

St. Paul relies upon the doctrine of modified comparative fault as to any other persons or entities who the jury is permitted to compare fault against at trial.

**SEVENTH DEFENSE**

Agilent's alleged damages were caused, in whole or in part, by the acts of third parties not under St. Paul's control and for which St. Paul is in no way responsible or liable.

**EIGHTH DEFENSE**

Agilent's claims are or may be barred by waiver, laches, and estoppel, including any applicable equitable, judicial, and/or administrative estoppel.

**NINTH DEFENSE**

St. Paul alleges that it played no role in causing Agilent's purported damages.

**TENTH DEFENSE**

St. Paul did not breach any duty owed to Agilent. St. Paul exercised due care and diligence in all of the matters alleged.

## ELEVENTH DEFENSE

Agilent failed to mitigate any damages that they incurred.

## TWELTH DEFENSE

Agilent has not alleged or sustained any damages that were caused by St. Paul or for which St. Paul is liable.

## THIRTEENTH DEFENSE

No act of omission of St. Paul was the proximate cause of any damages, injury, or loss to the Agilent.

## FOURTEENTH DEFENSE

St. Paul denies that Agilent is entitled to any punitive damages requested. Moreover, Agilent's claim for punitive damages is in contravention of the rights of St. Paul under the United States Constitution and the Constitution of the State of Tennessee. In any event, St. Paul requests a bifurcation of the issues of compensatory and punitive damages pursuant to *Tenn. Code Ann.* § 29-39-104(a)(2).

## FIFTEENTH DEFENSE

Any punitive damages awarded to Agilent by the trier of fact are capped pursuant to *Tenn. Code Ann.* § 29-39-104(a)(5).

## SIXTEENTH DEFENSE

St. Paul asserts all defenses available under the agreements between the parties.

## SEVENTEENTH DEFENSE

St. Paul reserves the right to amend its answer to include such other and further defenses that later may become apparent through further investigation and discovery.

## EIGHTEENTH DEFENSE

All allegations not heretofore admitted, explained or denied are here and now denied as set forth as though specifically denied therein.

**WHEREFORE**, having answered Agilent's First Amended Complaint, St. Paul respectfully prays for the following relief from this Honorable Court:

1.    That Agilent's claims be denied and dismissed with prejudice;

2.    That this case be tried before a jury; and

3.    For such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**CARR ALLISON**

BY: /s/ Michael J. Petherick_____
    **SEAN W. MARTIN, BPR #020870**
    **MICHAEL J. PETHERICK, BPR #036155**
    Attorneys for St. Paul
    633 Chestnut Street, Suite 2000
    Chattanooga, TN 37450
    (423) 648-9832 / (423) 648-9869 FAX
    swmartin@carrallison.com
    mpetherick@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2025, I electronically filed **DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S ANSWER TO PLAINTIFF AGILENT TECHNOLOGIES, INC.'S FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Elena R. Mosby
Douglas F. Halijan
Burch, Porter & Johnson PLLC
130 North Court Avenue
Memphis, TN 38103

Amber S. Finch
Margaret Clemans McDonald
Reed Smith, LLP
515 South Flower Street, Suite 4300
Los Angeles, CA 90071

Andrew B. Schrack
Butler Snow LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119

S. Joe Wellborn
Jefferson C. Orr
Brenden T. Holbrook
Smith Cashion & Orr, PLC
3100 West End Avenue, Suite 800
Nashville, TN 37203

BY:  /s/ Michael J. Petherick_____
**MICHAEL J. PETHERICK, BPR #036155**