UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| AGILENT TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> XPEDIENT MANAGEMENT GROUP, LLC ) <br> and ST. PAUL FIRE AND MARINE ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendants ) <br> ) | Case No. 2:25-cv-02101-MSN-cgc <br><br> Judge Mark S. Norris <br> Magistrate Judge Charmiane <br> Claxton |
| XPEDIENT MANAGEMENT GROUP, LLC., ) <br> ) <br> Cross-Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ST. PAUL FIRE AND MARINE INSURANCE ) <br> COMPANY, ) <br> ) <br> Cross-Defendant ) <br> ) | |
| FACTORY MUTUAL INSURANCE CO., as ) <br> subrogee of Agilent Technologies, Inc., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> XPEDIENT MANAGEMENT GROUP, LLC ) <br> and ST. PAUL FIRE AND MARINE ) <br> INSURANCE COMPANY ) <br> ) <br> Defendants. ) | Case No. 2:25-cv-02424-MSN-tmp <br><br> **JURY DEMANDED** |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF AGILENT TECHNOLOGIES, INC.'S MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY, TO DEEM OBJECTIONS WAIVED, AND TO RECOVER EXPENSES AND FEES

Plaintiff Agilent Technologies, Inc. ("Agilent" or "Plaintiff"), by and through undersigned counsel and pursuant to Rules 26, 33, 34, and 37 of the Federal Rules of Civil Procedure and Local Rule 26.1(b), respectfully submits the following Memorandum of Law in Support of its Motion to Compel Discovery Responses from Defendant St. Paul and Marine Insurance Company, to Deem Objections Waived, and to Recover Expenses and Fees, stating as follows:

### BACKGROUND

Agilent served its Second Set of Requests for Production and First Set of Special Interrogatories (collectively "Discovery Requests") to Defendant St. Paul Fire and Marine Insurance Company ("St. Paul" or "Defendant") via e-mail on December 22, 2025. (*See* Agilent's E-mail Transmitting Discovery Requests to St. Paul and Attached Discovery Requests to St. Paul, attached hereto as **Collective Exhibit A**.) St. Paul's responses to the Discovery Requests were due no later than January 21, 2026.

St. Paul neither responded to the Discovery Requests nor requested an extension of time from Plaintiff or the Court within which to respond. On January 22, 2026, the day after St. Paul's responses were due, undersigned counsel e-mailed counsel for St. Paul asking when St. Paul's responses would be served on Agilent. (*See* Consultation E-mails, attached hereto as **Exhibit B**.) Counsel for St. Paul did not respond to the e-mail.

On February 4, 2026, undersigned counsel again e-mailed counsel for St. Paul and attempted to consult on a motion to compel discovery responses. (*Id.*) Though one of the attorneys

2

for St. Paul responded the following day and attached St. Paul's responses to Agilent's Requests for Admission (which responses had been timely served via U.S. Mail), responses to the subject Discovery Requests were not served; St. Paul's counsel stated only that he "hope[d] to have them . . . soon" but did not identify when that might be. (*Id.*) Accordingly, on February 6, 2026, undersigned counsel *again* asked when the Discovery Responses would be served. (*Id.*)

After receiving no response from counsel for St. Paul to the February 6, 2026 email, undersigned counsel asked one more time on February 11, 2026 when the responses would be served and indicated that Agilent had no choice but to proceed with a motion to compel, adding that Agilent would seek expenses, including attorneys' fees, if St. Paul did not respond to the Discovery Requests. (*Id.*) Counsel for St. Paul replied to the e-mail the next day explaining that he had been busy with another case and was attempting to finalize and serve discovery responses; however, St. Paul's counsel *again* failed to provide any indication of when St. Paul's responses would actually be served. (*Id.*)

Undersigned counsel has acted diligently in consulting with counsel for St. Paul as Agilent's deadline to disclose expert information pursuant to Federal Rule of Civil Procedure 26 is next week on February 17, 2026. (Scheduling Order, ECF No. 59.) St. Paul's failure to respond also impacts the deadline of April 16, 2026, to complete all discovery including depositions of fact and expert witnesses. (*Id.*) Agilent now brings the instant motion because St. Paul's discovery responses were due three weeks ago and, after multiple attempts to consult with counsel for St. Paul, St. Paul simply will not respond to the Discovery Requests.

