# COLLECTIVE EXHIBIT A

# Christi Fuller

| | |
|---|---|
| **From:** | Alaniz, Claudia M. <CAlaniz@ReedSmith.com> |
| **Sent:** | Monday, December 22, 2025 4:25 PM |
| **To:** | will.thomas@butlersnow.com; andrew.schrack@butlersnow.com; swmartin@carrallison.com; mpetherick@carrallison.com; dhalijan@bpjlaw.com; emosby@bpjlaw.com; jwelborn@smithcashion.com |
| **Cc:** | McDonald, Margaret C.; Finch, Amber S. |
| **Subject:** | Agilent Technologies, Inc. v. Xpedient Management Group, et al. - Case No. 2:25-cv-02101-MSN-cgc |
| **Attachments:** | 2025-12-22 Agilent's Second RFPs to St. Paul.pdf; 2025-12-22 Agilent's Second RFPs to Xpedient.pdf; 2025-12-22 Agilent's First Rogs to St. Paul.pdf; 2025-12-22 Agilent's First Rogs to Xpedient.pdf; 2025-12-22 Agilent's First RFAs to St. Paul.pdf; 2025-12-22 Agilent's First RFAs to Xpedient.pdf |

**CAUTION: This email originated from outside of BPJ. Be cautious clicking on links.**

Counsel:
Attached please find the following document(s).

- PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION TO ST. PAUL FIRE AND MARINE INSURANCE COMPANY

- PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION TO XPEDIENT MANAGEMENT GROUP, LLC

- PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES TO ST. PAUL FIRE AND MARINE INSURANCE COMPANY

- PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES TO XPEDIENT MANAGEMENT GROUP, LLC

- PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO ST. PAUL FIRE AND MARINE INSURANCE COMPANY

- PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO XPEDIENT MANAGEMENT GROUP, LLC


**Claudia M. Alaniz**
*Executive Assistant to Peter J. Kennedy, Margaret C. McDonald, Bernard P. Simons & Natasha Sung*
**Reed Smith** LLP | 515 South Flower Street, Suite 4300 | Los Angeles, CA 90071 |
Main: 213.457.8000 | Fax: 213.457.8080 | Direct: 213.457.6490 | E-Mail: CAlaniz@ReedSmith.com


This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

RSUSv12021

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| AGILENT TECHNOLOGIES, INC., | |
| Plaintiff, | |
| v. | Case No. 2:25-cv-02101-MSN-cgc |
| XPEDIENT MANAGEMENT GROUP, LLC and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, | Judge Mark C. Norris<br>Magistrate Judge Charmiane Claxton |
| Defendants | |
| XPEDIENT MANAGEMENT GROUP, LLC., | |
| Cross-Plaintiff, | |
| v. | |
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, | |
| Cross-Defendant | |
| FACTORY MUTUAL INSURANCE CO., as subrogee of Agilent Technologies, Inc., | |
| Plaintiff, | |
| v. | Case No. 2:25-cv-02424-MSN-tmp |
| XPEDIENT MANAGEMENT GROUP, LLC and ST. PAUL FIRE AND MARINE INSURANCE COMPANY | |
| Defendants | |

**PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES TO ST. PAUL FIRE AND MARINE INSURANCE COMPANY**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Agilent Technologies, Inc., by and through its undersigned counsel, hereby propounds the following First Set of Special Interrogatories to Defendant St. Paul Fire and Marine Insurance Company ("St. Paul"). St. Paul is requested to respond to the Special Interrogatories in writing and under oath, within thirty (30) days after service as required by the Federal Rules of Civil Procedure.

## **DEFINITIONS**

In responding to these Special Interrogatories (the "Interrogatories") St. Paul shall use the definitions set forth below:

1. "Agilent" or "Plaintiff" means Plaintiff Agilent Technologies, Inc.

2. "You," "Your," or "St. Paul" means St. Paul Fire and Marine Insurance Company and/or its affiliates, subsidiaries, divisions, departments, predecessors, successors, current and former parent companies, and their directors, managers, officers, Employees, agents, representatives, investigators, consultants, and attorneys, as well as any other Person acting, authorized to act, or purporting to act on St. Paul's behalf now or in the past, including Colliers International Group Inc.

3. "Xpedient" means Defendant Xpedient Management Group, LLC and/or its affiliates, subsidiaries, divisions, departments, predecessors, successors, current and former parent companies, and their directors, managers, officers, Employees, agents, representatives, investigators, consultants, and attorneys, as well as any other Person acting, authorized to act, or purporting to act on Xpedient's behalf now or in the past.

