# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| **AGILENT TECHNOLOGIES, INC.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | No. 2:25-cv-02101 |
| v. | * | |
| | * | JURY DEMAND |
| **XPEDIENT MANAGEMENT GROUP, LLC** | * | |
| and **ST. PAUL FIRE AND MARINE** | * | |
| **INSURANCE COMPANY,** | * | |
| | * | |
| Defendants. | * | |

| | | |
|---|---|---|
| **FACTORY MUTUAL INSURANCE** | * | |
| **COMPANY,** as subrogee of Agilent | * | |
| Technologies, Inc., | * | |
| | * | |
| Plaintiff, | * | |
| | * | No. 2:25-cv-02424 |
| v. | * | |
| | * | JURY DEMAND |
| **XPEDIENT MANAGEMENT GROUP, LLC,** | * | |
| and **ST. PAUL FIRE AND MARINE** | * | |
| **INSURANCE COMPANY,** | * | |
| | * | |
| Defendants. | * | |

**DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF AGILENT TECHNOLOGIES, INC.'S MOTION TO COMPEL DISCOVERY RESPONSES, TO DEEM OBJECTIONS WAIVED, AND TO RECOVER EXPENSES AND FEES**

COMES NOW the Defendant, St. Paul Fire and Marine Insurance Company ("St. Paul"), to submit its Response in Opposition to Plaintiff Agilent Technologies, Inc.'s ("Agilent") Motion to Compel Discovery Responses from St. Paul, to Deem Objections Waived, and to Recover Expenses and Fees ("Motion to Compel") [Doc 96].

## SUMMARY OF ARGUMENT

Agilent's Motion to Compel should be denied. That motion is now moot since St. Paul served its responses. Further, there are not sufficient grounds for deeming St. Paul's objections waived or awarding expenses and attorneys' fees.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a water loss that occurred at a warehouse located at 4601 Cromwell Avenue, Memphis, Tennessee 38118 (the "Cromwell Warehouse") on January 17, 2024. [Doc 73 ¶¶ 22, 60-62]. At the time of that incident, the Cromwell Warehouse was owned by St. Paul and leased to Defendant Xpedient Management Group, LLC ("Xpedient"). [*Id.* ¶¶ 3, 23]. Xpedient contracted with Agilent to store its inventory of pipette tips at the Cromwell Warehouse. [*Id.* ¶¶ 19-23]. On January 17, 2024, there was a deep freeze in Memphis which caused water pipes in the Cromwell Warehouse to burst and cause damage to Agilent's inventory. [*Id.* ¶¶ 60-65]. Agilent claims that "over $8.5 million worth of tips were found to have been damaged and/or destroyed as a result" of the January 17, 2024 event. [*Id.* ¶ 73].

Agilent filed its Complaint against Xpedient and St. Paul on January 30, 2025. [Doc 1]. After conducting a scheduling conference, the Court entered its Scheduling Order on August 27, 2025. [Doc 59]. As required by that order, the parties mediated on December 11, 2025. [Doc 89]. Ultimately, that mediation was unsuccessful. [*Id.*].

Shortly after the unsuccessful mediation, Agilent served its First Set of Special Interrogatories to St. Paul, its First Set of Requests for Admission to St. Paul, and its Second Set of Requests for Production to St. Paul on December 22, 2025. [Doc 96-2].[1] In those discovery

---

[1] Agilent also served written discovery on Xpedient that same day. Notably, Xpedient's responses to the written discovery were not served until February 4, 2026, which is past the 30 days allotted under *Fed. R. Civ. P.* 33, 34, and 36. [Doc 91]; [Doc 92].

- 2 -

requests, Agilent sought detailed information and a substantial amount of documentation pertaining to the Cromwell Warehouse and its operation. [*Id.*]. St. Paul timely served responses to Agilent's First Set of Requests for Admission on January 21, 2026. [Notice of Filing, Exhibit 1]. At that time, responses to Agilent's First Set of Special Interrogatories and Second Set of Requests for Production of Documents were outstanding.

