**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **AGILENT TECHNOLOGIES, INC.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | No. 2:25-cv-02101 |
| v. | * | |
| | * | JURY DEMAND |
| **XPEDIENT MANAGEMENT GROUP, LLC** | * | |
| **and ST. PAUL FIRE AND MARINE** | * | |
| **INSURANCE COMPANY,** | * | |
| | * | |
| Defendants. | * | |

| | | |
|---|---|---|
| **FACTORY MUTUAL INSURANCE** | * | |
| **COMPANY, as subrogee of Agilent** | * | |
| **Technologies, Inc.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | No. 2:25-cv-02424 |
| v. | * | |
| | * | JURY DEMAND |
| **XPEDIENT MANAGEMENT GROUP, LLC,** | * | |
| **and ST. PAUL FIRE AND MARINE** | * | |
| **INSURANCE COMPANY,** | * | |
| | * | |
| Defendants. | * | |

**DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S**
**RESPONSE TO PLAINTIFF AGILENT TECHNOLOGIES, INC.'S FIRST**
**SET OF REQUESTS FOR ADMISSIONS**

COMES NOW the Defendant, St. Paul Fire and Marine Insurance Company ("St. Paul"),

to submit its Response to Plaintiff Agilent Technologies, Inc.'s First Set of Requests for

Admissions pursuant to *Fed. R. Civ. P.* 26 and 36.

**REQUEST NO. 1:** Admit that from July 15, 2023 to April 1, 2024 the gas meter at the

Cromwell Warehouse was locked.

**RESPONSE: After making a reasonable inquiry, the information known or readily obtainable by St. Paul is insufficient to enable St. Paul to admit or deny the matters referred to in Request No. 1.**

**REQUEST NO. 2:** Admit that at least ninety (90) days prior to the Water Intrusion Event, You knew that the gas meter servicing the Cromwell Warehouse was locked.

**RESPONSE: Denied.**

**REQUEST NO. 3:** Admit that in the ninety (90) days prior to the Water Intrusion Event, You did not inform Agilent that the gas meter at the Cromwell Warehouse was locked.

**RESPONSE: Denied as stated.**

**REQUEST NO. 4:** Admit that at the time of the Water Intrusion Event, portable heaters were located in or near the vacant subsection of the Cromwell Warehouse.

**RESPONSE: After making a reasonable inquiry, the information known or readily obtainable by St. Paul is insufficient to enable St. Paul to admit or deny the matters referred to in Request No. 4.**

**REQUEST NO. 5:** Admit that at the time of the Water Intrusion Event, You or Your agent had directed the placement of the portable heaters located in or near the vacant subsection of the Cromwell Warehouse.

**RESPONSE: Denied.**

**REQUEST NO. 6:** Admit that at the time of the Water Intrusion Event, no portable heaters were placed in or near the subsection of the Cromwell Warehouse leased to Xpedient.

**RESPONSE: After making a reasonable inquiry, the information known or readily obtainable by St. Paul is insufficient to enable St. Paul to admit or deny the matters referred to in Request No. 6.**

**REQUEST NO. 7:** Admit that from July 15, 2023 to April 1, 2024, the Heating, Ventilation, and Air Conditioning ("HVAC") system serving the Cromwell Warehouse was not providing.

- 2 -

**RESPONSE: After making a reasonable inquiry, the information known or readily obtainable by St. Paul is insufficient to enable St. Paul to admit or deny the matters referred to in Request No. 7.**

**REQUEST NO. 8:** Admit that at least ninety (90) days prior to the Water Intrusion Event, You knew that the HVAC system at the Cromwell Warehouse was not providing heat.

**RESPONSE: Denied.**

**REQUEST NO. 9:** Admit that in the ninety (90) days prior to the Water Intrusion Event, You did not inform Agilent that the HVAC system at the Cromwell Warehouse was not providing heat.

**RESPONSE: Denied as stated.**

**REQUEST NO. 10:** Admit that from January 1, 2023 to January 17, 2024, the sprinkler system at the Cromwell Warehouse did not have an antifreeze solution, insulated covering, frostproof castings, working heat tracing systems, or low temperature alarms.

**RESPONSE: After making a reasonable inquiry, the information known or readily obtainable by St. Paul is insufficient to enable St. Paul to admit or deny the matters referred to in Request No. 10.**

Respectfully submitted,

**CARR ALLISON**

BY: _____

**SEAN W. MARTIN, BPR #020870**
**MICHAEL J. PETHERICK, BPR #036155**
Attorneys for St. Paul
633 Chestnut Street, Suite 2000
Chattanooga, TN 37450
(423) 648-9832 / (423) 648-9869 FAX
swmartin@carrallison.com
mpetherick@carrallison.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that the foregoing document has been delivered to all counsel for parties in this cause by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by hand delivering same to each such attorney as follows:

Elena R. Mosby, Esq.
Douglas F. Halijan, Esq.
Burch, Porter & Johnson, PLLC
130 North Court Ave.
Memphis, TN 38103

Amber S. Finch, Esq.
Margaret Clemans McDonald, Esq.
Reed Smith, LLP
515 South Flower St. Suite 4300
Los Angeles, CA 90071

Andrew B. Schrack, Esq.
Butler Snow LLP
6075 Poplar Ave., Suite 500
Memphis, TN 38119

S. Joe Wellborn, Esq.
Jefferson C. Orr, Esq.
Brenden T. Holbrook, Esq.
Smith Cashion & Orr, PLC
3100 West End Ave., Suite 800
Nashville, TN 37203

This 21st day of January, 2026.

BY: _____

**MICHAEL J. PETHERICK, BPR #036155**

- 4 -