# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| **AGILENT TECHNOLOGIES, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:25-cv-02101-MSN-cgc |
| ) | |
| **XPEDIENT MANAGEMENT GROUP, LLC** ) | **Judge Mark S. Norris** |
| and **ST. PAUL FIRE AND MARINE** ) | **Magistrate Judge Charmiane** |
| **INSURANCE COMPANY,** ) | **Claxton** |
| ) | |
| Defendants ) | |
| ) | |
| **XPEDIENT MANAGEMENT GROUP, LLC.,** ) | |
| ) | |
| Cross-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **ST. PAUL FIRE AND MARINE INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| Cross-Defendant ) | |
| ) | |
| **FACTORY MUTUAL INSURANCE CO.,** as ) | Case No. 2:25-cv-02424-MSN-tmp |
| subrogee of Agilent Technologies, Inc., ) | |
| ) | **JURY DEMANDED** |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **XPEDIENT MANAGEMENT GROUP, LLC** ) | |
| and **ST. PAUL FIRE AND MARINE** ) | |
| **INSURANCE COMPANY** ) | |
| ) | |
| Defendants. ) | |

**[PROPOSED] REPLY BRIEF OF PLAINTIFF AGILENT TECHNOLOGIES, INC. REGARDING ITS MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY, TO DEEM OBJECTIONS WAIVED, AND TO RECOVER EXPENSES AND FEES**

Plaintiff Agilent Technologies, Inc. ("Agilent" or "Plaintiff") respectfully submits this reply brief to clarify the status of discovery and address certain characterizations of fact or law in the Response filed by defendant St. Paul Fire and Marine Insurance Company on February 27, 2026.

1. Agilent filed its Motion to Compel on February 13, 2026 [Doc. 96]. The Court thereafter entered an order on February 25, 2026 [Doc. 99], granting the relief sought by Agilent and ordering Agilent to submit information concerning its attorney's fees within seven (7) days. Two days *after* the Order was entered, at approximately 4:00 p.m. on February 27, 2026, St. Paul filed a Response in Opposition to Agilent's Motion, accompanied by a Notice of Filing of the Discovery Responses at issue in the Motion to Compel [Docs. 100, 101]. Those Discovery Responses were served on Agilent at the same time—*five full weeks after they were due under the applicable Federal Rules of Civil Procedure*.

2. The Court thereafter entered an order vacating its prior Order granting Agilent's Motion to Compel on the grounds that it had been entered prior to St. Paul's deadline for responding to the underlying motion. [Doc. 102]. The Court thereafter set a hearing on the Motion to Compel for March 11, 2026. [Doc. 103.]

3. While the Order granting Agilent's motion has been vacated, the relief referred to therein should be awarded to Agilent following a full hearing on the merits. St. Paul has offered nothing that would justify its failure to serve its Discovery Responses within the time prescribed

2

under the Federal Rules or for having failed to seek, much less obtain, an extension of time to do so.[1]

4. In its Response, St. Paul seems to take the position that it was somehow entitled to unilaterally grant itself an extension of time to respond to Agilent's discovery requests without even asking Agilent or the Court. This is not how the Federal Rules of Civil Procedure work. *See, e.g.*, *Blevins-Clark v. Beacon Communities, LLC*, No. 5:22-CV-00281-GFVT-MAS, 2025 WL 2777872, at *15 (E.D. Ky. Sept. 26, 2025) ("A party is not entitled to ignore its discovery obligations."). Moreover, St. Paul glosses over or minimizes certain incontrovertible facts about the relevant timeline.

5. St. Paul's responses to the Discovery Requests were indisputably due no later than January 21, 2026. While St. Paul *did* serve its Responses to Agilent's Requests for Admission on that due date, it did not respond to the other Discovery Requests or even refer to them in its correspondence to Agilent's counsel with its Responses to the Requests for Admission.

6. As St. Paul puts it, Agilent's counsel then sent an email to St. Paul's counsel "[j]ust one business day after responses to those written discovery requests were due," *see Response*, at 3, as if there was something wrong with that, particularly given that St. Paul had timely served Responses to the accompanying Requests for Admission. **But more importantly, St. Paul never responded to that inquiry on January 21 from Agilent's counsel**.

---

[1] As explained in the original Motion, it is beyond dispute that a party has thirty days to respond to properly served interrogatories and requests for production of documents. Fed. R. Civ. P. Rules 33(b)(2), 34(b)(2)(A). Objections not made within that thirty-day period are waived. Fed. R. Civ. P. Rule 33(b)(4); Fed. R. Civ. P. 34(2)(A), (C); *Greene v. Cracker Barrel Old Country Store, Inc.*, No. CIV 09-2110-A/P, 2009 WL 1885641, at *2 (W.D. Tenn. July 1, 2009) (holding untimely objections to interrogatories and requests for production waived).

