# EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Tennessee

| AGILENT TECHNOLOGIES, INC. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:25-CV-02101-MSN-CGC |
| XPEDIENT MANAGEMENT GROUP, LLC AND ST. PAUL FIRE AND MARINE INSURANCE COMPANY | ) ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Memphis Light, Gas & Water Division
245 South Main Street, Memphis, TN 38103

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: 03/25/2026 1:00 pm |
|---|---|

The deposition will be recorded by this method: before court reporter. All or a portion may be video recorded.

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/06/2026

CLERK OF COURT

OR

s/ William P. Thomas

Signature of Clerk or Deputy Clerk          Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Xpedient Management Group, LLC, who issues or requests this subpoena, are:
William P. Thomas, c/o Butler Snow, LLP, 1020 Highland Colony Pkwy., Ste. 1400, Ridgeland, Mississippi 39157; (601) 985-4432; will.thomas@butlersnow.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:25-CV-02101-MSN-CGC

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"

## DEFINITIONS

A. "MLGW" means Memphis Light, Gas and Water Division and/or its affiliates, subsidiaries, divisions, departments, and their directors, managers, officers, employees, agents, representatives, investigators, consultants, and attorneys.

B. "Xpedient" means Defendant Xpedient Management Group, LLC.

C. "St. Paul" means St. Paul Fire and Marine Insurance Company.

D. "Colliers" means Colliers International Group, Inc. and/or its affiliates, subsidiaries, divisions, departments, predecessors, successors, and their directors, managers, officers, employees, agents, and/or representatives.

E. "Cromwell Warehouse" means the warehouse located at 4601 Cromwell Avenue, Memphis, Tennessee 38118.

F. "Communication" or "Communications" shall mean any transmission of information of any kind, orally, electronically, in writing, or in any other manner, at any time or place and under any circumstances whatsoever.

G. "Person" or "Persons" shall mean, without limitation, any natural person, company, firm, syndicate, sole proprietorship, partnership, corporation, limited liability company, limited liability partnership, joint venture, association, trust, financial institution, governmental body or agency, and all past and present officers, directors, employees, partners, members, agents, and representatives, along with all other Persons acting or purporting to act on such Person's behalf.

H. "Relevant Period" means May 1, 2023 through February 29, 2024.

I. "Account 730" means MLGW Account No. 00131-5328-1359-730.

J. "Account 729" means MLGW Account No. 00131-5328-1359-729.

K. "Account 732" means MLGW Account No. 00131-5328-1359-732.

L. Account 734" means MLGW Account No. 00131-5328-1359-734.

## TOPICS FOR EXAMINATION

1. The process in effect during 2023 and 2024 for initiating or activating natural gas service for a commercial customer, including: applications, inspections, approvals, permits, and/or procedures.

2. The identification, creation, maintenance, and meaning of all documents, notes, recordings, and data produced in response to the subpoena in this matter.

3. The circumstances surrounding the MLGW notes listed below, including the identity of the MLGW employee who entered each note, the meaning of any abbreviations or codes used, the action taken (if any) in response to the note, and whether any follow-up was required:

| Note # | Date | Bates Range |
| --- | --- | --- |
| 62391711 | 5/23/23 | MLGW 00620 |
| 62602682 | 6/9/23 | MLGW 00623-00624 |
| 64334281 | 10/9/23 | MLGW 00625 |
| 64694110 | 11/1/23 | MLGW 00626-0627 |
| 64760470 | 11/7/23 | MLGW 00628 |
| 64779738 | 11/7/23 | MLGW 00629 |

