## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION AT MEMPHIS

| | | |
|---|---|---|
| AGILENT TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-02101-BCL-cgc |
| | ) | |
| XPEDIENT MANAGEMENT GROUP, LLC | ) | Judge Brian C. Lea |
| and ST. PAUL FIRE AND MARINE | ) | Magistrate Judge Charmiane |
| INSURANCE COMPANY, | ) | Claxton |
| | ) | |
| Defendants | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| XPEDIENT MANAGEMENT GROUP, LLC., | ) | |
| | ) | |
| Cross-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ST. PAUL FIRE AND MARINE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Cross-Defendant | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| FACTORY MUTUAL INSURANCE CO., as | ) | Case No. 2:25-cv-02424-BCL-tmp |
| subrogee of Agilent Technologies, Inc., | ) | |
| | ) | JURY DEMANDED |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| XPEDIENT MANAGEMENT GROUP, LLC | ) | |
| and ST. PAUL FIRE AND MARINE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF DOUGLAS F. HALIJAN

Pursuant to 28 U.S.C. § 1746, I, Douglas F. Halijan, provide the following testimony based on my personal knowledge:

1.      I am over the age of 18 and I am competent to testify to the matters stated in this declaration.

2.      I provide the testimony in this declaration in support of Agilent's recovery of attorney's fees from Defendant/Cross-Defendant St. Paul Fire and Marine Insurance Company ("St. Paul"), pursuant to this Court's Order Granting Plaintiff's Motion to Compel.  (ECF No. 117.)

3.      I am counsel of record for Plaintiff Agilent Technologies, Inc. ("Agilent"), along with Elena R. Mosby.  I have been licensed to practice law since 1992 and have been licensed in the State of Tennessee since 1994.

4.      I am a member of the law firm of Burch, Porter & Johnson, PLLC ("Burch Porter"), and presently serve as Managing Partner.  I have practiced at the firm since 1994 in the areas of commercial litigation and intellectual property law.  Prior to joining Burch Porter, I was an associate at a national law firm in Washington, DC and completed a judicial clerkship with Hon. Julia S. Gibbons, who was then Chief U.S. District Judge for the Western District of Tennessee.

5.      Ms. Mosby is an associate with the firm and has been licensed to practice law in the State of Tennessee since 2022.  She practices in the areas of commercial litigation and employment law. Prior to joining the firm, she completed judicial clerkships with Hon. Rhesa H. Barksdale of the United States Court of Appeals for the Fifth Circuit and Hon. Kristi H. Johnson of the Southern District of Mississippi.

6.    Ms. Mosby and I are admitted to practice before the United States District Court for the Western District of Tennessee.

7.    Attached as **Exhibit 1** is a true and correct copy of the Burch Porter invoices to Agilent for attorney's fees incurred in preparing, filing, and presenting oral argument on Agilent's Motion to Compel and this application following the Court's ruling. I am familiar with the billing procedure at Burch Porter and have reviewed the attached billing entries.

8.    Exhibit 1 has been redacted to protect privileged communications and attorney work product and to exclude fees for any services rendered that were not incurred in connection with Agilent's Motion to Compel.

9.    The time entries in Exhibit 1 are solely related to St. Paul's failure to timely respond to discovery and Agilent's corresponding Motion to Compel (ECF No. 99).

10.    On this matter, our agreed hourly rates are $575.00 per hour for me and $300.00 per hour for Ms. Mosby. I am familiar with the rates charged by attorneys in this jurisdiction with a commensurate amount of experience for the type and kind of work performed in matters such as this one. These rates are customary, reasonable, and consistent with the prevailing rates charged in the Memphis legal community. The rates charged are similar to the current rates being charged in Memphis for federal litigation of this sort by attorneys with similar training, experience, and expertise.

11.    Burch Porter billed Agilent based on the actual time spent on this case by Burch Porter's attorneys at the hourly rates referenced above. As reflected on Exhibit 1, the total amount spent on this discovery dispute totals $9,367.50.

12.    As reflected in Exhibit 1, Burch Porter spent 21.6 hours on this discovery dispute for a total cost of $9,367.50.

3

Under penalties of perjury, I declare that I have read the foregoing and that the facts stated in it are true and correct.

By: _____
Douglas F. Halijan

Date: _March 19, 2026_