**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**AGILENT TECHNOLOGIES, INC.,**

      **Plaintiff,**

**v.**                                                    **Case 2:25-cv-02101-BCL-cgc**

**XPEDIENT MANAGEMENT GROUP, LLC and
ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**

      **Defendants.**

---

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**

---

Before the Court, by way of Order of Reference (D.E. # 97), is Plaintiff Agilent Technologies, Inc.'s Motion to Compel discovery responses filed on February 13, 2026 (D.E. # 96). The Motion seeks an order compelling Defendant St. Paul Fire and Marine Insurance Company ("St. Paul") to produce responses to the Second Set of Requests for Production and First Set of Special Interrogatories propounded on December 22, 2025. Plaintiff also requests that objections be waived and that the costs of this Motion be assessed against St. Paul. St. Paul filed a notice of service of the discovery responses on February 16, 2026 (D.E. # 98) and a response in opposition to the motion on February 27, 2026 (D.E. # 100). Pursuant to notice, a hearing on the motion was held on March 12, 2026 via Teams videoconference. (D.E. # 117) Douglas Halijan, Elena Mosby and Margaret McDonald appeared for the plaintiff. Andrew Schrack and William Thomas appeared for defendant Xpedient Management Group, LLC. Atty Michael Petherick appeared for defendant St. Paul Fire and Marine Insurance Company. Atty Samuel Joseph Welborn appeared for Con Sol Plaintiff Factory Mutual Insurance Company.

"If the requested discovery is provided after [a motion to compel] was filed - the court must, after giving an opportunity to be heard, require the party… whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed.R.Civ.P 37(a)(5)(A) As it is undisputed that the requested discovery was not provided until after the motion to compel was filed, Plaintiff is awarded its reasonable expenses, including attorney's fees, incurred in making this Motion.  Within seven (7) days of the entry of this order, Plaintiff shall file its affidavit of fees and expenses[1].  St. Paul shall have seven (7) days thereafter in which to file any response indicating circumstances which would make an award of expenses unjust. A report and recommendation on the fee award will follow.

Plaintiff also seeks an order striking objections that St. Paul made to any of the discovery requests.  St. Paul responds that "the length of the delay was not substantial", that there was no bad faith, that the responses – while late – were served before the fact discovery deadline and that it would be "unnecessarily harsh" to waive the objections because some of the requests are "overly broad and unduly burdensome in its scope".  In its responses tendered on February 27, 2026, St. Paul objected to first set of special interrogatories interrogatory number 7 and 8 and second set of requests for production of documents request number 16, 17, 18, 19, 20, 23, 24 and 25. (D.E. # 101-2, PageID 762 and 763; # 101-3, PageID 766 – 771)

Fed. R. Civ. P. 33(b)(4) provides that "[a]ny ground not stated in a *timely* objection is waived unless the court, for good cause, excuses the failure." (emphasis added)    As to the two interrogatories, St. Paul objects that the interrogatories are "overly broad, unduly burdensome and

---

[1] Plaintiff filed its fee affidavit on March 19, 2026 (D.E. # 126)

not proportional to the needs of the case" before going on to respond "subject to and not waiving" the objection and reserving "the right to supplement its answer". "Boilerplate objections are 'known and detested by courts and commentators—and receiving parties—around the nation.' They typically include general language capable of fitting into any document because of a lack of specificity." <u>W. Express, Inc. v. Cathey</u>, No. 2:24-CV-02139-SHL-ATC, 2025 WL 2098598, at *3 (W.D. Tenn. July 25, 2025) (internal cites omitted)   There is no indication from the objection what specifically constitutes overbreadth, what way the interrogatories are unduly burdensome or how the interrogatories are not proportional to the needs of the case.   This renders the objections meaningless and striking them would not cause any harm to St. Paul.

Fed. R. Civ. P.   34 does not contain an express waiver of objections however it does require that responses must be made "within 30 days after being served" and that an objection "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(A) and (C).   The objections to requests 16, 17, 18, 19, 20, 23, 24 and 25 are ineffectual because they do not indicate what documents are being withheld on the basis of the objection.   Therefore, there is similarly no harm to St. Paul if the objections to the responses to request for production of documents are stricken as waived.

Plaintiff's motion to compel is **GRANTED**.


**IT IS SO ORDERED** this 20th day of March, 2026.


s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE


3