## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| AGILENT TECHNOLOGIES, INC., | * |
| | * |
| Plaintiff, | * |
| | * No. 2:25-cv-02101 |
| v. | * |
| | * JURY DEMAND |
| XPEDIENT MANAGEMENT GROUP, LLC, | * |
| and ST. PAUL FIRE AND MARINE | * |
| INSURANCE COMPANY, | * |
| | * |
| Defendants. | * |

## DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S
## INITIAL DISCLOSURES

COMES NOW the Defendant, St. Paul Fire and Marine Insurance Company ("St. Paul"), to submit its Initial Disclosures pursuant to and in accordance with *Fed. R. Civ. P.* 26(a)(1).

The following disclosures are based on information reasonably available to St. Paul as of the date of this disclosure. These disclosures are submitted without waiving St. Paul's right to object on any proper grounds to the use or admissibility of any such information in whole, or in part, at any time. St. Paul likewise reserves the right to supplement these disclosures as needed in accordance with the *Federal Rules of Civil Procedure.*

1. **Pursuant to *Fed. R. Civ. P.* 26(a)(1)(A)(i), the following is a list of individuals likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its defenses:**

   a. Plaintiff Agilent Technologies, Inc.—Agilent owned the allegedly damaged products at issue in this case and therefore has knowledge of that product, the relationships between the parties, the incident at issue in this lawsuit, and the injuries and the damages of the parties, if any.

   b. Factory Mutual Insurance Company—Factory Mutual insured Agilent at the time of the incident at issue in this lawsuit and therefore has knowledge of the

relationships between the parties, the incident at issue in this lawsuit, and the injuries and the damages of the parties, if any.

c. Defendant Xpedient Management Group, LLC—Xpedient contracted with Agilent to store its products and leased the premises at issue, and therefore has knowledge of the stored product, the relationships between the parties, and the injuries and the damages of the parties, if any.

d. Colliers Management Services – Memphis, LLC— Colliers Management Services – Memphis, LLC managed the premises at issue in this lawsuit and therefore has knowledge of the relationships between the parties and the injuries and the damages of the parties, if any.

e. St. Paul Fire and Marine Insurance Company—St. Paul owned the premises at issue in this lawsuit and leased it to Xpedient and therefore has knowledge of the premises, the relationships between the parties, and the injuries and the damages of the parties, if any.

f. Employees of the Memphis Fire Department—Employees of the Memphis Fire Department responded to and investigated the incident at issue in this lawsuit and therefore have knowledge of that incident's occurrence, its aftermath, and the injuries and the damages of the parties, if any.

g. Any Persons Identified in Other Parties' Initial Disclosures—St. Paul reserves the right to rely upon the knowledge of any persons identified in any other party's initial disclosures.

h. Any Person Identified in the Parties' Responses to Written Discovery—St. Paul reserves the right to rely upon the knowledge of any persons identified in the parties' responses to written discovery.

2. **Pursuant to *Fed. R. Civ. P.* 26(a)(1)(A)(ii), the following is a description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its defenses:**

a. The lease between St. Paul and Xpedient.

b. The management and leasing agreement between St. Paul and Colliers.

c. Work orders and job sheets related to the management of the premises at issue in this lawsuit.

d.  Communications related to the management of the premises at issue in this lawsuit.

e.  Memphis Fire Department Incident Report No. F2401170669.

f.  Photographs of the premises at issue in this lawsuit.

g.  Any materials identified in the other parties' initial disclosures.

h.  Any materials produced in discovery by any of the parties.

i.  Any materials produced by non-parties in response to a subpoena or an order from the Court.

j.  Any evidence required for impeachment.

**3.  Pursuant to *Fed. R. Civ. P.* 26(a)(1)(A)(iii), the following is a computation of each category of damages claimed by the disclosing party:**

a.  Not currently applicable. St. Paul reserves the right to supplement these disclosures as needed in accordance with the *Federal Rules of Civil Procedure*.

**4.  Pursuant to *Fed. R. Civ. P.* 26(a)(1)(A)(iv), the following is an insurance agreement under which any person or entity carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the action or to indemnify and reimburse for:**

a.  At the time of the incident at issue in this lawsuit, St. Paul had a policy of liability insurance issued by Zurich American Insurance Company, Policy No. GLA9310571-12, with effective dates of July 1, 2023 through July 1, 2024.

Respectfully submitted,

**CARR ALLISON**

BY: _____

**SEAN W. MARTIN, BPR #020870**
**MICHAEL J. PETHERICK, BPR #036155**
Attorneys for St. Paul
633 Chestnut Street, Suite 2000
Chattanooga, TN 37450
(423) 648-9832 / (423) 648-9869 FAX
swmartin@carrallison.com
mpetherick@carrallison.com

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, do hereby certify that the foregoing document has been delivered to all counsel for parties in this cause by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by hand delivering same to each such attorney as follows:

Elena R. Mosby
Douglas F. Halijan
Burch, Porter & Johnson PLLC
130 North Court Avenue
Memphis, TN 38103

Amber S. Finch
Margaret Clemans McDonald
Reed Smith, LLP
515 South Flower Street, Suite 4300
Los Angeles, CA 90071

Andrew B. Schrack
Butler Snow LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119

William P. Thomas
Butler Snow LLP
P.O. Box 6010
Ridgeland, MS 39158-6010

This __22__ day of _____, 2025.

