## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| **AGILENT TECHNOLOGIES, INC.,** | * |
| | * |
| Plaintiff, | * |
| | *     No. 2:25-cv-02101 |
| v. | * |
| | *     JURY DEMAND |
| **XPEDIENT MANAGEMENT GROUP, LLC** | * |
| **and ST. PAUL FIRE AND MARINE** | * |
| **INSURANCE COMPANY,** | * |
| | * |
| Defendants. | * |

| | |
|---|---|
| **FACTORY MUTUAL INSURANCE** | * |
| **COMPANY, as subrogee of Agilent** | * |
| **Technologies, Inc.,** | * |
| | * |
| Plaintiff, | * |
| | *     No. 2:25-cv-02424 |
| v. | * |
| | *     JURY DEMAND |
| **XPEDIENT MANAGEMENT GROUP, LLC,** | * |
| **and ST. PAUL FIRE AND MARINE** | * |
| **INSURANCE COMPANY,** | * |
| | * |
| Defendants. | * |

## DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S RESPONSE TO DECLARATION IN SUPPORT OF AN AWARD OF EXPENSES AND ATTORNEYS' FEES

COMES NOW the Defendant, St. Paul Fire and Marine Insurance Company, to submit its

Response to the Declaration in Support of an Award of Expenses and Attorneys' Fees [Doc 126]

in accordance with the Court's Order Granting Plaintiff's Motion to Compel [Doc 129] entered on

March 20, 2026.

**FACTUAL AND PROCEDURAL BACKGROUND**

As the Court is aware, this complex case arises from a water loss that occurred at a warehouse located at 4601 Cromwell Avenue, Memphis, Tennessee 38118 (the "Cromwell Warehouse") on January 17, 2024. [Doc 73 ¶¶ 22, 60-62]. At the time of that incident, the Cromwell Warehouse was owned by St. Paul and leased to Defendant Xpedient Management Group, LLC. [*Id.* ¶¶ 3, 23]. Xpedient contracted with Plaintiff Agilent Technologies, Inc. to store its inventory of pipette tips at the Cromwell Warehouse. [*Id.* ¶¶ 19-23]. On January 17, 2024, there was a deep freeze in Memphis which caused water pipes in the Cromwell Warehouse to burst and cause damage to Agilent's inventory. [*Id.* ¶¶ 60-65]. Agilent claims that "over $8.5 million worth of tips were found to have been damaged and/or destroyed as a result" of the January 17, 2024 event. [*Id.* ¶ 73].

Agilent filed its Motion to Compel Discovery Responses from St. Paul, to Deem Objections Waived, and to Recover Expenses and Fees ("Motion to Compel") on February 13, 2026. [Doc 96]. In that motion, Agilent sought to compel St. Paul's responses to written discovery served on December 22, 2025 and an award expenses and attorneys' fees in connection with the motion. [*Id.*]. St. Paul served its discovery responses on February 27, 2026 and filed a response opposing Agilent's motion. [Doc 100]; [Doc 101].

On February 25, 2026, the Court entered its initial Order Granting Plaintiff's Motion to Compel. [Doc 99]. In that order, the Court granted Agilent's Motion to Compel on the grounds that St. Paul did not file a response to the motion within the 14 days required under the *Local Rules*. [*Id.*]. After St. Paul filed its response noting that it was timely filed, the Court vacated that order and set a hearing on Agilent's motion to take place on March 12, 2026. [Doc 102]; [D.E. 114]. At that hearing, the Court ultimately granted Agilent's Motion to Compel and directed

Agilent to file an affidavit of fees and expenses within 7 days and St. Paul to file any response to the affidavit stating why the award would be unjust within 7 days of the filing of that affidavit. [D.E. 117].[1]  Agilent timely filed its declaration on March 19, 2026.  [Doc 126].  Subsequently, the Court entered its Order Granting Plaintiff's Motion to Compel [Doc 129] on March 20, 2026, which memorialized the ruling at the March 12, 2026 hearing.  [Doc 129].

In the declaration Agilent submitted to support of an award of expenses and fees, Agilent, through its counsel, identifies $9,367.50 in attorneys' fees allegedly incurred in connection with its Motion to Compel.  [Doc 126 ¶ 12].  That total is based on a purported 21.6 hours of work billed at a rate of $575.00 per hour for partners and $300.00 per hour for associates.  [*Id.* ¶¶ 10, 12].  With the declaration, Agilent submitted invoices reflecting the work performed.  [Doc 126-1].  Those invoices contain large portions of redacted time entries.  [*Id.*].  Some of the redactions are even in time entries reflecting work allegedly connected with Agilent's Motion to Compel. [*Id.*].  Certain entries reflect duplicated work among multiple attorneys and conferences among Agilent's multiple attorneys.  [*Id.*, PageID 882, 885].  The entries reflecting the drafting of the Motion to Compel alone—a document that is 6 pages long inclusive of its certificate of service— total approximately 4.4 hours.  [*Id.*, PageID 883].  The entries reflecting the drafting of an affidavit of attorneys' fees total approximately 4.7 hours.  [*Id.*, Page ID 887-889].

