## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION AT MEMPHIS

| | | |
|---|---|---|
| **AGILENT TECHNOLOGIES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:25-cv-02101-BSL-cgc** |
| | ) | |
| **XPEDIENT MANAGEMENT GROUP, LLC** | ) | **Judge Brian C. Lea** |
| **and ST. PAUL FIRE AND MARINE** | ) | **Magistrate Judge Charmiane** |
| **INSURANCE COMPANY,** | ) | **Claxton** |
| | ) | |
| **Defendants** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **XPEDIENT MANAGEMENT GROUP, LLC.,** | ) | |
| | ) | |
| **Cross-Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ST. PAUL FIRE AND MARINE INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Cross-Defendant** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **FACTORY MUTUAL INSURANCE CO., as** | ) | **Case No. 2:25-cv-02424-BCL-tmp** |
| **subrogee of Agilent Technologies, Inc.,** | ) | |
| | ) | **JURY DEMANDED** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **XPEDIENT MANAGEMENT GROUP, LLC** | ) | |
| **and ST. PAUL FIRE AND MARINE** | ) | |
| **INSURANCE COMPANY** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPLY OF PLAINTIFF AGILENT TECHNOLOGIES, INC. TO RESPONSE OF ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S RESPONSE TO DECLARATION IN SUPPORT OF AN AWARD OF EXPENSES AND ATTORNEYS' FEES**

Plaintiff Agilent Technologies, Inc. ("Agilent" or "Plaintiff") respectfully submits this reply to the response of defendant St. Paul Fire and Marine Insurance Company to Agilent's Declaration in Support of an Award of Expenses and Attorneys' Fees.

1.      As directed by the Court at the March 12, 2026 hearing on this and in its subsequent Order Granting Plaintiff's Motion to Compel entered on March 20, 2026 (Doc. 129), Agilent filed the Declaration of Douglas F. Halijan on March 19, 2026 (Doc. 126).

2.      St. Paul filed a brief styled "Response to Declaration in Support of an Award of Expenses and Attorneys' Fees" on March 26, 2026 (Doc. 132).  Over the course of six pages, St. Paul asserts again that an award of fees and expenses would be "unjust"—an argument that the Court already considered and rejected in connection with the underlying Motion.  St. Paul also repeats that it acted in good faith and that Agilent was not prejudiced by St. Paul's failure to seek or obtain an extension of time to respond to Agilent's discovery requests, which were eventually served five weeks after they were due.  The Court has already considered and rejected that argument as well.

3.      St. Paul also argues that Agilent's fees are not "reasonable."  However, it offers nothing beyond attorney argument for this proposition.  It provides no counter declaration or evidence supporting its claim that the fees sought by Agilent are not reasonable.

4.      In particular, St. Paul asserts that some time entries on Burch Porter's fee statements are "duplicative," but St. Paul does not identify a single, specific example of anything it regards

2

as duplicative.  St. Paul also suggests that the work of Agilent's counsel in relation to this Motion to Compel took too long, yet St. Paul offers no evidence in support of that argument nor does it suggest how long Agilent's lengthy efforts to get St. Paul to respond (or communicate at all), and its ultimate preparation of a motion and memorandum of law, should have taken.  And while St. Paul notes the hourly rates charged by Agilent's counsel in this matter several times, St. Paul never contends that those rates are inconsistent with prevailing rates in this District by lawyers of similar experience.

5.      St. Paul seems to suggest that Agilent may have included charges for time entries unrelated to this motion in its submission.  Any such assertion, however, is simply not true. The time entries of Agilent's counsel were redacted to remove time entries unrelated to the motion, and the fee amounts reflected on the submitted statements were adjusted to reflect *only* those charges.[1]

6.      Finally, St. Paul notes in footnote 3 of its brief that Agilent's submission includes time expended on a reply that Agilent "was never even permitted to file."  The Court stated at the hearing on this matter, however, that it had, in fact, considered the reply brief.  Moreover, Agilent's Motion for Leave to file that reply has not been denied; it simply has not been formally ruled upon.

7.      As previously addressed, it is well settled that "if a motion to compel is granted, the party whose conduct necessitated the motion must be ordered to pay the movant's reasonable expenses incurred in making the motion, absent substantial justification for the lack of response or other circumstances that would make an award of expenses unjust."  *Hampton v. Madison Cnty.*, No. 1:18-CV-01191-STA-ATC, 2021 WL 6752207, at *2 (W.D. Tenn. Jan. 29, 2021) (citing Fed.

---

[1] If an entry included a time unrelated to the Motion to Compel, the full time billed to Agilent was redacted.  A revised time entry and fee charge, both in red, were added to reflect only time related to the Motion to Compel.

R. Civ. P. 37(a)(5)(A)).  The Motion to Compel and the Court's Order would not have been necessary had St. Paul complied with the Federal Rules. Instead, it ignored the applicable deadlines and, over several weeks, first ignored and then never fully answered Agilent's multiple, unsuccessful attempts to determine when St. Paul would respond.  St. Paul served its Discovery Responses only *after* Agilent filed its Motion and this Court entered an Order thereon.  Under these circumstances, Agilent is clearly entitled to the recovery of the fees expended in bringing the Motion to Compel.

8.      St. Paul offers no basis whatsoever for denying Agilent's request for its attorneys' fees incurred in connection with the Motion, which the Court has already granted.  St. Paul has likewise not made any persuasive argument—much less one accompanied by any evidence—that Agilent's fees are somehow "unreasonable".

## CONCLUSION

For these reasons, Agilent respectfully requests that its fees incurred in connection with the Motion to Compel be awarded for all the reasons set forth in the Court's Order Granting Motion to Compel.

Respectfully submitted,

s/ Douglas F. Halijan
Douglas F. Halijan (BPR # 16718)
Elena R. Mosby (BPR # 40562)
BURCH PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, TN 38103
Telephone: 901-524-5000
Facsimile: 901-524-5024
dhalijan@bpjlaw.com
emosby@bpjlaw.com

Amber Finch (#222321) (admitted *pro hac vice*)

4

Margaret C. McDonald (#307008) (admitted *pro hac vice*)
Katherine P. Geotz (#346205) (admitted *pro hac vice*)
REED SMITH LLP
515 South Flower, Suite 4300
Los Angeles, CA 90071
Telephone: 213-457-8000
Facsimile: 213-457-8080
afinch@reedsmith.com
mcmcdonald@reedsmith.com
kgoetz@reedsmith.com

*Counsel for Plaintiff Agilent Technologies, Inc.*