**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| AGILENT TECHNOLOGIES, INC., )<br><br>    **Plaintiff,** )<br>**v.** )<br>  )<br>XPEDIENT MANAGEMENT GROUP, LLC )<br>ST. PAUL FIRE AND MARINE INSURANCE )<br>COMPANY, COLLIERS MANAGEMENT )<br>SERVICES – MEMPHIS, LLC )<br>  )<br>    **Defendants.** )<br>  ) | **Case No. 2:25-cv-02101-BCL-cgc**<br><br>**Judge Brian C. Lea**<br>**Magistrate Judge Charmaine Claxton** |

XPEDIENT MANAGEMENT GROUP, LLC,   )
    )
    **Cross-Plaintiff,**   )
**v.**   )
    )
ST. PAUL FIRE AND MARINE INSURANCE   )
COMPANY   )
    )
    **Cross-Defendant.**   )
    )

| | |
|---|---|
| FACTORY MUTUAL INSURANCE CO., as )<br>subrogee of Agilent Technologies, Inc., )<br>  )<br>    **Plaintiff,** )<br>**v.** )<br>  )<br>XPEDIENT MANAGEMENT GROUP, LLC )<br>ST. PAUL FIRE AND MARINE INSURANCE )<br>COMPANY and COLLIERS MANAGEMENT )<br>SERVICES-MEMPHIS, LLC, )<br>  )<br>    **Defendants.** )<br> | **Case No. 2:25-cv-02424-BCL-tmp**<br><br>**JURY DEMANDED** |

**XPEDIENT MANAGEMENT GROUP, LLC'S UNOPPOSED MOTION FOR
LIMITED EXTENSION OF EXPERT DESIGNATION DEADLINE**

Defendant Xpedient Management Group, LLC ("Xpedient"), pursuant to Federal Rule of Civil Procedure 16(b)(4), respectfully moves for a limited extension of the expert designation deadline solely as to one damages-related expert. In support, Xpedient states as follows:

## BACKGROUND

1. This case concerns, among other things, Plaintiffs' claim that certain inventory allegedly damaged in the January 2024 water intrusion event had no remaining market value.

2. Under the current Scheduling Order, the deadline for Xpedient's expert designations is April 17, 2026.

3. Xpedient intends to designate an expert to address (a) the reasonableness of Plaintiffs' determination that the subject inventory had no market value, and (b) the proper valuation of the allegedly damaged inventory.

4. The opinions of this expert are heavily dependent on discovery from Plaintiffs concerning, among other things, product condition, marketability, sales data, shelf life, disposition of allegedly undamaged inventory, and post-incident business decisions.

5. Xpedient has actively pursued this discovery, including through written discovery and detailed good-faith conferral correspondence.

6. On April 13, 2026, Plaintiffs responded to Xpedient's most recent good-faith letter and represented that they will supplement their discovery responses and produce additional documents responsive to Xpedient's requests.

7. The anticipated supplemental materials are directly relevant to the opinions of Xpedient's valuation expert and are necessary for that expert to complete a reliable and defensible analysis.

**GOOD CAUSE EXISTS FOR A LIMITED EXTENSION**

8.      Under Rule 16(b)(4), a scheduling order may be modified for good cause. Good cause exists where a party has been diligent but cannot reasonably meet the existing deadline.

9.      Xpedient has acted diligently in pursuing discovery relevant to Plaintiffs' damages claims and in identifying the need for expert analysis on valuation issues.

10.      Despite this diligence, Xpedient cannot reasonably complete its expert designation on this issue without reviewing Plaintiffs' forthcoming supplemental production.

11.      Requiring Xpedient to designate its expert before receiving this material would either:

- force a premature and potentially incomplete expert disclosure; or

- necessitate later supplementation, which is inefficient and avoidable.

12.      The requested extension is narrow and will not disrupt the overall case schedule.

**REQUESTED RELIEF**

13.      Xpedient does not seek a wholesale modification of the Scheduling Order. Instead, it seeks a limited, targeted extension applicable only to its damages/valuation expert.

14.      Xpedient proposes the following:

- Plaintiffs shall fully supplement their discovery responses and produce all responsive documents within **fourteen (14) days** of the Court's Order; and

- Xpedient shall have **thirty (30) days after Plaintiffs' supplementation** to designate its expert and serve the corresponding report on valuation and marketability of the inventory.

15.      This approach ensures that:

- Plaintiffs promptly complete their discovery obligations;

- Xpedient's expert opinions are based on a complete factual record; and

- the case proceeds efficiently without unnecessary disputes or duplicative expert work.

3

16.     Xpedient is willing to meet and confer regarding any reasonable adjustments necessary to avoid prejudice to Plaintiffs.

## CONCLUSION

For these reasons, Xpedient respectfully requests that the Court grant this Motion and enter an order:

1.     Requiring Plaintiffs to fully supplement their discovery responses within fourteen (14) days; and

2.     Extending Xpedient's deadline to designate its valuation expert to thirty (30) days after such supplementation.

Respectfully submitted this the 16th day of April, 2026.

/s/ William P. Thomas
William P. Thomas (MS 102209)
Andrew B. Schrack (TN 037624)
**Butler Snow LLP**
6075 Poplar Ave., Ste. 500
Memphis, TN 38119
T: 901-680-7200
F: 901-680-7201
will.thomas@butlersnow.com
andrew.schrack@butlersnow.com

*Attorneys for Defendant Xpedient Management Group, LLC*

4

## CERTIFICATE OF CONSULTATION

I hereby certify that I conferred with Margaret McDonald, counsel for Agilent Technologies, Inc., and Joe Welborn, counsel for Factory Mutual Insurance Co., on April 16, 2026, via email, and they advised that neither oppose the requested relief.

*/s/ William P. Thomas*
William P. Thomas

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on April 16, 2026.

*/s/ William P. Thomas*
William P. Thomas

5