## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **AGILENT TECHNOLOGIES, INC.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | No. 2:25-cv-02101 |
| v. | * | |
| | * | JURY DEMAND |
| **XPEDIENT MANAGEMENT GROUP, LLC** | * | |
| **and ST. PAUL FIRE AND MARINE** | * | |
| **INSURANCE COMPANY,** | * | |
| | * | |
| Defendants. | * | |

| | | |
|---|---|---|
| **FACTORY MUTUAL INSURANCE** | * | |
| **COMPANY, as subrogee of Agilent** | * | |
| **Technologies, Inc.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | No. 2:25-cv-02424 |
| v. | * | |
| | * | JURY DEMAND |
| **XPEDIENT MANAGEMENT GROUP, LLC,** | * | |
| **and ST. PAUL FIRE AND MARINE** | * | |
| **INSURANCE COMPANY,** | * | |
| | * | |
| Defendants. | * | |

## DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S ANSWER TO PLAINTIFF FACTORY MUTUAL INSURANCE COMPANY'S AMENDED COMPLAINT

COMES NOW the Defendant, St. Paul Fire and Marine Insurance Company ("St. Paul"),

to submit its Answer to Plaintiff Factory Mutual Insurance Company's ("Factory Mutual"), as

subrogee of Agilent Technologies, Inc., Amended Complaint [Doc 136]  as follows:

## FIRST DEFENSE

In response to the specifically enumerated paragraphs of Factory Mutual's Amended

Complaint, St. Paul states as follows:

## NATURE OF THE ACTION

1.      The allegations contained in paragraph 1 of Factory Mutual's Amended Complaint are denied as pled.

## THE PARTIES

2.      St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 2 of Factory Mutual's Amended Complaint.

3.      St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 3 of Factory Mutual's Amended Complaint.

4.      St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 4 of Factory Mutual's Amended Complaint.

5.      It is admitted that St. Paul is a Connecticut corporation with its principal place of business located at One Tower Square, Hartford, Connecticut 06183, and that it may be served through its registered agent, Corporation Service Company, at 2908 Poston Avenue, Nashville, Tennessee 37203.

6.      Upon information and belief, it is admitted that Colliers is a Tennessee limited liability company with a principal place of business at 6363 Poplar Avenue, Suite 400, Memphis, Tennessee 38119, and that it may be served with process by serving its registered agent Mark Bradley Kornegay, 6363 Poplar Avenue, Suite 220, Memphis, Tennessee 38119.

## JURISDICTION AND VENUE

7.      It is admitted that this Court has subject matter jurisdiction.

8.      It is admitted that venue is appropriate. All other allegations contained in paragraph 8 of Factory Mutual's Amended Complaint are denied as pled.

9.      It is admitted that this Court has personal jurisdiction over St. Paul in this case. The remaining allegations in paragraph 9 of Factory Mutual's Amended Complaint are denied as pled.

## FACTUAL ALLEGATIONS

10.      St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 10 of Factory Mutual's Amended Complaint.

11.      St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 11 of Factory Mutual's Amended Complaint.

12.      St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 12 of Factory Mutual's Amended Complaint.

13.      St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 13 of Factory Mutual's Amended Complaint.

14.      The contracts referred to in paragraph 14 of Factory Mutual's Amended Complaint speak for themselves; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 14 of Factory Mutual's Amended Complaint are denied.

15.      It is admitted that St. Paul is the is the owner of the warehouse located at 4601 Cromwell Ave, Memphis, Tennessee 38118.

16.      The allegations contained in paragraph 16 of Factory Mutual's Amended Complaint are denied.

17.      It is admitted that St. Paul contracted with Colliers. The allegations contained in paragraph 17 of Factory Mutual's Amended Complaint are denied.

18.      It is admitted that St. Paul contracted with Colliers.

19.     The allegations contained in paragraph 19 of Factory Mutual's Amended Complaint are denied as pled.

20.     The allegations contained in paragraph 20 of Factory Mutual's Amended Complaint are denied as pled.

21.     The allegations contained in paragraph 21 of Factory Mutual's Amended Complaint are denied as pled.

22.     It is admitted that Xpedient leased a portion of the Cromwell Warehouse from St. Paul.

23.     The allegations contained in paragraph 23 of Factory Mutual's Amended Complaint are denied.

24.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 24 of Factory Mutual's Amended Complaint.

