### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

AGILENT TECHNOLOGIES, INC.,

     Plaintiff,

v.                                                          Case No. 2:25-cv-02101-BCL-cgc

XPEDIENT MANAGEMENT GROUP, LLC and          Judge Brian C. Lea
ST. PAUL FIRE AND MARINE INSURANCE          Magistrate Judge Charmaine Claxton
COMPANY, and COLLIERS MANAGEMENT
SERVICES – MEMPHIS, LLC

     Defendants

XPEDIENT MANAGEMENT GROUP, LLC,

     Cross-Plaintiff,

v.

ST. PAUL FIRE AND MARINE INSURANCE
COMPANY and COLLIERS MANAGEMENT
SERVICES – MEMPHIS, LLC

     Cross-Defendants

FACTORY MUTUAL INSURANCE CO., as          Consolidated with
subrogee of Agilent Technologies, Inc.,

     Plaintiff,                      Case No. 2:25-cv-02424-BCL-tmp

v.                                                          Judge Brian C. Lea
                                                            Magistrate Judge Tu M. Pham
XPEDIENT MANAGEMENT GROUP, LLC and
ST. PAUL FIRE AND MARINE INSURANCE
COMPANY, and COLLIERS MANAGEMENT
SERVICES-MEMPHIS, LLC

     Defendants.

### AMENDED SCHEDULING ORDER

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1) (COLLIERS ONLY)**:
June 30, 2026

**MOTIONS TO JOIN PARTIES (COLLIERS ONLY):** June 30, 2026

**MOTIONS TO AMEND PLEADINGS (COLLIERS ONLY):** June 30, 2026

**MOTIONS TO DISMISS (COLLIERS ONLY):** July 24, 2026

**ALTERNATIVE DISPUTE RESOLUTION:**

(a) **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN SECTION 5.4(c):** August 4, 2026

(b) **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** September 18, 2026

Mediator must file a Mediation Certification Form following mediation. The parties must file a notice reporting the mediation results within seven days thereafter, in compliance with Local Rule 16.3(d).

**COMPLETING ALL DISCOVERY:** October 9, 2026

(a) **WRITTEN DISCOVERY[1]:** August 25, 2026

(b) **DEPOSITIONS:** October 9, 2026

---

[1] The parties shall serve interrogatories, requests for admission, and requests for production by the August 25, 2026 deadline to allow sufficient time for responses by the deadline for completion of discovery. The deadlines under the Court's August 27, 2025 Scheduling Order (Doc. 59) for serving interrogatories, requests for admission, and requests for production as between Agilent Technologies, Inc., Factory Mutual Insurance Company, Xpedient Management Group, LLC, and St. Paul Fire and Marine Insurance Company (collectively, the "Initial Parties") have already passed, and such written discovery has been exchanged. Accordingly, the Initial Parties shall be limited to serving interrogatories, requests for admission, and requests for production on Colliers and responding to any such written discovery served by Colliers. However, nothing herein shall preclude the Initial Parties from (a) pursuing discovery from third parties; (b) taking depositions, whether of third parties, other Initial Parties, or Colliers; or (c) pursuing discovery motions, whether related to discovery served under the Court's August 27, 2025 Scheduling Order (Doc. 59) or this Amended Scheduling Order.

(c)    **EXPERT WITNESS DISCLOSURES (Rule 26) BY OR IN RELATION TO CLAIMS AGAINST COLLIERS[2]:**

(1)    **DISCLOSURE OF PLAINTIFFS AND CROSS-PLAINTIFF'S RULE 26 EXPERT INFORMATION:** July 27, 2026

(2)    **DISCLOSURE OF DEFENDANTS' RULE 26 EXPERT INFORMATION:** August 28, 2026

(3)    **REBUTTAL EXPERT DISCLOSURE:** September 11, 2026

(4)    **EXPERT WITNESS DEPOSITIONS:** October 9, 2026

**MOTIONS TO EXCLUDE EXPERTS/DAUBERT MOTIONS:** October 26, 2026

**FILING DISPOSITIVE MOTIONS:** November 9, 2026

**MOTIONS IN LIMINE:** March 9, 2027

**JOINT PROPOSED PRETRIAL ORDER: March 23, 2027**

The Joint Proposed Pretrial Order shall be prepared in accordance with the template available on the Court's website (Judge Brian Lea | Western District of Tennessee | United States District Court). In addition to being filed, the Joint Proposed Pretrial Order shall be emailed in Word format to: ECF_Judge_Lea@tnwd.uscourts.gov.

