### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| **AGILENT TECHNOLOGIES, INC.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | No. 2:25-cv-02101 |
| v. | * | |
| | * | JURY DEMAND |
| **XPEDIENT MANAGEMENT GROUP, LLC,** | * | |
| **ST. PAUL FIRE AND MARINE** | * | |
| **INSURANCE COMPANY, and COLLIERS** | * | |
| **MANAGEMENT SERVICES – MEMPHIS,** | * | |
| **LLC,** | * | |
| | * | |
| Defendants. | * | |
| | * | |

| | | |
|---|---|---|
| **XPEDIENT MANAGEMENT GROUP, LLC,** | * | |
| | * | |
| Cross-Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| **ST. PAUL FIRE AND MARINE INSURANCE,** | * | |
| **COMPANY and COLLIERS MANAGEMENT** | * | |
| **SERVICES – MEMPHIS, LLC,** | * | |
| | * | |
| Cross-Defendants. | * | |
| | * | |

| | | |
|---|---|---|
| **FACTORY MUTUAL INSURANCE** | * | |
| **COMPANY, as subrogee of Agilent** | * | |
| **Technologies, Inc.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | No. 2:25-cv-02424 |
| v. | * | |
| | * | JURY DEMAND |
| **XPEDIENT MANAGEMENT GROUP, LLC,** | * | |
| **and ST. PAUL FIRE AND MARINE** | * | |
| **INSURANCE COMPANY, and COLLIERS** | * | |
| **MANAGEMENT SERVICES – MEMPHIS,** | * | |
| **LLC,** | * | |
| | * | |
| Defendants. | * | |

**DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S ANSWER
TO DEFENDANT XPEDIENT MANAGEMENT GROUP, LLC'S CROSS CLAIM
ASSERTED IN ANSWER TO FACTORY MUTUAL'S AMENDED COMPLAINT**

COMES NOW the Defendant, St. Paul Fire and Marine Insurance Company ("St. Paul"), to submit its Answer to Defendant Xpedient Management Group, LLC's Cross Claim asserted in Answer to Factory Mutual's Amended Complaint ("Xpedient's Cross Claim") [Doc 157] as follows:

**FIRST DEFENSE**

In response to the specifically enumerated paragraphs of Xpedient's Cross Claim, St. Paul states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 1 of Xpedient's Cross Claim.

2. It is admitted that St. Paul is a Connecticut corporation with its principal place of business located at One Tower Square, Hartford, Connecticut 06183.

3. Upon information and belief, it is admitted that Colliers is a Tennessee limited liability company with a principal place of business at 6363 Poplar Avenue, Suite 400, Memphis, Tennessee 38119.

4. It is admitted that this Court has subject matter jurisdiction.

5. It is admitted that venue is appropriate. All other allegations contained in paragraph 5 of Factory Mutual's Amended Complaint are denied as pled.

**FACTUAL ALLEGATIONS**

6. St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 5 of this Answer.

7.      It is admitted that St. Paul is the is the owner of the warehouse located at 4601 Cromwell Ave, Memphis, Tennessee 38118.

**A.      The Management and Leasing Agreement Between St. Paul and Colliers**

8.      It is admitted that St. Paul entered into the management and leasing agreement effective in 2004 for Colliers to supervise, lease, and manage the Cromwell Warehouse.

9.      The allegations contained in paragraph 9 of Xpedient's Cross Claim are denied.

10.     The contracts referred to in paragraph 10 of Xpedient's Cross Claim speak for themselves; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 10 of Xpedient's Cross Claim are denied.

11.     The contracts referred to in paragraph 11 of Xpedient's Cross Claim speak for themselves; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 11 of Xpedient's Cross Claim are denied.

**B.      The Lease Agreement Between St. Paul and Xpedient**

12.     The allegations contained in paragraph 12 of Xpedient's Cross Claim are denied as pled.

13.     The allegations contained in paragraph 13 of Xpedient's Cross Claim are denied as pled.

14.     The allegations contained in paragraph 14 of Xpedient's Cross Claim are denied as pled.

15.     The allegations contained in paragraph 15 of Xpedient's Cross Claim are denied as pled.

C.      **Collier's Breach of the Management and Leasing Agreement and St. Paul's Breach of the Lease Agreement by Failing to Have the Utilities Connected with Separate Metering at the Property Upon Delivery**

16.      The allegations contained in paragraph 16 of Xpedient's Cross Claim are denied as pled.

17.      The allegations in paragraph 17 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 17 of Xpedient's Cross Claim are denied.

18.      St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 18 of Xpedient's Cross Claim.

19.      The allegations in paragraph 19 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 19 of Xpedient's Cross Claim are denied.

20.      St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 20 of Xpedient's Cross Claim.

21.      The allegations in paragraph 21 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 21 of Xpedient's Cross Claim are denied.

22.      St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 22 of Xpedient's Cross Claim.

23.      The allegations in paragraph 23 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 23 of Xpedient's Cross Claim are denied.

24.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 24 of Xpedient's Cross Claim.

25.     The allegations in paragraph 25 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 25 of Xpedient's Cross Claim are denied.

26.     The allegations in paragraph 26 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 26 of Xpedient's Cross Claim are denied.

27.     The allegations in paragraph 27 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 27 of Xpedient's Cross Claim are denied.

28.     The allegations in paragraph 28 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 28 of Xpedient's Cross Claim are denied.

29.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 29 of Xpedient's Cross Claim.

30.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 30 of Xpedient's Cross Claim.

31.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 31 of Xpedient's Cross Claim

32.     The allegations in paragraph 32 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 32 of Xpedient's Cross Claim are denied.

33.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 33 of Xpedient's Cross Claim

34.     The allegations in paragraph 34 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 34 of Xpedient's Cross Claim are denied.

35.     The allegations in paragraph 35 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 35 of Xpedient's Cross Claim are denied.

36.     The allegations in paragraph 36 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 36 of Xpedient's Cross Claim are denied.

37.     The allegations in paragraph 37 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 37 of Xpedient's Cross Claim are denied.

38.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 38 of Xpedient's Cross Claim.

39.     The allegations in paragraph 39 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 39 of Xpedient's Cross Claim are denied.

40.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 40 of Xpedient's Cross Claim.

41.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 41 of Xpedient's Cross Claim.

42.     The allegations in paragraph 42 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 42 of Xpedient's Cross Claim are denied.

43.     St. Paul is without sufficient information to admit or deny the allegations contained in paragraph 43 of Xpedient's Cross Claim.

44.     The allegations in paragraph 44 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 44 of Xpedient's Cross Claim are denied.

45.     The allegations in paragraph 45 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 45 of Xpedient's Cross Claim are denied.

46.     The allegations contained in paragraph 46 of Xpedient's Cross Claim are denied as pled.

47.     The allegations contained in paragraph 47 of Xpedient's Cross Claim are denied as pled.

**D.      The Water Intrusion Event Caused by St. Paul's Breach of the Lease Agreement and Further Breach of the Lease Agreement**

48.     The allegations contained in paragraph 48 of Xpedient's Cross Claim are denied as pled.

49.     The allegations contained in paragraph 49 of Xpedient's Cross Claim are denied as pled.

50.     It is admitted that Xpedient denied a tender request and asserted that they were entitled to indemnification in a letter dated December 3, 2024.

51.     It is admitted that Xpedient sent a letter stating notice of default on December 3, 2024.

52.     The allegations contained in paragraph 52 of Xpedient's Cross Claim are denied as pled.

53.     The allegations contained in paragraph 53 of Xpedient's Cross Claim are denied as pled.

54.     The allegations contained in paragraph 54 of Xpedient's Cross Claim are denied.

55.     The allegations contained in paragraph 55 of Xpedient's Cross Claim are denied.

56.     The allegations contained in paragraph 56 of Xpedient's Cross Claim are denied.

**COUNT I – BREACH OF CONTRACT**
**(Against St. Paul)**

57.     St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 56 of this Answer.

58.     The allegations contained in paragraph 58 of Xpedient's Cross Claim are denied as pled.

59.     The allegations contained in paragraph 59 of Xpedient's Cross Claim are denied as pled.

60.     The allegations contained in paragraph 60 of Xpedient's Cross Claim are denied as pled.

61.     The allegations contained in paragraph 61 of Xpedient's Cross Claim are denied.

62.     The allegations contained in paragraph 62 of Xpedient's Cross Claim are denied.

63.     The allegations contained in paragraph 63 of Xpedient's Cross Claim are denied.

64.     The allegations contained in paragraph 64 of Xpedient's Cross Claim are denied.

## COUNT II – BREACH OF INDEMNITY AGREEMENT
### (Against St. Paul)

65. St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 64 of this Answer.

66. The allegations contained in paragraph 66 of Xpedient's Cross Claim are denied as pled.

67. The allegations contained in paragraph 67 of Xpedient's Cross Claim are denied as pled.

68. It is admitted that Xpedient sent a letter stating notice of default on December 3, 2024.

69. It is admitted that Xpedient sent a letter seeking indemnification from St. Paul on December 3, 2024.

70. The allegations contained in paragraph 70 of Xpedient's Cross Claim are denied.

71. The allegations contained in paragraph 71 of Xpedient's Cross Claim are denied.

72. The allegations contained in paragraph 72 of Xpedient's Cross Claim are denied.

73. The allegations contained in paragraph 73 of Xpedient's Cross Claim are denied.

74. The allegations contained in paragraph 74 of Xpedient's Cross Claim are denied.

## COUNT III – BREACH OF COVENANT OF QUIET ENJOYMENT
### (Against St. Paul)

75. St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 74 of this Answer.

76. The allegations contained in paragraph 76 of Xpedient's Cross Claim are denied as pled.

77. The allegations contained in paragraph 77 of Xpedient's Cross Claim are denied as pled.

78. The allegations contained in paragraph 78 of Xpedient's Cross Claim are denied.

79. The allegations contained in paragraph 79 of Xpedient's Cross Claim are denied.

80. The allegations contained in paragraph 80 of Xpedient's Cross Claim are denied.

81. The allegations contained in paragraph 81 of Xpedient's Cross Claim are denied.

## COUNT IV – NEGLIGENCE
### (Against St. Paul and Colliers)

82. St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 81 of this Answer.

83. The allegations contained in paragraph 83 of Xpedient's Cross Claim are denied.

84. The allegations contained in paragraph 84 of Xpedient's Cross Claim are denied.

85. The allegations contained in paragraph 85 of Xpedient's Cross Claim are denied.

86. The allegations contained in paragraph 86 of Xpedient's Cross Claim are denied.

## COUNT V – IMPLIED INDEMNITY
### (Against Colliers)

87. St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 86 of this Answer.

88. The allegations in paragraph 88 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 88 of Xpedient's Cross Claim are denied.

89. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 89 of Xpedient's Cross Claim are denied.

90. The allegations in paragraph 90 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 90 of Xpedient's Cross Claim are denied.

91. The allegations in paragraph 91 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 91 of Xpedient's Cross Claim are denied.

92. The allegations in paragraph 92 of Xpedient's Cross Claim are a statement of law; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 92 of Xpedient's Cross Claim are denied.

93. The allegations in paragraph 93 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 93 of Xpedient's Cross Claim are denied.

94. The allegations in paragraph 94 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 94 of Xpedient's Cross Claim are denied.

## COUNT VI – BREACH OF CONTRACT
### (Against Colliers)

95. St. Paul re-alleges and reincorporates the allegations set forth in paragraphs 1 through 94 of this Answer.

96. It is admitted that the Management and Leasing agreement is valid and enforceable contract between St. Paul and Colliers.

97. The allegations in paragraph 97 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 97 of Xpedient's Cross Claim are denied.

98.     The allegations in paragraph 98 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 98 of Xpedient's Cross Claim are denied.

99.     The allegations in paragraph 99 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 99 of Xpedient's Cross Claim are denied.

100.     The allegations in paragraph 100 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 100 of Xpedient's Cross Claim are denied.

101.     The allegations in paragraph 101 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 101 of Xpedient's Cross Claim are denied.

102.     The allegations in paragraph 102 of Xpedient's Cross Claim are not directed at St. Paul; therefore, no response is required. To the extent there are allegations asserted against St. Paul, the allegations in paragraph 102 of Xpedient's Cross Claim are denied.

<u>**SECOND DEFENSE**</u>

Xpedient's Cross Claim fails to state a claim upon which relief can be granted.

<u>**THIRD DEFENSE**</u>

St. Paul relies upon the doctrine of modified comparative fault as to all named parties in this case. The finder of fact will apportion fault between all named parties that caused or contributed to any alleged damages in accordance with the principles of modified comparative fault.

**FOURTH DEFENSE**

St. Paul relies upon the doctrine of modified comparative fault as to Memphis Light, Gas and Water.  The fault of Memphis Light, Gas and Water should be compared by the trier of fact at trial.

**FIFTH DEFENSE**

St. Paul relies upon the doctrine of modified comparative fault as to any other persons or entities who the jury is permitted to compare fault against at trial.

**SIXTH DEFENSE**

Xpedient's alleged damages were caused, in whole or in part, by the acts of third parties not under St. Paul's control and for which St. Paul is in no way responsible or liable.

**SEVENTH DEFENSE**

Xpedient's claims are or may be barred by waiver, laches, and estoppel, including any applicable equitable, judicial, and/or administrative estoppel.

**EIGHTH DEFENSE**

St. Paul alleges that it played no role in causing Xpedient's purported damages.

**NINTH DEFENSE**

St. Paul did not breach any duty owed to Xpedient.  St. Paul exercised due care and diligence in all of the matters alleged.

**TENTH DEFENSE**

Xpedient failed to mitigate any damages that they incurred.

**ELEVENTH DEFENSE**

Xpedient has not alleged or sustained any damages that were caused by St. Paul or for which St. Paul is liable.

## TWELFTH DEFENSE

No act of omission of St. Paul was the proximate cause of any damages, injury, or loss to the Xpedient.

## THIRTEENTH DEFENSE

St. Paul asserts all defenses available under the agreements between the parties. The terms of those agreements are incorporated by reference herein.

## FOURTEENTH DEFENSE

St. Paul reserves the right to amend its answer to include such other and further defenses that later may become apparent through further investigation and discovery.

## FIFTEENTH DEFENSE

All allegations not heretofore admitted, explained or denied are here and now denied as set forth as though specifically denied therein.

Respectfully submitted,

**CARR ALLISON**

BY: /s/ Michael J. Petherick
    **SEAN W. MARTIN, BPR #020870**
    **MICHAEL J. PETHERICK, BPR #036155**
    Attorneys for St. Paul
    633 Chestnut Street, Suite 2000
    Chattanooga, TN 37450
    (423) 648-9832 / (423) 648-9869 FAX
    swmartin@carrallison.com
    mpetherick@carrallison.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2026, I electronically filed **DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S ANSWER TO PLAINTIFF AGILENT TECHNOLOGIES, INC.'S SECOND AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Elena R. Mosby
Douglas F. Halijan
Burch, Porter & Johnson PLLC
130 North Court Avenue
Memphis, TN 38103

Amber S. Finch
Margaret Clemans McDonald
Reed Smith, LLP
515 South Flower Street, Suite 4300
Los Angeles, CA 90071

Andrew B. Schrack
Butler Snow LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119

S. Joe Wellborn
Jefferson C. Orr
Brenden T. Holbrook
Smith Cashion & Orr, PLC
3100 West End Avenue, Suite 800
Nashville, TN 37203

BY:  /s/ Michael J. Petherick_____
**MICHAEL J. PETHERICK, BPR #036155**