# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Tennessee

AGILENT TECHNOLOGIES, INC.

*Plaintiff*

v.

XPEDIENT MANAGEMENT GROUP, LLC AND ST.
PAUL FIRE AND MARINE INSURANCE COMPANY

*Defendant*

)
)
)
)
)
)
)

Civil Action No.  2:25-CV-02101-BCL-cgc

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Memphis Light, Gas & Water Division
245 South Main Street, Memphis, TN  38103

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment "A".

| Place: William P. Thomas, Butler Snow LLP, 6075 Poplar Ave., Ste. 500, Memphis, TN  38119 or will.thomas@butlersnow.com | Date and Time: 06/29/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  06/10/2026

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

s/ William P. Thomas
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Xpedient Management Group, LLC , who issues or requests this subpoena, are:

William Thomas, Butler Snow LLP, P.O. Box 6010, Ridgeland, MS  39158, will.thomas@butlersnow.com, 6019854432

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:25-CV-02101-BCL-cgc

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                  _____
                                                    *Server's signature*

                                         _____
                                                    *Printed name and title*

                                         _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT "A"

## DEFINITIONS

**A.** "MLGW" means Memphis Light, Gas and Water Division and/or its affiliates, subsidiaries, divisions, departments, and their directors, managers, officers, employees, agents, representatives, investigators, consultants, and attorneys.

**B.** "Xpedient" means Defendant Xpedient Management Group, LLC.

**C.** "St. Paul" means St. Paul Fire and Marine Insurance Company.

**D.** "Colliers" means Colliers International Group, Inc. and/or its affiliates, subsidiaries, divisions, departments, predecessors, successors, and their directors, managers, officers, employees, agents, and/or representatives.

**E.** "Cromwell Warehouse" means the warehouse located at 4601 Cromwell Avenue, Memphis, Tennessee 38118.

**F.** "Communication" or "Communications" shall mean any transmission of information of any kind, orally, electronically, in writing, or in any other manner, at any time or place and under any circumstances whatsoever.

**G.** "Person" or "Persons" shall mean, without limitation, any natural person, company, firm, syndicate, sole proprietorship, partnership, corporation, limited liability company, limited liability partnership, joint venture, association, trust, financial institution, governmental body or agency, and all past and present officers, directors, employees, partners, members, agents, and representatives, along with all other Persons acting or purporting to act on such Person's behalf.

**H.** "Relevant Period" means May 1, 2023 through February 29, 2024.

**I.** "Account 730" means MLGW Account No. 00131-5328-1359-730.

**J.** "Account 729" means MLGW Account No. 00131-5328-1359-729.

**K.** "Account 732" means MLGW Account No. 00131-5328-1359-732.

**L.** Account 734" means MLGW Account No. 00131-5328-1359-734.

## REQEUSTS FOR PRODUCITON OF DOCUMENTS

1. All documents, communications, emails, correspondence, notes, memoranda, text messages, service orders, work orders, field reports, investigation reports, account notes, call logs, recordings, and electronically stored information concerning gas service at 4601 Cromwell Avenue, Memphis, Tennessee, from January 1, 2023 through December 31, 2024.

2. All documents concerning any request to establish, separate, split, transfer, unlock, reconnect, activate, restore, inspect, test, pressure test, release, approve, or otherwise modify gas service at 4601 Cromwell Avenue, Memphis, Tennessee, from January 1, 2023 through December 31, 2024.

3. All communications between MLGW and Colliers International Group, Inc., Colliers Management Services, LLC, St. Paul Properties, Inc., or any employee, representative, or agent thereof concerning 4601 Cromwell Avenue, Memphis, Tennessee.

4. All communications between MLGW and any of the following individuals concerning 4601 Cromwell Avenue, Memphis, Tennessee:

    a. Shellie Moses;

    b. Jessica Edmonds;

    c. Tim Mashburn;

    d. Michael Johnson;

    e. Lisa Moore;

    f. Chuck Plesofsky;

    g. Stephanie Replogle; and

    h. Any representative of Soefker Services.

5. All documents identifying communications received from or sent to Colliers, St. Paul Properties, or Soefker concerning:

    a. separation of gas service;

    b. installation of additional gas meters;

    c. meter releases;

    d. pressure testing;

    e. meter unlock requests;

     f.   gas activation requests;

     g.   gas account transfers; or

     h.   service to Suites 1 and 10 at 4601 Cromwell Avenue.

6. All account records, account notes, customer service notes, field service notes, customer contact logs, and Business Solutions Center records concerning accounts associated with 4601 Cromwell Avenue, including but not limited to Accounts 729 and 730 and any predecessor or successor accounts.

7. All documents reflecting any request by Colliers, St. Paul Properties, or their representatives to transfer utility service into the name of Xpedient Logistics, Xpedient Management Group, LLC, or any Xpedient-affiliated entity.

8. All documents concerning the determination of which meter served Suite 1, Suite 10, the west side of the building, the east side of the building, or the building as a whole at 4601 Cromwell Avenue.

9. All documents concerning any confusion, discrepancy, investigation, site visit, trace-out, service verification, account verification, meter verification, or address verification relating to Suites 1 and 10 at 4601 Cromwell Avenue.

10. All documents concerning any request for a meter release, meter unlock, meter set, gas service activation, or gas service restoration for the west side tenant, Suite 10, or Xpedient at 4601 Cromwell Avenue.

11. All documents concerning inspections, pressure tests, approvals, releases, or prerequisites necessary to activate or restore gas service at 4601 Cromwell Avenue.

12. All communications, documents, and records concerning the inability to activate gas service at 4601 Cromwell Avenue, including any communications identifying reasons for delay.

13. All documents sufficient to identify every communication between MLGW and Colliers, St. Paul Properties, Soefker, or their representatives concerning gas service at 4601 Cromwell Avenue.

14. All electronically stored information, including emails and attachments, maintained by any MLGW employee, department, Business Solutions Center representative, field technician, service investigator, or supervisor concerning 4601 Cromwell Avenue.

15. All documents reflecting communications with or concerning Shellie Moses, Jessica Edmonds, Tim Mashburn, Michael Johnson, or any Colliers employee relating to gas service at 4601 Cromwell Avenue.

101119843.v1