**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE, AT MEMPHIS**

| | |
|---|---|
| **AGILENT TECHNOLOGIES, INC.,**<br><br>   *Plaintiff,*<br><br>v.<br><br>**XPEDIENT MANAGEMENT GROUP, LLC, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, COLLIERS MANAGEMENT SERVICES – MEMPHIS, LLC**<br><br>   *Defendants*<br><br>――――――――――――――――――<br><br>**XPEDIENT MANAGEMENT GROUP, LLC.,**<br><br>   *Cross-Plaintiff,*<br><br>v.<br><br>**ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**<br><br>   *Cross-Defendant*<br><br>――――――――――――――――――<br><br>**FACTORY MUTUAL INSURANCE CO.,**<br><br>   *Plaintiff,*<br><br>v.<br><br>**XPEDIENT MANAGEMENT GROUP, LLC and ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**<br><br>   *Defendants* | **NO.   2:25-cv-02101-BCL-cgc**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Consolidated with**<br><br>**NO.   2:25-cv-02424-BCL-tmp**<br><br>**JURY DEMANDED** |

**COLLIERS MANAGEMENT SERVICES – MEMPHIS, LLC'S MOTION TO MODIFY SCHEDULING ORDER**

1

Colliers Management Services – Memphis, LLC ("Colliers"), by and through counsel, respectfully moves this Court pursuant to Fed. R. Civ. P. 16(b)(4) to modify the Amended Scheduling Order entered on May 18, 2026. *See* [Doc 185]. Colliers requests an extension of the discovery, expert disclosure, and dispositive motion deadlines by ninety days, with a corresponding continuance of the trial date.

### 1. Background

This action centers around who is financially responsible for an alleged substantial loss of inventory stored in a commercial warehouse on January 17, 2024, as between sophisticated multimillion dollar corporate parties and their insurance carriers.  The consolidated actions were originally filed by Agilent (the owner of the inventory), and Factory Mutual Insurance Company (Agilent's carrier who partially insured and partially paid Agilent for the alleged loss of its inventory), against third party logistics company Xpedient (hired by Agilent to provide a warehouse to store the inventory), and St. Paul (owner of the subject warehouse that leased it to Xpedient).  None of these parties cannot reasonably claim they will be prejudiced by the short deadline modification and continuance of the trial date requested herein.

Colliers was the property manager for the warehouse owner (St. Paul). In April 2026, more than a year after the lawsuit was originally filed, and after initial written discovery was completed, documents from third parties had been produced in responses to subpoenas, and expert disclosures and reports had been submitted, Colliers was added as a defendant by both Plaintiffs, and a Crossclaim was filed by Xpedient against Colliers. *See* [Docs 136, 137, 158].

The undersigned counsel was retained just one month ago, on May 8, 2026. Six days later, on May 14, 2026, Colliers' counsel participated in a meet and confer in accordance with Fed. R. Civ. P. 26(f).  On that day, in an attempt to cooperate, Colliers tentatively agreed to schedule certain party and third-party depositions, including its own primary witness, property manager Shellie

Moses (no longer employed at Colliers) over a 2-week span in July, and agreed to file the current Amended Scheduling Order. *See* [Doc 185]. subject to certain assurances by opposing counsel. *See* [**Exhibit A**, emails with counsel].  Colliers did so without knowledge of and before having a full opportunity to assess the sheer volume and complexity of the prior discovery productions and expert disclosures and reports that were subsequently forwarded to Colliers by Xpedient and Agilent's counsel on May 13, 14 and 19, 2026.

As Colliers subsequently learned when it received the prior Joint Motion for Entry of Amended Scheduling Order and for Status Conference filed May 15, 2026, *see* [Doc. 183 at p. 3], and as partially described therein, over 18,000 pages of documents have been previously produced by the parties, another 1,472 pages have been previously produced by third parties in response to document subpoenas, and the reports of five experts totaling over 200 pages have been produced. These documents were provided to Colliers in hundreds if not thousands of separate electronic documents.  Non-party MLGW previously produced 740 pages of primarily computer screen shot documents in response to a subpoena that obliquely referenced 49 ".wav" files "produced in native form."  Colliers was later advised these ".wav" files are recorded phone calls between MLGW, the parties, and third parties concerning the utility accounts at the subject property.  The gas utility to the warehouse, or lack thereof at the time of the loss, is a central issue in this case.  The actual sound files were provided to Colliers on May 19, 2026.

Finally, Factory Mutual's Amended Complaint against Colliers filed April 2, 2026 *see* [Doc.136], Agilent's 2nd Amended Complaint against Colliers filed April 3, 2026 *see* [Doc 137], and Xpedient's Answer and Crossclaim against Colliers filed April 17, 2026 *see* [Doc. 158] together total over 200 pages and reference or exhibit key documents filed under seal that were not accessible to Colliers on Pacer and could not be reviewed by Colliers until subsequently provided by counsel for these parties.  Indeed, Colliers' original deadline to file its Answer to the

Cross-Claim of Xpedient has not yet passed. But on June 4, 2026, Agilent propounded Requests for Admissions to Colliers, and on June 10, 2026, Xpedient filed very detailed and onerous Interrogatories and Requests for Production of Documents to Colliers, *see* [Docs 200, 201], despite Colliers producing its file in response to a Subpoena months ago. Again, Collier's former property manager for the subject property has taken another full-time job elsewhere which further complicates Colliers' defense of this case.

### 2. Good Cause Exists to Modify the Scheduling Order

Federal Rule of Civil Procedure 16(b)(4) allows a scheduling order to be modified for good cause. Good cause exists here because despite Colliers' diligence since being brought into this litigation, the current deadlines—particularly regarding expert disclosures—are not feasible.

### 2.1. The "Memorandum Confirming Term" and Voluminous Discovery

Since agreeing to the prior scheduling modification, Colliers has been diligently reviewing and assimilating the voluminous production in this case. In working on its Answer to Xpedient's crossclaim last weekend, on June 6, 2026, Colliers' counsel identified a critical document—a **signed and dated** "Memorandum Confirming Term" executed by St. Paul and Xpedient in October 2023, less than 3 months prior to the subject loss and at the heart of this controversy. *See* [**Exhibit B** hereto, Redacted]. During a recent meet and confer on June 8, 2026, in accordance with Fed. R. Civ. P. 26(f), counsel for the other parties all denied having ever seen this **signed and dated** document, despite a redacted, unsigned, undated version being attached as an exhibit to Plaintiff Agilent's Second Amended Complaint. *See* [Doc 137, sub-exhibit E to Exhibit C (Filed Under Seal)]. On information and belief after diligent search, this signed Memorandum was not previously produced by the parties who executed the document in the thousands of pages of documents otherwise produced and referenced above.

This newly discovered signed memorandum goes to the very heart of the controversy regarding responsibility for the utilities, and specifically gas at the subject warehouse, and is potentially dispositive of liability issues in this case. Colliers requires adequate time to conduct discovery surrounding this crucial document and integrate it into its defense strategy. Equally important on the issue of the relief requested herein, presumably the other parties will seek to have their experts modify or supplement their reports to address this document.

### 2.2. Unanticipated Need for Independent Expert Retention

The current Amended Scheduling Order, *see* [Doc. 185], requires Colliers to disclose its expert witnesses by the end of August. At the time Colliers reluctantly agreed to this deadline on May 14, 2026, it reasonably assumed that its co-defendant, property owner/landlord St. Paul had retained an expert to rebut Plaintiffs' and Xpedient's experts regarding the standard of care and liability, and that Colliers would not need its own expert proof in light of expected expert proof from St. Paul. However, Colliers has since discovered that St. Paul did not retain an expert.

Despite only recently being brought into the case, Colliers must now retain its own independent expert, but this is not feasible under existing deadlines. The experts for the other parties have had many months to review thousands of pages of documents and formulate their opinions. It is impossible and highly prejudicial to require Colliers to retain an expert, compile and provide to an expert the same voluminous records and the 200 pages of existing expert reports, expect the expert to be able to review the records and documents and submit a report, and Colliers make expert disclosures by the end of August, all while simultaneously responding to written discovery, and participating in weeks of party and 3rd party fact witness and 30(b)(6) depositions. This infeasibility is compounded by the newly discovered signed contract Memorandum referenced above that is not referenced at all in any prior experts' reports.

### 2.3. Colliers' Ongoing Cooperation

Colliers is not seeking this extension for the purpose of delay, has been working continuously on this case to get up to speed, and has actively cooperated with the existing parties to keep fact discovery moving forward. Colliers has agreed to allow its primary fact witness, former property manager Shellie Moses—who is no longer employed by Colliers—to be deposed in July along with some other party and non-party witnesses, even if the court grants the requested 90 day reset of the current deadlines and trial date. Even if the continuance is granted, Colliers has likewise agreed to participate in a second mediation in early September. Extending the remaining deadlines will simply ensure Colliers has a fair opportunity to defend itself without prejudicing the other parties.

### 3. Outcome of Meet and Confer

At the meet and confer on June 8, 2026, St. Paul, whose lead attorney withdrew days ago, agreed with Colliers that a 90-day reset was appropriate. Plaintiffs and Defendant-Cross Plaintiff Xpedient would not agree to any modification of the current Scheduling Order that altered the dispositive motion deadline and trial date, and downplayed the significance of the newly discovered contractual Memorandum Confirming Term referenced above, *see* [**Exhibit B**], or its impact on the schedule, which document Colliers and St. Paul believe could be dispositive evidence on the issue of their potential liability for this loss.

There was extensive discussion about the potential to extend Colliers' current deadlines and the dispositive motion deadline but not continue the trial date if such an agreement could still meet the calendar parameters of the court's standard Scheduling Order. But ultimately, this did not appear feasible to make a meaningful difference with respect to Colliers predicament, particularly with respect to the expert disclosure deadline. As a result, despite earlier assurances

that Plaintiffs and Xpedient would not oppose this motion for good cause, *see* [**Exhibit A**], they are now unwilling to agree to same.

### 4. Requested Relief

Based on the foregoing facts and circumstances, largely unknown to Colliers' counsel when he agreed to the current Scheduling Order 6 days after being retained, Colliers submits good cause exists pursuant to Fed. R. Civ. P. 16(b)(4) to grant the complete relief requested and decline the possible option to merely squeeze a few weeks of additional time into the current pretrial window. The objecting parties have had many months to fully review and assimilate the nearly twenty thousand pages of documents, complete written discovery, identify experts prepared to render opinions against Colliers, and they themselves have previously been granted extensions prior to Colliers' involvement. To the contrary, Colliers only began first receiving these documents 3 weeks ago and mere days ago fortuitously discovered it possessed a key contractual document executed between St. Paul and Xpedient that these parties had not previously produced *see* [**Exhibit B**]. Colliers is currently at a severe disadvantage and in an impossible situation with respect to the current expert disclosure deadline.

WHEREFORE, Colliers respectfully moves for an Order modifying and extending the remaining deadlines in the current Scheduling Order for 90 days and continuing the trial date for 90 days or for such other relief as the court deems appropriate.

*/s/ John W. Butler, Esq.*
John W. Butler, BPR #014771
Grant E. Mitchell, BPR #036878
BUTLER, VINES AND BABB, P.L.L.C.
2701 Kingston Pike, Knoxville, TN 37919
Phone/Fax: (865) 244-3925
jbutler@bvblaw.com
gmitchell@bvblaw.com
*Attorney for Defendant Colliers Management Services –
Memphis, LLC*

7

## CERTIFICATE OF CONSULTATION

I hereby certify that I consulted with all counsel pursuant to Local Rule 7.2(a)(1)(B), and Defendant St. Paul Fire and Marine Insurance Company agrees to the relief requested but Plaintiffs and Defendant Xpedient Management Group, LLC oppose the relief requested by Colliers.

BY:    */s/ John W. Butler, Esq.*
       JOHN W. BUTLER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of this, the foregoing document, was filed electronically through the Court's electronic filing system and has been served upon Amber S. Finch, Esq., Katherine Goetz, Esq., Margaret Clemans McDonald, Esq., Douglas F. Halijan, Esq., Brenden T. Holbrook, Esq., S. Joseph Wellborn, Esq., Sam D. Jones, Esq., Andrew B. Schrack, Esq., William P. Thomas, Esq., Elizabeth Thea Petras, Esq., Peter C. Sales, Esq., Sean W. Martin, Esq., Kannon C. Conway, Esq.

This the 10th day of June, 2026.

BY:    */s/ John W. Butler, Esq.*
       JOHN W. BUTLER