**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS**

| | | |
|---|---|---|
| AGILENT TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-02101-BCL-cgc |
| | ) | |
| XPEDIENT MANAGEMENT GROUP, LLC, ST. | ) | Judge Brian C. Lea |
| PAUL FIRE AND MARINE INSURANCE | ) | Magistrate Judge Charmiane Claxton |
| COMPANY, and COLLIERS MANAGEMENT | ) | |
| SERVICES – MEMPHIS, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| XPEDIENT MANAGEMENT GROUP, LLC., | ) | |
| | ) | |
| Cross-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ST. PAUL FIRE AND MARINE INSURANCE | ) | |
| COMPANY, and COLLIERS MANAGEMENT | ) | |
| SERVICES – MEMPHIS, LLC, | ) | |
| | ) | |
| Cross-Defendants. | ) | |
| _____ | ) | |
| | ) | |
| FACTORY MUTUAL INSURANCE CO., as | ) | Case No. 2:25-cv-02424-BCL-tmp |
| subrogee of Agilent Technologies, Inc., | ) | |
| | ) | JURY DEMANDED |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| XPEDIENT MANAGEMENT GROUP, LLC, ST. | ) | |
| PAUL FIRE AND MARINE INSURANCE | ) | |
| COMPANY, and COLLIERS MANAGEMENT | ) | |
| SERVICES – MEMPHIS, LLC, | ) | |
| | ) | |
| Defendants. | | |

**PLAINTIFFS' RESPONSE TO COLLIERS MANAGEMENT
SERVICES – MEMPHIS, LLC'S MOTION TO MODIFY
SCHEDULING ORDER**

COMES NOW Plaintiff Agilent Technologies, Inc. ("Agilent") and Plaintiff Factory Mutual Insurance Company ("Factory Mutual," with Agilent, "Plaintiffs"), by and through undersigned counsel, and submits this Response to the motion of defendant Colliers Management Services – Memphis, LLC ("Colliers") to modify the Amended Scheduling Order (Doc. 206).

Plaintiffs oppose Colliers' motion to the extent it seeks a 90-day extension of all present deadlines in this matter, including the trial currently scheduled for May 3, 2027. While Plaintiffs agree that some adjustment to certain fact and expert discovery deadlines, as well as the dispositive motion deadline, may be feasible given that trial is not scheduled to start for nearly 11 months, Colliers has not established good cause for a blanket 90-day extension of all deadlines, including the postponement of the trial date for at least 90 days (and quite possibly longer, depending on the Court's trial schedule).[1]  Plaintiffs briefly explain the basis for their position below.

Preliminarily, Plaintiffs acknowledge that defendant Colliers has only recently been added to this action and its counsel only recently retained.  Plaintiffs also acknowledge that the case itself was filed in January of 2025 and that the other parties have been participating in the action since that time.

After Colliers was served with the Amended Complaint and retained counsel, all parties, including Colliers, filed a Joint Motion for Entry of Amended Scheduling Order and for Status

---

[1] Plaintiffs each anticipate filing Motions for Partial Summary Judgment on certain issues related to liability and/or to certain of the defenses pled by one or more of the defendants.  Plaintiffs defer to the Court's preferences as to how long prior to the trial date that any deadline for the filing of dispositive motions should be and whether such necessitates a short adjustment to the trial date.

Conference on May 15, 2026 ("Joint Motion") (Doc. 182).  This Court granted the parties' Joint

Motion and entered the present Amended Scheduling Order on May 18, 2026.  (*See* Doc. 184-

185).  The dates set forth in that Amended Scheduling Order (Doc. 185) are the same dates as

proposed to the Court and agreed to by all the parties, including Colliers, in the Joint Motion.

Now, Colliers seeks an extension of all the deadlines that it agreed to only one month ago.  As

grounds for this request, Colliers asserts that information obtained after the filing of the Joint

Motion has led it to conclude that it needs significantly more time to complete fact and expert

discovery and prepare for trial.  However, Colliers does not identify any "new" information or

facts that were unavailable to it before the Joint Motion was filed.  For example, Colliers knew

that: (1)  approximately 18,000 pages of documents had been produced in this case at the time the

Joint Motion was filed, (2) third parties (including Colliers itself) had produced materials pursuant

to document subpoenas, and (3) five expert reports, totaling over 200 pages, had been exchanged.

This information was contained in the draft Joint Motion that Colliers approved and signed, and

which was ultimately filed with the Court.  (*See* Doc. 182 at 3; *id*. at 6).  Further, the fact that St.

Paul, a co-defendant in the matter, elected to forgo retaining and disclosing experts by the

applicable expert disclosure deadlines (Doc. 119 and 164) was certainly information that was

"knowable" to Colliers at the time of the Joint Motion, whether or not Colliers had actually

inquired of St. Paul about it.

Colliers also suggests that it has identified a "critical document"—specifically, a three page

"Memorandum Confirming Term" executed by St. Paul and Xpedient in October 2023—that

somehow weighs in favor of extending all the discovery and expert deadlines and the trial itself

for at least 90 days beyond the dates it agreed to one month ago.  But *why* Colliers believes such

document justifies its request for more time is not clear.  This Memorandum clearly should have

been produced much earlier by one or any of the defendants.  In fact, Colliers itself was served with a document subpoena in December 2025 to which this Memorandum was directly responsive.[2]  However, its delayed production would seem to prejudice Plaintiffs, if anyone, rather than justify Colliers' request for a 90-day extension of all deadlines.  And the factual and legal significance of the document can certainly be explored in depositions.

In sum, Plaintiffs acknowledge that Colliers and its counsel will be required to "catch up" on written discovery conducted in the matter prior to the time it was added as a defendant.  But Colliers is on equal footing with the other parties as to depositions as, to date, none have been taken.  Once it became clear that Colliers was a necessary defendant in the case, the other parties agreed to defer conducting depositions until Colliers' entry to avoid duplication of efforts and/or the need for witnesses to be deposed twice.  Thus, while Colliers certainly has to review written discovery previously conducted, the extensive documents produced, and to propound and/or respond to written discovery that is specific to it, depositions in the matter will commence for *all* parties at the same time during the week of July 14, 2026.

Accordingly, Plaintiffs maintain that Colliers has not articulated good cause for the 90-day extension it seeks as to all deadlines and the trial date itself.  As discussed by the parties in their lengthy meet-and-confer call on this issue, and as previously stated herein, Plaintiffs do *not* oppose an adjustment of the deadlines for completing discovery, making expert disclosures, and filing dispositive motions by a period of 30 to 45 days, given that such an extension would still allow several months between such amended deadlines and the May 3, 2027 trial date.  However,

---

[2]  Specifically, Colliers was asked to produce, "All Documents Concerning the Standard Commercial Lease, sublease, or any other agreement between St. Paul and Xpedient relating to the Cromwell Warehouse, including any amendments, addenda, or renewals."

Plaintiffs oppose Colliers' request to the extent an extension would require a lengthy postponement of trial.

Respectfully submitted this 15th day of June, 2026.

s/ Douglas F. Halijan
Douglas F. Halijan (BPR # 16718)
BURCH PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, TN 38103
Telephone: 901-524-5000
Facsimile: 901-524-5024
dhalijan@bpjlaw.com

Amber Finch (#222321) (admitted *pro hac vice*)
Margaret C. McDonald (#307008) (admitted *pro hac vice*)
Katherine P. Geotz (#346205) (admitted *pro hac vice*)
REED SMITH LLP
515 South Flower, Suite 4300
Los Angeles, CA 90071
Telephone: 213-457-8000
Facsimile: 213-457-8080
afinch@reedsmith.com
mcmcdonald@reedsmith.com
kgoetz@reedsmith.com

*Counsel for Plaintiff Agilent Technologies, Inc.*

s/ S. Joseph Welborn
Samuel Joseph Welborn, BPR # 21747
Brenden T. Holbrook, BPR # 39485
SMITH CASHION & ORR
W. End Ave., Ste. 800
Nashville, TN 37203
jwelborn@smithcashion.com
bholbrook@smithcashion.com

*Counsel for Plaintiff Factory Mutual Insurance Company*

5