**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**AGILENT TECHNOLOGIES, INC.,**

   **Plaintiff,**

v.                                                          **Case 2:25-cv-02101-BCL-cgc**

**XPEDIENT MANAGEMENT GROUP, LLC and
ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**

   **Defendants.**

---

### REPORT AND RECOMMENDATION

---

Before the Court, by way of Order of Reference (D.E. # 97), is Plaintiff Agilent Technologies, Inc.'s Motion to Compel discovery responses filed on February 13, 2026 (D.E. # 96). The Motion sought an order compelling Defendant St. Paul Fire and Marine Insurance Company ("St. Paul") to produce responses to the Second Set of Requests for Production and First Set of Special Interrogatories propounded on December 22, 2025. Plaintiff also requested that objections be waived and that the costs of this Motion be assessed against St. Paul. St. Paul filed a notice of service of the discovery responses on February 16, 2026 (D.E. # 98) and a response in opposition to the motion on February 27, 2026 (D.E. # 100). Pursuant to notice, a hearing on the motion was held on March 12, 2026 via Teams videoconference. (D.E. # 117)

At the hearing and through an order entered after the hearing the motion was granted. (D.E. # 129) Plaintiff was ordered to file its affidavit of fees and expenses and St. Paul was to file any response indicating circumstances which would make an award of expenses unjust. Plaintiff filed its fee affidavit on March 19, 2026. (D.E. # 126) St. Paul filed its response in

opposition on March 26, 2026.   (D.E. # 132)

"If the requested discovery is provided after [a motion to compel] was filed - the court must, after giving an opportunity to be heard, require the party… whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."   Fed.R.Civ.P 37(a)(5)(A)

The court is not to order payment if

"(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust."
Fed. R. Civ. P.   37(a)(5)(A)

Plaintiff submits a declaration of lead counsel requesting $9,367.50 for 21.6 hours of work related to the instant motion.   (D.E. # 126)   St. Paul makes two arguments in response – first, that an award of fees and expenses would be unjust because St. Paul made a good faith effort to satisfy its discovery obligations and that any prejudice to Plaintiff has been eliminated by the extension to the discovery deadline and second, that the amount sought is unreasonable.   (D.E. # 132)

It is recommended that St. Paul's first argument is unavailing.   Plaintiff propounded discovery December 22, 2025 and the discovery responses were not tendered until February 27, 2026 – 11 days after the motion to compel was filed.   Plaintiff's counsel corresponded with counsel for St. Paul multiple times prior to filing the motion, apparently to no avail.   St. Paul relies on an order denying an award of attorney fees and costs in *In re AME Church Emp. Ret. Fund Litig.*, No. 22-md-03035-STA-jay, D.E. # 770   (W.D. Tenn. Mar. 20, 2025) for the proposition that an overdue discovery response does not justify an award where the responding party made good faith attempts to comply with the discovery requests.   (D.E. # 132, PageID 1003)   The cases

2

are not similarly situated.   In *In re AME*, Judge York noted that the responding party had recently been added to a complex multi-district litigation case and that the responding party had made efforts to comply with the requests.   By contrast, this case is not a complex multi-district litigation case and St. Paul has not been recently added to the case.

It is recommended that St. Paul's argument regarding the reasonableness of the fee award has some merit.   St. Paul makes general arguments that the size of the award requested makes the award unjust.   The only specific argument made by St. Paul relates to entries for the drafting of a reply brief and that argument is made in a footnote.   Plaintiff's motion to file reply (D.E. # 108) was denied as moot at the hearing on the motion to compel.   (D.E. # 117)   The chart below reflects charges related to the drafting of the reply brief:

| Date | Attorney | Time | Rate | Amount |
|---|---|---|---|---|
| 3/2/2026 | DFH | 2.1 | $575 | $1207.50 |
| 3/3/2026 | DFH | 0.5 | $575 | $287.50 |
| 3/3/2026 | ERM | 1.0* | $300 | $300.00 |
| 3/4/2026 | ERM | 0.5* | $300 | $150.00 |
| 3/5/2026 | ERM | 0.8 | $300 | $240.00 |

*Itemization included several items related generally to the motion to compel. Time shown in the chart is what has been allocated for the reply brief

The total for the charges related to the reply brief is $2,185.   It is recommended that this amount should be deducted from the total amount requested by Plaintiff.

3

Based on the foregoing, it is RECOMMENDED that Plaintiff's request for attorney's fees occasioned by St. Paul's failure to respond to discovery until after Plaintiff filed its motion to compel be GRANTED IN PART and that Plaintiff be awarded $7,182.50.

Signed this 16th day of June 2026.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**