## **LAW AND ARGUMENT**

A party has thirty days to respond to properly served interrogatories and requests for production of documents. Fed. R. Civ. P. Rules 33(b)(2), 34(b)(2)(A). Objections not made within

that thirty-day period are waived. Fed. R. Civ. P. Rule 33(b)(4); Fed. R. Civ. P. 34(2)(A), (C); *Greene v. Cracker Barrel Old Country Store, Inc.*, No. CIV 09-2110-A/P, 2009 WL 1885641, at *2 (W.D. Tenn. July 1, 2009) (holding untimely objections to interrogatories and requests for production waived).

A party may move the Court for the entry of an order compelling the production of responses to interrogatories and requests for production of documents after the opposing party has failed to respond. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). If the motion is granted, the Court must order the non-responding party, its attorney, or both to pay the movant's reasonable expenses in bringing the motion, including attorneys' fees. Fed. R. Civ. P. 37(a)(5). The moving party cannot recover expenses if it failed to attempt in good faith with the other party to obtain the overdue discovery prior to bringing the motion, the party's failure to respond or object was substantially justified, or other circumstances make an award of expenses unjust. *Id.*

St. Paul's responses to the Discovery Requests were due over three weeks ago on January 21, 2026. Fed. R. Civ. P. Rules 33(b)(2), 34(b)(2)(A). St. Paul did not respond to the Discovery Requests within the time prescribed under the Federal Rules, nor did it ever seek, much less obtain, any extension of time within which to do so. St. Paul's Responses are indisputably weeks overdue and any objections that St. Paul may have to the Discovery Requests, if any, have been waived. *Greene*, 2009 WL 1885641, at *2.

St. Paul's failure to respond or otherwise object to the Discovery Requests is not justified. Counsel for Agilent is entitled to expenses incurred, including fees, in bringing this Motion. Fed. R. Civ. P. 37(a)(5). Undersigned counsel has made multiple attempts over the past three weeks to consult with counsel for St. Paul about the overdue discovery responses, with no timely response from St. Paul. St. Paul still has not identified a date by which it will respond. St. Paul's failure to

4

respond not only impacts Plaintiff's deadline of February 17, 2026, to disclose its Rule 26 expert witness information, but also the deadline to complete discovery, including fact and expert witness depositions, by April 17, 2026. St. Paul should be compelled to respond to the Discovery Requests without objection and produce all responsive documents to Agilent within seven days of the Court's Order.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order:

1. Compelling Defendant to serve complete responses to Plaintiff's Second Set of Requests for Production and First Set of Special Interrogatories and to produce all responsive documents within seven (7) days from the date of the Order;

2. Deeming any objections by Defendant to Plaintiff's Second Set of Requests for Production and First Set of Special Interrogatories to be waived;

3. Awarding Plaintiff its reasonable expenses, including attorneys' fees, incurred in bringing this motion pursuant to Federal Rule of Civil Procedure 37, and directing Plaintiff to submit a fee affidavit within seven (7) days from the date of the Order; and

4. Granting any other relief that the Court deems just and proper.

Respectfully submitted,

s/ Douglas F. Halijan
Douglas F. Halijan (BPR # 16718)
Elena R. Mosby (BPR # 40562)
BURCH PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, TN 38103
Telephone: 901-524-5000
Facsimile: 901-524-5024
dhalijan@bpjlaw.com
emosby@bpjlaw.com

Amber Finch (#222321) (admitted *pro hac vice*)
Margaret C. McDonald (#307008) (admitted *pro hac vice*)
Katherine P. Geotz (#346205) (admitted *pro hac vice*)
REED SMITH LLP
515 South Flower, Suite 4300
Los Angeles, CA 90071
Telephone: 213-457-8000
Facsimile: 213-457-8080
afinch@reedsmith.com
mcmcdonald@reedsmith.com
kgoetz@reedsmith.com

*Counsel for Plaintiff Agilent Technologies, Inc.*