4. "Cromwell Warehouse" means the warehouse located at 4601 Cromwell Avenue, Memphis, Tennessee 38118.

5. "Water Intrusion Event" means the January 17, 2024 water intrusion event at the Cromwell Warehouse.

6. "Concerning" shall mean relating to, referring to, describing, pertaining to, mentioning, involving, identifying, stating, dealing with, commenting on, responding to, discussing, depicting, analyzing, interpreting, containing, evidencing, reflecting, demonstrating,

- 1 -

proving, disproving, undermining, or constituting.

      7.      "Communication" or "Communications" shall mean any transmission of information of any kind, orally, electronically, in writing, or in any other manner, at any time or place and under any circumstances whatsoever.

      8.      "Document" or "Documents" shall mean all materials discoverable under Rules 26 and 34 of the Federal Rules of Civil Procedure, including without limitation "electronically stored information," as that term is used in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or nonidentical copy is a separate document within the meaning of this term.

      9.      "Employee" or "Employees" means all current or former salaried employees, hourly employees, independent contractors, and individuals performing work as temporary employees.

      10.      "Person" or "Persons" shall mean, without limitation, any natural person, company, firm, syndicate, sole proprietorship, partnership, corporation, limited liability company, limited liability partnership, joint venture, association, trust, financial institution, governmental body or agency, and all past and present officers, directors, Employees, partners, members, agents, and representatives, along with all other Persons acting or purporting to act on such Person's behalf.

      11.      "Identify" or "Identifying" when referring to a Document (including a report) means to state the Document's author, recipient(s), date, title, and generally describe the Document's subject matter.

      12.      "Identify" or "Identifying" when referring to a Person means state the Person's full name, present or last-known residence address;, present or last-known business address, present or last-known telephone number(s), present or last-known email address(es), the Person's current employer and job title or, if unknown, last-known employer and job title, and the Person's relationship, if any, to the parties or the events at issue

      13.      The terms "and" and "or" shall be read in the disjunctive, conjunctive, or both as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

14. "Any" and "All" shall be construed to mean, "any," "all," and "any and all."

15. Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

16. The Definitions contained herein shall apply without regard to capitalization of defined words.

## SPECIAL INTERROGATORIES SET ONE

1. Describe in detail all measures taken to prepare and/or protect the Cromwell Warehouse against inclement weather, including, without limitation, freezing temperatures, from January 1, 2023 to the present, including, without limitation, the date(s) each measure was taken, Identifying the person(s) who performed or directed each measure, and Identifying the Documents which evidence these measures.

2. Describe in detail each source of heat at the Cromwell Warehouse from January 1, 2023 to the present, including for each source: its type, make/model, location within the Cromwell Warehouse, fuel or power source, capacity (if known), the dates it was installed and removed (if applicable), and the specific dates and periods during which it was operational or otherwise in use.

3. Describe in detail the specific dates between January 1, 2023 and the present on which the HVAC system at the Cromwell Warehouse was capable of providing heat, and for each such date state the start and end times of these capabilities, the areas or zones served, and any interruptions, outages, or curtailments.

4. Describe in detail all measures taken to establish, maintain, restore, monitor, test, or improve the operational status of the gas meter(s), and all associated components, including, without limitation, the gas regulator, serving the Cromwell Warehouse from January 1, 2023 to the present, including, without limitation, the date(s) each measure was taken, Identifying the person(s) who performed or directed each measure, and Identifying the Documents which evidence these measures.

5. Describe in detail all measures taken to establish, maintain, restore, monitor, test, or improve the operational status of utilities serving the Cromwell Warehouse from January 1,

- 3 -

2023 to the present, including, without limitation, the date(s) each measure was taken, Identifying the person(s) who performed or directed each measure, and Identifying the Documents which evidence these measures.

6. Describe in detail all measures You undertook to mitigate the damages that Agilent alleges arose from the Water Intrusion Event, including, without limitation, the date(s) each measure was taken, Identifying the person(s) who performed or directed each measure, and Identifying the Documents which evidence these measures.

7. If You contend that Agilent did not suffer some or all of the damages that Agilent alleges resulted from the Water Intrusion Event, describe in detail all facts supporting Your contention, including, without limitation, each category and amount You contend was not incurred or is not recoverable from You, Identifying the persons with knowledge of those facts, and Identifying the documents on which you rely.

8. If You contend that You are not liable, in whole or in part, for the damages Agilent alleges arising from the Water Intrusion Event, describe in detail all facts supporting Your contention, including, without limitation, the legal and factual bases for Your contention, Identifying Persons with knowledge of those facts, and Identifying the Documents on which you rely.

DATED: December 22, 2025              Respectfully submitted,

                                      *s/ Margaret C. McDonald*
                                      Amber Finch (#222321) (admitted *pro hac vice*)
                                      Margaret C. McDonald (#307008) (admitted *pro hac vice*)
                                      REED SMITH LLP
                                      515 South Flower, Suite 4300
                                      Los Angeles, CA 90071
                                      Telephone: 213-457-8000
                                      Facsimile: 213-457-8080
                                      afinch@reedsmith.com

mcmcdonald@reedsmith.com

Douglas F. Halijan (BPR # 16718)
Elena R. Mosby (BPR # 40562)
BURCH PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, TN 38103
Telephone: 901-524-5000
Facsimile: 901-524-5024
dhalijan@bpjlaw.com
emosby@bpjlaw.com

*Attorneys for Plaintiff Agilent Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2025, I caused a copy of the above and foregoing document to be served on all counsel by electronic mail.

| | |
|---|---|
| William P. Thomas<br>Andrew B. Schrack<br>Butler Snow LLP<br>6075 Poplar Avenue, Suite 500<br>Memphis, TN  38119<br>T: 901.680.7200<br>will.thomas@butlersnow.com<br>andrew.schrack@butlersnow.com<br>*Attorneys for Defendant Xpedient Management Group, LLC* | Sean W. Martin<br>Michael J. Petherick<br>Carr Allison<br>633 Chestnut Street, Suite 2000<br>Chattanooga, TN  37450<br>T: 423.648.9832<br>swmartin@carrallison.com<br>mpetherick@carrallison.com<br>*Attorneys for Defendant St. Paul Fire and Marine Insurance Company* |
| Douglas F. Halijan<br>Elena R. Mosby<br>Burch Porter & Johnson, PLLC<br>130 North Court Avenue<br>Memphis, TN  38103<br>T: 901.524.5000<br>dhalijan@bpjlaw.com<br>emosby@bpjlaw.com<br>*Attorneys for Plaintiff Agilent* | S. Joe Welborn<br>Smith Cashion & Orr, PLC<br>3100 West End Ave., Suite 800<br>Nashville, TN  37203<br>T: 615.742.8586<br>F: 615.742.8556<br>jwelborn@smithcashion.com<br>*Attorneys for Factory Mutual Insurance Company* |

                                             */s/ Margaret C. McDonald*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| AGILENT TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:25-cv-02101-MSN-cgc |
| ) | |
| XPEDIENT MANAGEMENT GROUP, LLC and ) | Judge Mark C. Norris |
| ST. PAUL FIRE AND MARINE INSURANCE ) | Magistrate Judge Charmiane Claxton |
| COMPANY, ) | |
| ) | |
| Defendants ) | |
| ) | |
| XPEDIENT MANAGEMENT GROUP, LLC., ) | |
| ) | |
| Cross-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ST. PAUL FIRE AND MARINE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Cross-Defendant ) | |
| ) | |
| FACTORY MUTUAL INSURANCE CO., as ) | |
| subrogee of Agilent Technologies, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:25-cv-02424-MSN-tmp |
| v. ) | |
| ) | |
| XPEDIENT MANAGEMENT GROUP, LLC and ) | |
| ST. PAUL FIRE AND MARINE INSURANCE ) | |
| COMPANY ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
TO ST. PAUL FIRE AND MARINE INSURANCE COMPANY**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Agilent Technologies, Inc., by and through its undersigned counsel, hereby requests that Defendant St. Paul Fire and Marine Insurance Company, ("St. Paul") produce for inspection and copying the documents and things specified herein within thirty (30) days of the date of service, at the offices of the undersigned counsel.

## **DEFINITIONS**

In responding to these Requests for Production of Documents (the "Requests"), Xpedient shall use the definitions set forth below:

1. "Agilent" or "Plaintiff" means Plaintiff Agilent Technologies, Inc.

2. "You," "Your," or "St. Paul" means St. Paul Fire and Marine Insurance Company and/or its affiliates, subsidiaries, divisions, departments, predecessors, successors, current and former parent companies, and their directors, managers, officers, Employees, agents, representatives, investigators, consultants, and attorneys, as well as any other Person acting, authorized to act, or purporting to act on St. Paul's behalf now or in the past, including Colliers International Group Inc.

3. "Xpedient" means Defendant Xpedient Management Group, LLC and/or its affiliates, subsidiaries, divisions, departments, predecessors, successors, current and former parent companies, and their directors, managers, officers, Employees, agents, representatives, investigators, consultants, and attorneys, as well as any other Person acting, authorized to act, or purporting to act on Xpedient's behalf now or in the past.

4. "Concerning" shall mean relating to, referring to, describing, pertaining to, mentioning, involving, identifying, stating, dealing with, commenting on, responding to, discussing, depicting, analyzing, interpreting, containing, evidencing, reflecting, demonstrating, proving, disproving, undermining, or constituting.

5. "Communication" or "Communications" shall mean any transmission of information of any kind, orally, electronically, in writing, or in any other manner, at any time or place and under any circumstances whatsoever.

6. "Cromwell Warehouse" means the warehouse located at 4601 Cromwell Avenue, Memphis, Tennessee 38118.

7. "Document" or "Documents" shall mean all materials discoverable under Rules 26 and 34 of the Federal Rules of Civil Procedure, including without limitation "electronically stored information," as that term is used in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or nonidentical copy is a separate document within the meaning of this term.

8. "Employee" or "Employees" means all current or former salaried employees, hourly employees, independent contractors, and individuals performing work as temporary employees.

9. "Person" or "Persons" shall mean, without limitation, any natural person, company, firm, syndicate, sole proprietorship, partnership, corporation, limited liability company, limited liability partnership, joint venture, association, trust, financial institution, governmental body or agency, and all past and present officers, directors, Employees, partners, members, agents, and representatives, along with all other Persons acting or purporting to act on such Person's behalf.

10. "Water Intrusion Event" means the January 17, 2024 water intrusion event at the Cromwell Warehouse.

11. The terms "and" and "or" shall be read in the disjunctive, conjunctive, or both as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

12. "Any" and "All" shall be construed to mean, "any," "all," and "any and all."

13. Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

14. The Definitions contained herein shall apply without regard to capitalization of defined words.

## INSTRUCTIONS

1. In accordance with the applicable Federal Rules of Civil Procedure, these Requests call for the production of all responsive Documents within Your possession, custody, or control,

even if those Documents are not within Your actual possession or the possession of Your agents or attorneys.

2. If a Request calls for Documents that are no longer in Your possession, custody or control, please state:

    a. when such Documents were most recently in Your possession, custody, or control;

    b. what disposition You made of them;

    c. the identity of the Person or Persons presently in possession, custody, or control of such Documents;

    d. the identity of any Persons referred to in the Documents or sent a copy of the documents; and

    e. if the Documents have been destroyed, identify the Person who destroyed the Documents and the Person who directed that the Documents be destroyed, state when they were destroyed, and state the reason(s) the Documents were destroyed.

3. If St. Paul objects to a Request on the ground that it seeks privileged Documents, please produce all Documents or portions thereof that are not privileged or to which St. Paul does not object. For each Document or portion thereof that St. Paul withholds from production on the ground that it is privileged, state the following:

    a. the nature of the Document in sufficient detail so that it may be identified;

    b. the date, if any, appearing on the Document;

    c. the number of pages comprising the Document;

    d. the identity of each Person who wrote, dictated or otherwise participated in the preparation of the Document;

    e. the identity of each Person who received or reviewed the Documents;

    f. the identity of each Person having custody of the Document; and

      g.      the specific nature of the privilege which St. Paul claims applies to the Documents and the basis for the claim.

4. These Requests shall be deemed continuing to the fullest extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure, so that St. Paul is required to make a further and supplemental production if St. Paul obtains additional responsive Documents between the time of initial production and the time of trial.

5. The paragraphs and subparagraphs herein shall not be construed by or with reference to any other paragraph or subparagraph in a manner that limits the scope of any particular Request or the subject matter thereof.

6. Where an objection is made to any Request or any subpart thereof, the objection shall state with specificity all grounds. No part of a Request shall be left unanswered merely because an objection is interposed to another part of the Request.

7. In the event that St. Paul objects to the production of any Document responsive to a particular Request by asserting that a portion of the Request is overbroad, seeks irrelevant information, or is unduly burdensome, St. Paul is requested to produce those Documents that are responsive to the portion of the Request to which St. Paul does not object.

8. The Documents produced in response to these Requests shall be produced as they are kept in the ordinary course of business and shall be organized so that Agilent can ascertain the files in which they were located, their relative order in such files, and how such files were maintained.

9. Documents are to be produced in full and unexpurgated form without abbreviation or redaction.

10. Agilent reserves the right to serve supplemental requests for the production of documents.

11. Unless otherwise specified, the relevant time period for these requests shall be from January 1, 2023 to the date of production, and shall include all Documents that relate in whole or

in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received prior to that period.

## SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

16.  All Documents and Communications Concerning Memphis, Light, Gas and Water Division (MLGW) Account No. 00040-5512-1359-730 from January 1, 2023 to the present, including but not limited to, payment records and receipts, and Documents reflecting the account holder's name and address.

17.  All Documents and Communications Concerning Memphis, Light, Gas and Water Division (MLGW) Account No. 00040-5512-1359-734 from January 1, 2023 to the present, including but not limited to, payment records and receipts, and Documents reflecting the account holder's name and address.

18.  All Documents and Communications Concerning Memphis, Light, Gas and Water Division (MLGW) Account No. 00040-5512-1359-732 from January 1, 2023 to the present, including but not limited to, payment records and receipts, and Documents reflecting the account holder's name and address.

19.  All Documents and Communications Concerning Memphis, Light, Gas and Water Division (MLGW) Account No. 00040-5512-1359-729 from January 1, 2023 to the present, including but not limited to, payment records and receipts, and Documents reflecting the account holder's name and address.

20.  All Documents and Communications Concerning the use, purchase, rental, installation, or operation of space heaters or portable heaters at the Cromwell Warehouse from January 1, 2023 to the present.

21.  All Documents and Communications exchanged between You and Crowe Heating & Air Conditioning from January 1, 2023 to the present Concerning the Cromwell Warehouse.

22.  All Documents and Communications exchange between You and W.A. Soefker & Sons, Inc. from January 1, 2023 to the present Concerning the Cromwell Warehouse.

23. All Documents and Communications Concerning the condition of the Cromwell Warehouse from January 1, 2023 to the present, including all reports and Documents created by insurers and inspectors of any kind.

24. All Documents and Communications evidencing all actions taken from January 1, 2023 to the present to ensure that the HVAC system serving the Cromwell Warehouse was operational, including, without limitation, Documents evidencing the dates of each action, the identity and job title of each person involved, the nature and results of any inspections, tests, maintenance, adjustments, repairs, or replacements, any changes to thermostat settings, control sequences, or zones, any work performed by third-party contractors or vendors, any Communications regarding heat complaints or performance; and all documents, work orders, service tickets, or logs reflecting the foregoing.

25. All Documents and Communications Concerning complaints about the temperature of the Cromwell Warehouse from January 1, 2023 to the present.

26. All Documents and Communications that You relied on in answering Agilent's First Set of Special Interrogatories.

27. All Documents and Communications that You Identified in response to Agilent's First Set of Special Interrogatories.

28. All Documents and Communications that You relied on to answer Agilent's First Set of Requests for Admissions.

DATED: December 22, 2025                Respectfully submitted,

*s/ Margaret C. McDonald*
Amber Finch (#222321) (admitted *pro hac vice*)
Margaret C. McDonald (#307008) (admitted *pro hac vice*)
REED SMITH LLP
515 South Flower, Suite 4300
Los Angeles, CA 90071
Telephone: 213-457-8000
Facsimile: 213-457-8080

afinch@reedsmith.com
mcmcdonald@reedsmith.com

Douglas F. Halijan (BPR # 16718)
Elena R. Mosby (BPR # 40562)
BURCH PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, TN 38103
Telephone: 901-524-5000
Facsimile: 901-524-5024
dhalijan@bpjlaw.com
emosby@bpjlaw.com

*Attorneys for Plaintiff Agilent Technologies, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 22, 2025, I caused a copy of the above and foregoing document to be served on all counsel by electronic mail.

| | |
|---|---|
| William P. Thomas<br>Andrew B. Schrack<br>Butler Snow LLP<br>6075 Poplar Avenue, Suite 500<br>Memphis, TN  38119<br>T: 901.680.7200<br>will.thomas@butlersnow.com<br>andrew.schrack@butlersnow.com<br>*Attorneys for Defendant Xpedient Management Group, LLC* | Sean W. Martin<br>Michael J. Petherick<br>Carr Allison<br>633 Chestnut Street, Suite 2000<br>Chattanooga, TN  37450<br>T: 423.648.9832<br>swmartin@carrallison.com<br>mpetherick@carrallison.com<br>*Attorneys for Defendant St. Paul Fire and Marine Insurance Company* |
| Douglas F. Halijan<br>Elena R. Mosby<br>Burch Porter & Johnson, PLLC<br>130 North Court Avenue<br>Memphis, TN  38103<br>T: 901.524.5000<br>dhalijan@bpjlaw.com<br>emosby@bpjlaw.com<br>*Attorneys for Plaintiff Agilent* | S. Joe Welborn<br>Smith Cashion & Orr, PLC<br>3100 West End Ave., Suite 800<br>Nashville, TN  37203<br>T: 615.742.8586<br>F: 615.742.8556<br>jwelborn@smithcashion.com<br>*Attorneys for Factory Mutual Insurance Company* |

                                                    */s/ Margaret C. McDonald*