Just one business day after responses to those written discovery requests were due, Agilent's counsel sent an email inquiring about the responses and asserting that, if the responses were not served, that would result in waiver of any defenses to the discovery. [Doc 96-3, PageID 718]. On February 4, 2026,[2] Agilent's counsel sent another email inquiring about the responses, acknowledging that the *Local Rules* require a meet-and-confer[3] before filing a motion to compel, and stating that he would file a motion to compel just two days after that email. [*Id.*, PageID 720]. The next day, St. Paul's counsel sent an email acknowledging the outstanding discovery responses, explaining that the responses would likely not be prepared by the date Agilent would file a motion to compel, and explaining extenuating circumstances that interfered with St. Paul's counsel completing the responses—namely, a week-long jury trial set to begin on February 9, 2026 which was continued just earlier that day. [*Id.* 96-3, PageID 722]. On February 11, 2026, Agilent's counsel sent an email inquiring about the status of the outstanding responses, requesting a date certain for when the responses would be served, advising again that a motion to compel would be filed within two business days, and expressing that his client's expert disclosure deadline was

---

[2] Notably, that was the same day that the co-defendant, Xpedient, served responses to written discovery.

[3] *Local Rule* 7.2(a)(1)(B) requires counsel for all parties to participate in a "conference" before filing such a motion. *Local Rule* 7.2(a)(1)(B). Beyond some emails that were exchanged, no conference took place until counsel for all parties had a videoconference on February 25, 2026 to discuss the status of discovery.

approaching soon. [*Id.*, PageID 729]. The next morning, St. Paul's counsel sent an email acknowledging the February 11, 2026 email, stating that he would confer with his client and obtain a date certain for when Agilent would receive the responses, and offering to agree to a reasonable extension of Agilent's expert disclosure deadline to give it time to review St. Paul's discovery responses. [*Id.*, PageID 733]. Nevertheless, and before St. Paul's counsel could provide the date certain for the responses, Agilent filed its Motion to Compel on February 13, 2026.[4] [*Id.*]. In that motion, Agilent asks that the Court compel St. Paul to respond to Agilent's written discovery, to declare that any objections to the written discovery are waived, and to award expenses and attorneys' fees. [*Id.*]. After that motion was filed, St. Paul conferred with Agilent's counsel by videoconference on February 25, 2026 and St. Paul's counsel advised that the discovery responses were being finalized the following day. St. Paul's discovery responses have now been served. [Notice of Filing, Exhibits 2 and 3].

## LAW AND ARGUMENT

Agilent's Motion to Compel should be denied. St. Paul has now served responses to Agilent's written discovery and the Motion to Compel is therefore moot. The Court cannot compel St. Paul to respond to written discovery when it has already served responses.

Moreover, the Court should deny Agilent's request that the Court declare that St. Paul's objections to Agilent's written discovery are waived. Although *Fed. R. Civ. P.* 33(b)(4) states that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure," federal courts possess the "the discretion to relieve a late-responding party from the

---

[4] On February 25, 2026, the Court entered its Order Granting Plaintiff's Motion to Compel. [Doc 99]. In that order, the Court granted Agilent's Motion to Compel on the basis that St. Paul did not file a response to the motion within the 14 days required under the *Local Rules*. [*Id.*]. Given that St. Paul's Response was not due until February 27, 2026, St. Paul intends to file a motion for relief from that order and to set it aside.

potentially harsh consequences of waiver." *State Nat'l Ins. Co. v. 6317 Flora Ave. LLC*, No. 2:25-cv-01358 SB (ADSx), 2025 U.S. Dist. LEXIS 174961, at *4 (C.D. Cal. Sep. 5, 2025); *see also Spectrum Scientifics, LLC v. Celestron Acquisition*, LLC, No. 20-cv-03642-EJD (VKD), 2020 WL 7352644, 2020 U.S. Dist. LEXIS 236723, at *5 (N.D. Cal. Dec. 15, 2020) (finding good cause to excuse a 24-day delay in serving discovery responses). "To determine whether there is good cause to find objections are not waived, courts consider (1) the length of delay, (2) the reason for delay, (3) the existence of bad faith, (4) the prejudice to the party seeking waiver, (5) the nature of the request, and (6) the harshness of imposing sanctions." *State Nat'l Ins. Co.*, 2025 U.S. Dist. LEXIS 174961, at *4  (citing *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005) and *Karr v. Napolitano*, No. C 11-02207 LB, 2012 U.S. Dist. LEXIS 75709, 2012 WL 1965855, at *5 (N.D. Cal. May 13, 2012)); *see also James v. Cuyahoga Cty.*, 648 F. Supp. 3d 897 (N.D. Ohio 2022) (using a similar test to determine whether good cause exists).  Here, the length of the delay, although not ideal, was not substantial, and was not caused by any act of bad faith.  St. Paul exercised diligence in updating Agilent on the status of the responses and even offered to agree to a reasonable extension of Agilent's expert disclosure deadline so that Agilent and its experts could review the responses. Moreover, the responses were served well before the deadline for fact discovery.  Finally, and as noted in certain objections raised in response to Agilent's written discovery, certain discovery Agilent served is overly broad and unduly burdensome in its scope.  As noted in those objections and responses, St. Paul merely owned and did not operate the Cromwell Warehouse, and certain discovery seeks information and documentation a third-party, rather than St. Paul, possesses. Under these circumstances, waiver of objections is unnecessarily harsh and the Court should deny Agilent's request.

Case 2:25-cv-02101-MSN-cgc   Document 100   Filed 02/27/26   Page 6 of 8
PageID 748

Finally, the Court should deny Agilent's request for expenses and attorneys' fees incurred in bringing its motion. Although courts possess the authority to award expenses and attorneys' fees incurred in connection with motions to compel, they possess the authority to deny requests for attorneys' fees where they deem it appropriate. *See State Nat'l Ins. Co.*, 2025 U.S. Dist. LEXIS 174961, at *4 (denying a similar request for attorneys' fees). Even if the Court were to deploy an analysis under *Fed. R. Civ. P.* 37(a)(5), federal courts "must not order" an award of expenses and attorneys' fees if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Fed. R. Civ. P.* 37(a)(5)(i)-(iii). St. Paul has acted in good faith in attempting to satisfy its discovery obligations, has made efforts to update Agilent on the status of outstanding discovery responses, has offered to agree to extensions of certain case management deadlines to cure any potential prejudice caused by the delayed responses, and St. Paul has now provided responses to the discovery. Under these circumstances, the Court should deny Agilent's request for expenses and fees.

## CONCLUSION

Agilent's Motion to Compel should be denied. St. Paul has now provided responses to Agilent's written discovery and Agilent's requests that the Court deem St. Paul's objections to be waived and award expenses and attorneys' fees should be denied. Accordingly, St. Paul respectfully requests that the Court enter an order denying Agilent's Motion to Compel [Doc 96] in its entirety.

Respectfully submitted,

**CARR ALLISON**

BY: /s/ Michael J. Petherick
    **SEAN W. MARTIN, BPR #020870**
    **MICHAEL J. PETHERICK, BPR #036155**
    Attorneys for St. Paul
    633 Chestnut Street, Suite 2000
    Chattanooga, TN 37450
    (423) 648-9832 / (423) 648-9869 FAX
    swmartin@carrallison.com
    mpetherick@carrallison.com

## CERTIFICATE OF SERVICE

      I hereby certify that on February 27, 2026, I electronically filed **DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF AGILENT TECHNOLOGIES, INC.'S MOTION TO COMPEL DISCOVERY RESPONSES, TO DEEM OBJECTIONS WAIVED, AND TO RECOVER EXPENSES AND FEES** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Elena R. Mosby
Douglas F. Halijan
Burch, Porter & Johnson PLLC
130 North Court Avenue
Memphis, TN 38103

Amber S. Finch
Margaret Clemans McDonald
Reed Smith, LLP
515 South Flower Street, Suite 4300
Los Angeles, CA 90071

Andrew B. Schrack
Butler Snow LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119

S. Joe Wellborn
Jefferson C. Orr
Brenden T. Holbrook
Smith Cashion & Orr, PLC
3100 West End Avenue, Suite 800
Nashville, TN 37203

                                              BY: /s/ Michael J. Petherick
                                                 **MICHAEL J. PETHERICK, BPR #036155**