3

7. Having heard nothing, Agilent's counsel then sent to St. Paul a second written inquiry, which was emailed on February 4, 2026, twelve days after the original email. One of St. Paul's attorneys *did* respond to that email in writing the following day but stated merely that he "hope[d] to have [the Discovery Responses] . . . soon" without suggesting when that might be. (*Id.*)

8. Accordingly, on February 6, 2026, undersigned counsel wrote *again* and asked specifically when the Discovery Responses would be served. (*Id.*) Then, after having received no response from counsel for St. Paul to the February 6, 2026 email, undersigned counsel asked *one more time* on February 11, 2026, when the responses would be served and indicated that Agilent had no choice but to proceed with a motion to compel if St. Paul continued to ignore its discovery obligations under the Federal Rules of Civil Procedure.

9. Counsel for St. Paul replied to the e-mail the next day, February 12, 2026, explaining that he had been busy with another case and was attempting to finalize and serve discovery responses; however, *he still would not provide any date by which St. Paul would actually serve the long overdue Discovery Responses*. (*Id.*) Given no other choice, despite its repeated attempts to address the issue directly with counsel for St. Paul, Agilent proceeded to file the instant Motion to Compel.

10. In its Response, St. Paul offers no excuse for any of this other than referring briefly to what it characterizes as "extenuating circumstances" in the form of preparation for "a week-long jury trial set to begin on February 9, 2026."[2] Needless to say, counsel for Agilent and the other parties also have other cases. The fact that at least one of St. Paul's lawyers was getting ready for a trial during this period is not an "extenuating circumstance" that justifies St. Paul

---

[2] The trial referred to by St. Paul's counsel was apparently continued on February 4, 2026.

4

ignoring Agilent's initial inquiry on January 22, 2026, and then refusing to provide any indication of when the responses would be provided in Agilent's *three subsequent inquiries*, two of which were made after the other matter had apparently been continued.

11.  St. Paul's Response contains no apology for this delay, conceding only that the length of the delay "although not ideal, was not substantial" and was not in bad faith. Response, at 5. St. Paul goes on to suggest that Agilent was not prejudiced by St. Paul's five-week delay because it had suggested to counsel that it might agree to an extension of the expert disclosure deadlines in return for a similar extension. *Id.*; *cf. Edwards v. Aldi, Inc.*, No. 17-CV-10648, 2018 WL 2181082, at *3 (E.D. Mich. Jan. 8, 2018) ("Scheduling orders would be meaningless if one party could unilaterally extend the scheduling order by submitting untimely discovery and simply granting the other party the right to do the same.").

12.  And contrary to St. Paul's self-serving assertion, its delay of five weeks past the due date in responding to this discovery was, in fact, "substantial" given deadlines set in the Scheduling Order. Response, at 5. The fact that the Discovery Responses were finally served, as St. Paul puts it, "well before" the close of fact discovery on April 17, 2026 is of no moment, given that they were five weeks late when no extension had been requested or obtained.[3] As courts have observed, "some degree of prejudice is inherent in any significant delay of information that might lead to further relevant discovery." *Caldwell v. 9173-7999 Quebec, Inc.*, No. 18-CV-12752, 2019 WL 6907349 (E.D. Mich. Dec. 19, 2019) (discussing two-month delay). That is certainly the case

---

[3] In footnote 1 of its Response, St. Paul appears to raise some issue with the fact that Xpedient's responses to Agilent's discovery were filed on February 4, 2026, "past the 30 days allotted" by the Federal Rules. The difference is that Xpedient sought and obtained an extension of time via an agreement with Agilent to serve such responses before the deadline passed. St. Paul never sought, much less obtained, any extension and did not ultimately serve its responses until 4:00 p.m. on February 27, 2026.

5

here, as the deadline to complete all discovery, including depositions, is less than six weeks from now. [*See* Scheduling Order, Doc. 59.]

14. Remarkably, St. Paul also seems to suggest that Agilent somehow failed to meaningfully consult with it before filing the motion to compel. That is, while glossing over the facts that (a) St. Paul utterly *ignored* the deadline for responding to the Discovery Requests, and (b) Agilent sent multiple written inquiries over a period of two weeks before St. Paul's counsel would even engage on the issue, St. Paul nevertheless asserts that Agilent should have tried harder to "consult" on the issue before filing the motion to compel. Agilent would note that this is not a normal motion to compel about the *sufficiency* of responses. Instead, Agilent was forced to file this motion when **St. Paul refused to respond to its interrogatories and requests for production at all.** There was simply nothing further to confer about after Agilent repeatedly tried, and St. Paul repeatedly refused, to respond to Agilent's numerous inquiries about when the responses would be served.

14. St. Paul's Response, and the somewhat indignant tone thereof, is even more surprising now that St. Paul has finally responded to discovery. The Discovery Responses, which St. Paul has also filed with the Court [Docs. 101-2, 101-3], contain answers that, using identical verbiage, generally disclaim knowledge of and responsibility for the events at issue and identify third parties as having information or possible culpability. In response to the Requests for Production, St. Paul refers only to documents it previously produced or that have been produced by third parties in response to Agilent's subpoenas; it did not identify or produce a single additional document. Instead, St. Paul stated it will "produce further documentation *if needed*." [St. Paul's Responses to Agilent's Second Set of Requests for Production of Documents, Doc. No. 101-3, at 2–7.] Given that St. Paul's prior production consisted of less than 300 pages, it is hard to believe

6

that additional documents will not be "needed." In sum, Agilent is left to wonder *why St. Paul needed to take five weeks past the deadline if all it intended to do is this.*[4]

15.     Notwithstanding the clear dictates of Fed. R. Civ. P. 33(b)(4), St. Paul has lodged objections to several Interrogatories and Requests for Production. In its Response, St. Paul urges the Court to deny Agilent's request that its objections are waived but, as detailed above, has offered nothing close to "good cause" in support of such request. Indeed, as courts have recognized, to ignore "that an untimely response constitutes a waiver would completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences." *United States ex rel. Doyle v. Diversified Collection Servs., Inc.*, No. 2:04-CV-0053, 2006 WL 8442133 (S.D. Ohio Mar. 29, 2006) (quotation omitted). When a "defendant does not attempt to excuse, or even explain, its delay in respond to plaintiffs' discovery requests, a finding of waiver is appropriate." *Id.* (quotation omitted). Here, St. Paul has not come close to explaining why the terms of Fed. R. Civ. P. Rules 33(b)(2) and 34(b)(2)(A) should not apply on these facts. *See id.*; *see also Greene*, 2009 WL 1885641, at *2. St. Paul's objections to any of the Discovery Requests have been waived.

16.     Finally, St. Paul also argues that Agilent should not be awarded its attorney's fees and costs in connection with its motion to compel St. Paul to respond to written discovery. "[I]f a motion to compel is granted, the party whose conduct necessitated the motion must be ordered to pay the movant's reasonable expenses incurred in making the motion, absent substantial justification for the lack of response or other circumstances that would make an award of expenses unjust." *Hampton v. Madison Cnty.*, No. 1:18-CV-01191-STA-ATC, 2021 WL 6752207, at *2

---

[4] In a videoconference involving all counsel on March 4, 2026, counsel for St. Paul has indicated that St. Paul will be supplementing its Discovery Responses within seven (7) days.

(W.D. Tenn. Jan. 29, 2021) (citing Fed. R. Civ. P. 37(a)(5)(A)).  Agilent's Motion to Compel and the Court's Order would not have been necessary had St. Paul acted consistently with the Federal Rules to begin with.  Instead, it clearly ignored the applicable deadlines (which it knew about, of course, because it did respond to Agilent's Requests for Admission by the due date), and it initially ignored—and ultimately never fully answered—Agilent's multiple, weeks-long, unsuccessful attempts to determine when it would respond.  St. Paul filed its Discovery Responses (which it has subsequently promised to supplement) only *after* Agilent filed its Motion and this Court entered an Order thereon.  This is exactly the kind of situation in which a party in Agilent's position should be awarded its expenses and reasonable attorney's fees.

## CONCLUSION

Nothing in St. Paul's Response provide any excuse for its failure to respond within the time required by the Federal Rules, or its failure to request or obtain an extension of time to do so, or its failure to commit to respond after Agilent attempted to confer several times over a period of weeks to obtain a date by which the overdue Discovery Responses would be served.  Agilent's motion should be granted in its entirety.

Respectfully submitted this 5th day of March, 2026,

                Respectfully submitted,

                s/ Douglas F. Halijan
                Douglas F. Halijan (BPR # 16718)
                Elena R. Mosby (BPR # 40562)
                BURCH PORTER & JOHNSON, PLLC
                130 North Court Avenue
                Memphis, TN 38103
                Telephone: 901-524-5000
                Facsimile: 901-524-5024
                dhalijan@bpjlaw.com
                emosby@bpjlaw.com

Amber Finch (#222321) (admitted *pro hac vice*)
Margaret C. McDonald (#307008) (admitted *pro hac vice*)
Katherine P. Geotz (#346205) (admitted *pro hac vice*)
REED SMITH LLP
515 South Flower, Suite 4300
Los Angeles, CA 90071
Telephone: 213-457-8000
Facsimile: 213-457-8080
afinch@reedsmith.com
mcmcdonald@reedsmith.com
kgoetz@reedsmith.com

*Counsel for Plaintiff Agilent Technologies, Inc.*