4. The circumstances surrounding the following service orders including who requested each service order, what work was performed, whether the service order was completed, canceled, or closed without completion, and the reason for such status:

| Service Order # | Date | Bates Range |
| --- | --- | --- |
| 45616574 | 5/25/23 | MLGW 00660-00662 |
| 45616576 | 5/25/23 | MLGW 00663-00665 |
| 45620097 | 5/26/23 | MLGW 00666-00668 |
| 45616564 | 5/25/23 | MLGW 00721-00723 |
| 46328313 | 10/10/23 | MLGW 00724-00725 |
| 46328314 | 10/10/23 | MLGW 00726-00728 |
| 46328301 | 10/10/23 | MLGW 00672-00674 |
| 46328299 | 10/10/23 | MLGW 00669-00671 |
| 46337802 | 10/10/23 | MLGW 00675-00677 |

| | | |
|---|---|---|
| 46337797 | 10/11/23 | MLGW 00444-00445 |
| 46384224 | 10/26/23 | MLGW 00447-00448 |
| 46384224 | 10/26/23 | MLGW 00472 |
| 46384221 | 10/26/23 | MLGW 00678-00681 |
| 46438130 | 11/13/23 | MLGW 00450-00451 |
| 46975717 | 5/1/24 | MLGW 00700-00701 |
| 46609773 | 1/18/24 | MLGW 00482-00486 |
| 46751639 | 2/26/24 | MLGW 00455-00456 |
| 46975705 | 5/1/24 | MLGW 00463-00464 |
| 47180574 | 6/25/24 | MLGW 00519 |

5. The process for changing, correcting, or updating a service address, suite designation, or account designation associated with an existing gas meter, including: approvals of property owner, inspections, applications, permits, and/or procedures.

6. The procedures required when a warehouse is subdivided into new suites and separate metering is requested, including any inspections or approvals required from the property owner.

7. All activity on Account No. 730 from May 1, 2023 until December 31, 2024, including but not limited to status codes, meter status, service orders generated, connect orders, disconnect orders, and/or account status changes.

8. All activity on Account No. 729 from May 1, 2023 until December 31, 2024, including but not limited to status codes, meter status, service orders generated, connect orders, disconnect orders, and/or account status changes.

9. All activity on Account No. 732 from May 1, 2023 until December 31, 2024, including but not limited to status codes, meter status, service orders generated, connect orders, disconnect orders, and/or account status changes.

10. All activity on Account No. 734 from May 1, 2023 until December 31, 2024, including but not limited to status codes, meter status, service orders generated, connect orders, disconnect orders, and/or account status changes.

11. The history of service addresses, suite numbers, and account designations in MLGW's system for 4601 Cromwell Avenue, including when any changes were made, who requested the change, and what documentation supported the change.

12. MLGW billing for Account No. 730 including gas charges associated with Meter #1001533 that first appeared on Xpedient's bill dated December 11, 2023, including when MLGW determined that Meter #1001533 served Suite 10 versus Suite 1, and the basis for that determination.

13. MLGW billing for Account No. 729 including gas charges associated with Meter #1001533 that appeared on Xpedient's bills from July 19, 2023 until October 23, 2023, including when MLGW determined that Meter #1001533 served Suite 10 versus Suite 1, and the basis for that determination.

14. All work orders, permits, service orders, connect orders, pressure tests, inspections and/or any other activity related to MLGW Meter #1001533, including any failed inspections, incomplete service orders, or conditions that prevented unlocking or activation.

15. Any communications, including recorded calls, emails, service requests, or field notes, between MLGW and Colliers or St. Paul relating to gas service, meter status, suite designation, or activation at 4601 Cromwell during the Relevant Period.

16. As of any date between May 19, 2023 and January 17, 2024, identify any conditions, requirements, or actions that had to be completed before Meter #1001533 could be unlocked to provide gas service, and identify which person or entity MLGW's records reflect was responsible for completing those conditions.

17. Whether at any time between May 19, 2023 and January 17, 2024 Meter #1001533 was eligible for unlocking or activation under MLGW policy, and if so: the date of eligibility, the reason it was eligible, the person or entity MLGW notified, and the method of notification.

18. Any request, instruction, or communication to disconnect, lock, or deactivate gas service at 4601 Cromwell from January 1, 2022 through January 17, 2024, including the identity of the requesting party.

99890409.v1