BY: _____

**MICHAEL J. PETHERICK, BPR #036155**

- 4 -

## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

AGILENT TECHNOLOGIES, INC.,

    **Plaintiff,**

    **v.**                         **Case No. 2:25-cv-02101-MSN-cgc**

XPEDIENT MANAGEMENT GROUP,
LLC and ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

    **Defendants.**

XPEDIENT MANAGEMENT GROUP,
LLC

    **Cross-Plaintiff,**

    **v.**

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY

    **Cross-Defendant.**

## XPEDIENT MANAGEMENT GROUP, LLC'S
## RULE 26 INITIAL DISCLOSURES

Defendant/Cross-Plaintiff Xpedient Management Group, LLC ("Xpedient") submits the following Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. These disclosures are based upon information reasonably available to Xpedient as of this date. Pursuant to Federal Rule of Civil Procedure 26(e), Xpedient reserves the right to amend and supplement these disclosures as discovery progresses:

**Rule 26(a)(1)(A)(i): Provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information."**

Xpedient identifies the following individuals who may have knowledge relevant to the claims and defenses in this case:

| Name and Title | Subject Matter(s) |
|---|---|
| Mike St. Denis, Xpedient<br>    *may be contacted through counsel | Knowledge of the defenses asserted in the Answer and the allegations in the Cross-Claim |
| Nate Haynes, Xpedient<br>    *may be contacted through counsel | Knowledge of the defenses asserted in the Answer and the allegations in the Cross-Claim |
| Alicia Lyle, Xpedient<br>    *may be contacted through counsel | Knowledge of the defenses asserted in the Answer and the allegations in the Cross-Claim |
| Jamie Davis, Xpedient<br>    *may be contacted through counsel | Knowledge of the defenses asserted in the Answer and the allegations in the Cross-Claim |
| Dirk Updike, Xpedient<br>    *may be contacted through counsel | Knowledge of the defenses asserted in the Answer and the allegations in the Cross-Claim |
| Zach Livingston, Xpedient<br>    *may be contacted through counsel | Knowledge of the defenses asserted in the Answer and the allegations in the Cross-Claim |
| Christy McDaniel<br>    Current contact information unknown | Former employee of Agilent Technologies. Presumably has knowledge of the allegations in the Complaint. |
| Chris Mulryan<br>    Current contact information unknown | Former employee of Agilent Technologies. Presumably has knowledge of the allegations in the Complaint. |
| Donovan Sullivan<br>    Current contact information unknown | Former employee of Agilent Technologies. Presumably has knowledge of the allegations in the Complaint. |
| Lim Chee Beng<br>    *Presumably may be contacted through Agilent's counsel | Employee of Agilent Technologies. Presumably has knowledge of the allegations in the Complaint. |
| John Low<br>    *Presumably may be contacted through Agilent's counsel | Employee of Agilent Technologies. Presumably has knowledge of the allegations in the Complaint. |
| Shellie Moses<br>    *Presumably may be contacted through St. Paul's counsel | Employee of Colliers, as agent of St. Paul. Presumably has knowledge of the allegations in the defenses to the Cross-Claim. |

2

| Jessica Edmonds<br>*Presumably may be contacted through St. Paul's counsel | Employee of Colliers, as agent of St. Paul. Presumably has knowledge of the allegations in the defenses to the Cross-Claim. |
|---|---|

Any other person identified during the discovery process, including but not limited to the individuals identified in other parties' initial disclosures, during depositions, and/or through written discovery.

Discovery in this matter is ongoing, and Xpedient reserves the right to make additional disclosures as the identities of other individuals with discoverable knowledge become known. Xpedient specifically reserves the right to identify other individuals identified in Agilent's or St. Paul's initial disclosures who may have knowledge relevant to the claims and defenses in this case.

**Rule 26(a)(1)(A)(ii): Provide "a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings."**

Xpedient anticipates that it may rely upon the following documents and information being produced herewith in support of their claims and defenses in this matter:

1) All documents referenced in Agilent's Complaint;

2) All documents referenced in Xpedient's Cross-Claim;

3) Documents included in Agilent's initial disclosures;

4) Documents included in St. Paul's initial disclosures;

5) All agreements between Xpedient and Agilent;

6) All agreements between Xpedient and St. Paul; and

7) Communication involving Xpedient regarding the gas connection at the property, including the documents being produced as XMG_0001 through XMG_0208.

**Rule 26(a)(1)(A)(iii): Provide "a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered."**

3

Xpedient seeks compensatory damages against St. Paul equal to any compensatory damages sought by Agilent against Xpedient. Additionally, Xpedient seeks indemnity and an award of attorney fees and costs from St. Paul

**Rule 26(a)(1)(A)(iv): Provide "for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part of or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment."**

Xpedient is producing a copy of the relevant insurance policy, Bates stamped as XMG_0209 through XMG_0341.

RESPECTFULLY SUBMITTED, this the 30th day of July 2025.

*/s/ William P. Thomas*
William P. Thomas (MS 102209)
Andrew B. Schrack (TN 037624)
**Butler Snow LLP**
6075 Poplar Ave., Ste. 500
Memphis, TN 38119
T: 901-680-7200
F: 901-680-7201
will.thomas@butlersnow.com
andrew.schrack@butlersnow.com
*Attorneys for Defendant Xpedient Management Group, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via email on July 30, 2025.

*/s/ William P. Thomas*
William P. Thomas

95375876.v1

4