---

[1] Prior to the hearing, Agilent filed its Motion for Leave to File a Reply Brief in Support of its Motion to Compel.  [Doc 108].  Since the Court ultimately set the March 12, 2026 hearing and granted oral argument to Agilent, the Court denied that motion as moot given that Agilent was presented the opportunity to raise its arguments at the hearing.  [D.E. 117].

**LAW AND ARGUMENT**

**I.      An award of expenses and fees would be unjust.**

Although *Fed. R. Civ. P.* 37(a)(5) provides that the Court "must" order the payment of the "movant's reasonable expenses incurred . . . including attorney's fees" in connection with making a motion to compel that is granted, that same rule provides that the Court "must not order" the payment if, among other circumstances, there are "circumstances [that] make an award of expenses unjust." *Fed. R. Civ. P.* 37(a)(5)(A)(i)-(iii).  This Court itself has declined to award attorneys' fees in complex cases involving discovery responses that were more overdue than St. Paul's responses when they were served.  *See In re Ame Church Emp. Ret. Fund Litig.*, No. 22-md-03035-STA-jay, 2025 U.S. Dist. LEXIS 91288, at *16 (W.D. Tenn. Mar. 20, 2025) (declining to award attorneys' fees over discovery responses that were approximately 8 weeks overdue).  As shown in St. Paul's Response in Opposition to Agilent's Motion to Compel, and as argued at the March 12, 2026 hearing, St. Paul has made good-faith efforts to satisfy its discovery obligations.  Moreover, to the extent there was any prejudice to Agilent from the responses being overdue at the time they were served, that prejudice has been eliminated by the Court's extension of the discovery deadline by a period of time almost equal to the period of time the responses were overdue.  [Doc 119].[2]  Under these circumstances, an award of fees and expenses would be unjust, and the Court should decline to make such an award.

Further, the award of fees Agilent seeks is not reasonable.  Agilent seeks to recover $9,367.50 in attorneys' fees allegedly incurred in connection with its Motion to Compel.  [Doc 126 ¶ 12].  That total is based on 21.6 hours of work, billed at a rate of $575.00 per hour for

---

[2] Additionally, discovery in this case is in its infancy.  Beyond written discovery, the parties have conducted no depositions to date and, in all likelihood, an additional party will likely be added as a defendant in these consolidated lawsuits.  [Doc 127]; [Doc 128].

partners and $300.00 per hour for associates. [*Id.* ¶¶ 10, 12]. Motions to compel overdue discovery responses are routine, non-complex, and it is difficult to comprehend that such a motion would require that significant amount of time.[3]  The size of the award Agilent seeks alone would constitute a circumstance that makes the award unjust.  Further, as noted above, certain time entries Agilent submitted reflect duplicated work among multiple attorneys and interoffice communications.  [*Id.*, PageID 882, 885].  If the Court is to make an award of expenses and fees, the Court may only order payment of the "movant's *reasonable* expenses incurred in *making the motion*, including attorney's fees . . . ." *Fed. R. Civ. P.* 37(a)(5)(A) (emphasis added).  The award Agilent seeks is beyond reasonable and is reflective of work beyond Agilent "making" its motion. *Id.*  Even if the Court is inclined to award expenses and fees, the award should be less than what Agilent seeks and more in proportion to the actual expense associated with Agilent bringing its motion.

### CONCLUSION

The Court should decline to award Agilent its expenses and fees in connection with its Motion to Compel because circumstances demonstrate that it would be unjust.  Alternatively, and only if the Court is inclined to make such an award, that award should be for less than what Agilent currently seeks and reflective of the actual costs of Agilent "making" its motion.

---

[3] Additionally, some of the entries relate to a reply brief which Agilent was never even permitted to file and the drafting of the declaration in support of the award of attorneys' fees. [Doc 126-1, Page ID 887-888].

Respectfully submitted,

**CARR ALLISON**

BY: /s/ Michael J. Petherick
  **SEAN W. MARTIN, BPR #020870**
  **MICHAEL J. PETHERICK, BPR #036155**
  Attorneys for St. Paul
  633 Chestnut Street, Suite 2000
  Chattanooga, TN 37450
  (423) 648-9832 / (423) 648-9869 FAX
  swmartin@carrallison.com
  mpetherick@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2026, I electronically filed **DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S RESPONSE TO DECLARATION IN SUPPORT OF AN AWARD OF EXPENSES AND ATTORNEYS' FEES** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Elena R. Mosby
Douglas F. Halijan
Burch, Porter & Johnson PLLC
130 North Court Avenue
Memphis, TN 38103

Amber S. Finch
Margaret Clemans McDonald
Reed Smith, LLP
515 South Flower Street, Suite 4300
Los Angeles, CA 90071

Andrew B. Schrack
Butler Snow LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119

S. Joe Wellborn
Jefferson C. Orr
Brenden T. Holbrook
Smith Cashion & Orr, PLC
3100 West End Avenue, Suite 800
Nashville, TN 37203

BY: /s/ Michael J. Petherick
**MICHAEL J. PETHERICK, BPR #036155**