25.     The allegations contained in paragraph 25 of Factory Mutual's Amended Complaint are denied as pled.

26.     The allegations contained in paragraph 26 of Factory Mutual's Amended Complaint are denied as pled.

27.     It is admitted that the HVAC system at the Cromwell Warehouse used natural gas.

28.     The allegations contained in paragraph 28 of Factory Mutual's Amended Complaint are denied.

29.     The allegations contained in paragraph 29 of Factory Mutual's Amended Complaint are denied.

30.     The allegations contained in paragraph 30 of Factory Mutual's Amended Complaint are denied.

31.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 31 of Factory Mutual's Amended Complaint.

32.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 32 of Factory Mutual's Amended Complaint.

33.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 33 of Factory Mutual's Amended Complaint.

34.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 34 of Factory Mutual's Amended Complaint.

35.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 35 of Factory Mutual's Amended Complaint.

36.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 36 of Factory Mutual's Amended Complaint.

37.     The allegations contained in paragraph 37 of Factory Mutual's Amended Complaint are denied as pled.

38.     The allegations contained in paragraph 38 of Factory Mutual's Amended Complaint are denied as pled.

39.     The allegations contained in paragraph 39 of Factory Mutual's Amended Complaint are denied as pled.

40.     The allegations contained in paragraph 40 of Factory Mutual's Amended Complaint are denied as pled.

41.     The allegations contained in paragraph 41 of Factory Mutual's Amended Complaint are denied.

42.     The allegations contained in paragraph 42 of Factory Mutual's Amended Complaint are denied as pled.

43.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 43 of Factory Mutual's Amended Complaint.

44.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 44 of Factory Mutual's Amended Complaint.

45.     Upon information and belief, it is admitted that the Memphis Fire Department provides in their report that there was a sprinkler activation due to malfunction.

46.     The allegations contained in paragraph 46 of Factory Mutual's Amended Complaint are denied.

47.     The allegations contained in paragraph 47 of Factory Mutual's Amended Complaint are denied.

48.     The allegations contained in paragraph 48 of Factory Mutual's Amended Complaint are denied.

49.     Upon information and belief, it is admitted that Factory Mutual insured the property at issue in Factory Mutual's Amended Complaint.

50.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 50 of Factory Mutual's Amended Complaint.

51.     The allegations contained in paragraph 51 of Factory Mutual's Amended Complaint are denied as pled.

## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT
### (Against Xpedient)

52.    St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 51 of this Answer.

53.    The allegations in paragraph 53 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 53 of Factory Mutual's Amended Complaint are denied.

54.    The allegations in paragraph 54 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 54 of Factory Mutual's Amended Complaint are denied.

55.    The allegations in paragraph 55 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 55 of Factory Mutual's Amended Complaint are denied.

56.    The allegations in paragraph 56 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 56 of Factory Mutual's Amended Complaint are denied.

57.    The allegations in paragraph 57 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted

against St. Paul, the allegations in paragraph 57 of Factory Mutual's Amended Complaint are denied.

58.    The allegations in paragraph 58 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 58 of Factory Mutual's Amended Complaint are denied.

### COUNT II – BREACH OF BAILMENT AND/OR NEGLIGENT BAILMENT
### (Against Xpedient)

59.    St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 58 of this Answer.

60.    The allegations in paragraph 60 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 60 of Factory Mutual's Amended Complaint are denied.

61.    The allegations in paragraph 61 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 61 of Factory Mutual's Amended Complaint are denied.

62.    The allegations in paragraph 62 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 62 of Factory Mutual's Amended Complaint are denied.

63.    The allegations in paragraph 63 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted

against St. Paul, the allegations in paragraph 63 of Factory Mutual's Amended Complaint are denied.

64.    The allegations in paragraph 64 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 64 of Factory Mutual's Amended Complaint are denied.

65.    The allegations in paragraph 65 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 65 of Factory Mutual's Amended Complaint are denied.

## COUNT III – NEGLIGENCE
### (Against Xpedient)

66.    St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 65 of this Answer.

67.    The allegations in paragraph 67 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 67 of Factory Mutual's Amended Complaint are denied.

68.    The allegations in paragraph 68 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 68 of Factory Mutual's Amended Complaint are denied.

69.    The allegations in paragraph 69 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted

against St. Paul, the allegations in paragraph 69 of Factory Mutual's Amended Complaint are denied.

70.     The allegations in paragraph 70 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 70 of Factory Mutual's Amended Complaint are denied.

## COUNT IV – GROSS NEGLIGENCE
### (Against Xpedient)

71.     St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 70 of this Answer.

72.     The allegations in paragraph 72 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 72 of Factory Mutual's Amended Complaint are denied.

73.     The allegations in paragraph 73 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 73 of Factory Mutual's Amended Complaint are denied.

74.     The allegations in paragraph 74 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 74 of Factory Mutual's Amended Complaint are denied.

75.     The allegations in paragraph 75 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted

against St. Paul, the allegations in paragraph 75 of Factory Mutual's Amended Complaint are denied.

76.     The allegations in paragraph 76 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 76 of Factory Mutual's Amended Complaint are denied.

77.     The allegations in paragraph 77 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 77 of Factory Mutual's Amended Complaint are denied.

78.     The allegations in paragraph 78 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 78 of Factory Mutual's Amended Complaint are denied.

79.     The allegations in paragraph 79 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 79 of Factory Mutual's Amended Complaint are denied.

80.     The allegations in paragraph 80 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 80 of Factory Mutual's Amended Complaint are denied.

81.     The allegations in paragraph 81 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 81 of Factory Mutual's Amended Complaint are denied.

82.     The allegations in paragraph 82 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 82 of Factory Mutual's Amended Complaint are denied.

## COUNT V– NEGLIGENCE *PER SE*
### (Against Xpedient)

83.     St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 82 of this Answer.

84.     The allegations in paragraph 84 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 84 of Factory Mutual's Amended Complaint are denied.

85.     The allegations in paragraph 85 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 85 of Factory Mutual's Amended Complaint are denied.

86.     The allegations in paragraph 86 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 86 of Factory Mutual's Amended Complaint are denied.

87. The allegations in paragraph 87 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 87 of Factory Mutual's Amended Complaint are denied.

88. The allegations in paragraph 88 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 88 of Factory Mutual's Amended Complaint are denied.

89. The allegations in paragraph 89 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 89 of Factory Mutual's Amended Complaint are denied.

90. The allegations in paragraph 90 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 90 of Factory Mutual's Amended Complaint are denied.

91. The allegations in paragraph 91 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 91 of Factory Mutual's Amended Complaint are denied.

92. The allegations in paragraph 92 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted

against St. Paul, the allegations in paragraph 92 of Factory Mutual's Amended Complaint are denied.

93.    The allegations in paragraph 93 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 93 of Factory Mutual's Amended Complaint are denied.

94.    The allegations in paragraph 94 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 94 of Factory Mutual's Amended Complaint are denied.

95.    The allegations in paragraph 95 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 95 of Factory Mutual's Amended Complaint are denied.

96.    The allegations in paragraph 96 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 96 of Factory Mutual's Amended Complaint are denied.

97.    The allegations in paragraph 97 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 97 of Factory Mutual's Amended Complaint are denied.

98.     The allegations in paragraph 98 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 98 of Factory Mutual's Amended Complaint are denied.

99.     The allegations in paragraph 99 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 99 of Factory Mutual's Amended Complaint are denied.

100.    The allegations in paragraph 100 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 100 of Factory Mutual's Amended Complaint are denied.

## COUNT VI – NEGLIGENCE
### (Against St. Paul)

101.    St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 100 of this Answer.

102.    The allegations contained in paragraph 102 of Factory Mutual's Amended Complaint are denied.

103.    The allegations contained in paragraph 103 of Factory Mutual's Amended Complaint are denied.

104.    The allegations contained in paragraph 104 of Factory Mutual's Amended Complaint are denied.

105.    The allegations contained in paragraph 105 of Factory Mutual's Amended Complaint are denied.

## COUNT VII – GROSS NEGLIGENCE
### (Against St. Paul)

106. St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 105 of this Answer.

107. The allegations contained in paragraph 107 of Factory Mutual's Amended Complaint are denied.

108. The allegations contained in paragraph 108 of Factory Mutual's Amended Complaint are denied.

109. The allegations contained in paragraph 109 of Factory Mutual's Amended Complaint are denied.

110. The allegations contained in paragraph 110 of Factory Mutual's Amended Complaint are denied.

111. The allegations contained in paragraph 111 of Factory Mutual's Amended Complaint are denied.

112. The allegations contained in paragraph 112 of Factory Mutual's Amended Complaint are denied.

113. The allegations contained in paragraph 113 of Factory Mutual's Amended Complaint are denied.

114. The allegations contained in paragraph 114 of Factory Mutual's Amended Complaint are denied.

115. The allegations contained in paragraph 115 of Factory Mutual's Amended Complaint are denied.

116. The allegations contained in paragraph 116 of Factory Mutual's Amended Complaint are denied.

117.    The allegations contained in paragraph 117 of Factory Mutual's Amended Complaint are denied.

## COUNT VIII – NEGLIGENCE
### (Against Colliers)

118.    St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 117 of this Answer.

119.    The allegations in paragraph 119 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 119 of Factory Mutual's Amended Complaint are denied.

120.    The allegations in paragraph 120 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 120 of Factory Mutual's Amended Complaint are denied.

121.    The allegations in paragraph 121 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 121 of Factory Mutual's Amended Complaint are denied.

122.    The allegations in paragraph 122 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 122 of Factory Mutual's Amended Complaint are denied.

## COUNT IX – GROSS NEGLIGENCE
### (Against Colliers)

123.   St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 122 of this Answer.

124.   The allegations in paragraph 124 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 124 of Factory Mutual's Amended Complaint are denied.

125.   The allegations in paragraph 125 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 125 of Factory Mutual's Amended Complaint are denied.

126.   The allegations in paragraph 126 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 126 of Factory Mutual's Amended Complaint are denied.

127.   The allegations in paragraph 127 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 127 of Factory Mutual's Amended Complaint are denied.

128.   The allegations in paragraph 128 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 128 of Factory Mutual's Amended Complaint are denied.

129.    The allegations in paragraph 129 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 129 of Factory Mutual's Amended Complaint are denied.

130.    The allegations in paragraph 130 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 130 of Factory Mutual's Amended Complaint are denied.

131.    The allegations in paragraph 131 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 131 of Factory Mutual's Amended Complaint are denied.

132.    The allegations in paragraph 132 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 132 of Factory Mutual's Amended Complaint are denied.

133.    The allegations in paragraph 133 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 133 of Factory Mutual's Amended Complaint are denied.

134.    The allegations in paragraph 134 of Factory Mutual's Amended Complaint are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted

against St. Paul, the allegations in paragraph 134 of Factory Mutual's Amended Complaint are denied.

## COUNT X – NEGLIGENCE *PER SE*
### (Against St. Paul and Colliers)

135.    St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 134 of this Answer.

136.    The allegations contained in paragraph 136 of Factory Mutual's Amended Complaint are denied as pled.

137.    The allegations contained in paragraph 137 of Factory Mutual's Amended Complaint are denied.

138.    The allegations contained in paragraph 138 of Factory Mutual's Amended Complaint are denied as pled.

139.    The allegations contained in paragraph 139 of Factory Mutual's Amended Complaint are denied as pled.

140.    The allegations contained in paragraph 140 of Factory Mutual's Amended Complaint are denied.

141.    The allegations contained in paragraph 141 of Factory Mutual's Amended Complaint are denied as pled.

142.    The allegations contained in paragraph 142 of Factory Mutual's Amended Complaint are denied.

143.    The allegations contained in paragraph 143 of Factory Mutual's Amended Complaint are denied as pled.

144.    The allegations contained in paragraph 144 of Factory Mutual's Amended Complaint are denied.

145.    The allegations contained in paragraph 145 of Factory Mutual's Amended Complaint are denied.

146.    The allegations contained in paragraph 146 of Factory Mutual's Amended Complaint are denied.

147.    The allegations contained in paragraph 147 of Factory Mutual's Amended Complaint are denied.

148.    The allegations contained in paragraph 148 of Factory Mutual's Amended Complaint are denied.

149.    The allegations contained in paragraph 149 of Factory Mutual's Amended Complaint are denied.

150.    The allegations contained in paragraph 150 of Factory Mutual's Amended Complaint are denied.

151.    The allegations contained in paragraph 151 of Factory Mutual's Amended Complaint are denied.

152.    The allegations contained in paragraph 152 of Factory Mutual's Amended Complaint are denied.

## SECOND DEFENSE

Factory Mutual's Amended Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

St. Paul relies upon the doctrine of modified comparative fault as to all named parties in this case. The finder of fact will apportion fault between all named parties that caused or contributed to any alleged damages in accordance with the principles of modified comparative

fault.

## FOURTH DEFENSE

St. Paul relies upon the doctrine of modified comparative fault as to Memphis Light, Gas and Water.  The fault of Memphis Light, Gas and Water should be compared by the trier of fact at trial.

## FIFTH DEFENSE

St. Paul relies upon the doctrine of modified comparative fault as to any other persons or entities who the jury is permitted to compare fault against at trial.

## SIXTH DEFENSE

Factory Mutual's alleged damages were caused, in whole or in part, by the acts of third parties not under St. Paul's control and for which St. Paul is in no way responsible or liable.

## SEVENTH DEFENSE

Factory Mutual's claims are or may be barred by waiver, laches, and estoppel, including any applicable equitable, judicial, and/or administrative estoppel.

## EIGHTH DEFENSE

St. Paul alleges that it played no role in causing Factory Mutual's purported damages.

## NINTH DEFENSE

St. Paul did not breach any duty owed to Factory Mutual.  St. Paul exercised due care and diligence in all of the matters alleged.

## TENTH DEFENSE

Factory Mutual failed to mitigate any damages that they incurred.

## ELEVENTH DEFENSE

Factory Mutual has not alleged or sustained any damages that were caused by St. Paul or for which St. Paul is liable.

## TWELFTH DEFENSE

No act of omission of St. Paul was the proximate cause of any damages, injury, or loss to Factory Mutual.

## THIRTEENTH DEFENSE

St. Paul denies that Factory Mutual is entitled to any punitive damages requested. Moreover, Factory Mutual's claim for punitive damages is in contravention of the rights of St. Paul under the United States Constitution and the Constitution of the State of Tennessee. In any event, St. Paul requests a bifurcation of the issues of compensatory and punitive damages pursuant to *Tenn. Code Ann.* § 29-39-104(a)(2).

## FOURTEENTH DEFENSE

Any punitive damages awarded to Factory Mutual by the trier of fact are capped pursuant to *Tenn. Code Ann.* § 29-39-104(a)(5).

## FIFTEENTH DEFENSE

St. Paul asserts all defenses available under the agreements between the parties. The terms of those agreements are incorporated by reference herein.

## SIXTEENTH DEFENSE

St. Paul reserves the right to amend its answer to include such other and further defenses that later may become apparent through further investigation and discovery.

## SEVENTEENTH DEFENSE

All allegations not heretofore admitted, explained or denied are here and now denied as set forth as though specifically denied therein.

**WHEREFORE**, having answered Factory Mutual's Amended Complaint, St. Paul respectfully prays for the following relief from this Honorable Court:

1.    That Factory Mutual's claims be denied and dismissed with prejudice;

2.    That this case be tried before a jury; and

3.    For such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**CARR ALLISON**

BY:  /s/ Michael J. Petherick
**SEAN W. MARTIN, BPR #020870**
**MICHAEL J. PETHERICK, BPR #036155**
Attorneys for St. Paul
633 Chestnut Street, Suite 2000
Chattanooga, TN 37450
(423) 648-9832 / (423) 648-9869 FAX
swmartin@carrallison.com
mpetherick@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2026, I electronically filed **DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S ANSWER TO PLAINTIFF FACTORY MUTUAL INSURANCE COMPANY'S AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Elena R. Mosby
Douglas F. Halijan
Burch, Porter & Johnson PLLC
130 North Court Avenue
Memphis, TN 38103

Amber S. Finch
Margaret Clemans McDonald
Reed Smith, LLP
515 South Flower Street, Suite 4300
Los Angeles, CA 90071

Andrew B. Schrack
Butler Snow LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119

S. Joe Wellborn
Jefferson C. Orr
Brenden T. Holbrook
Smith Cashion & Orr, PLC
3100 West End Avenue, Suite 800
Nashville, TN 37203

BY:_/s/ Michael J. Petherick_____
**MICHAEL J. PETHERICK, BPR #036155**