**JOINT TRIAL PLAN AND EXHIBIT LIST: March 23, 2027**

The Joint Trial Plan and Joint Exhibit List should be prepared in accordance with the templates available on the Court's website (Judge Brian Lea | Western District of Tennessee | United States District Court).

**INDIVIDUALLY FILED WITNESS LISTS AND DEPOSITION DESIGNATIONS (AND OBJECTIONS THERETO AND COUNTER DESIGNATIONS): March 23, 2027**

---

[2] The deadlines for the disclosure of expert information under the Court's August 27, 2025 Scheduling Order (Doc. 59) or the Court's March 16, 2026 Order (Doc. 119), as between the Initial Parties, have already passed or are soon to pass and such disclosures have been exchanged or will be exchanged consistent with the August 27, 2027 and March 16, 2026 Orders. The dates provided in this Amended Scheduling Order govern only the production of expert reports or the amendment of previously-disclosed reports, if any, as to the liability of or defenses asserted by defendant Colliers. However, nothing herein shall preclude the parties' pursuit of depositions or document production from any experts disclosed under the present Amended Scheduling Order or the prior Orders (Docs. 59 and 119).

Each party shall separately file its own witness list and deposition designations after conferring with the opposing party or parties concerning their positions, which shall be noted in the filings.

1. The **witness list** should indicate who will be called, in the absence of reasonable notice to the contrary, and those witnesses who only may be called. For each witness, the party calling the witness shall (1) provide a brief description of the subject matter and substance of the testimony and (2) identify those witnesses being called as expert witnesses. Any objection to a witness's testimony in general shall be noted in the witness list.

2. The **deposition designations** shall indicate those witnesses who will appear by deposition. The designating party shall: (1) identify the witness, (2) provide a brief explanation of the subject matter and substance of the testimony, (3) cite the inclusive pages and lines to be presented (and only those pages and lines), and (4) indicate whether the testimony will be offered in video form. Any objections to such testimony shall be noted, including the pages and lines. The filing shall similarly set out any counterdesignations.

**JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORM, OR PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, AS APPLICABLE: March 23, 2027**

The parties need not agree on each proposed jury instruction, but they shall file their proposed jury instructions and verdict forms, including substantive claims and defenses, in a single joint filing. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Language proposed only by a plaintiff shall be underlined. Language proposed only by a defendant shall be italicized. Every instruction must be supported by citation to authority.

In addition to filing the joint jury instructions and verdict form on CM/ECF, the parties shall submit that filing, in Word format, via email to ECF_Judge_Lea@tnwd.uscourts.gov, by the specified deadline set forth above.

**PRETRIAL CONFERENCE DATE: March 30, 2027**

**TRIAL MEMORANDA:** Each party shall submit a trial memorandum by **April 13, 2027**

**JURY TRIAL:  May 3, 2027**

Trial is anticipated to last approximately 9-12 days.  The parties do not consent to trial before the Magistrate Judge.

**OTHER RELEVANT MATTERS**:

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the Court approves the parties' e-discovery plan.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions may be scheduled to occur after the discovery deadline. All motions, discovery requests, or other filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service.

The parties are ordered to engage in ADR before the deadline set forth above. Under ADR Rule 5.11(b) the mediator is to file a Mediation Certification within seven (7) days after the close of the mediation session reporting the date of the session, whether the case settled as a whole or in part and whether any follow up is scheduled.  Pursuant to Local Rule 16.3(d), within seven (7) days of the ADR certification, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall, be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. **Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.**

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

***This Order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this Order will not be modified or extended.***

**IT IS SO ORDERED**, this 18th day of May, 2026.

s/Brian C. Lea
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE