UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| AGILENT TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-02101-BCL-cgc |
| | ) | |
| XPEDIENT MANAGEMENT GROUP, LLC and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |
| XPEDIENT MANAGEMENT GROUP, LLC., | ) | |
| | ) | |
| Cross-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, | ) ) | |
| | ) | |
| Cross-Defendant | ) | |
| | ) | |
| | ) | |
| FACTORY MUTUAL INSURANCE CO., as subrogee of Agilent Technologies, Inc., | ) ) | Case No. 2:25-cv-02424-BCL-tmp |
| | ) | JURY DEMANDED |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| XPEDIENT MANAGEMENT GROUP, LLC and ST. PAUL FIRE AND MARINE INSURANCE COMPANY | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**THIRD AMENDED SCHEDULING ORDER**

**FILING DISPOSITIVE MOTIONS:** January 11, 2027

**MOTIONS IN LIMINE:** May 10, 2027

**JOINT PROPOSED PRETRIAL ORDER:** July 8, 2027

The Joint Proposed Pretrial Order shall be prepared in accordance with the template available on the Court's website (Judge Brian Lea | Western District of Tennessee | United States District Court). In addition to being filed, the Joint Proposed Pretrial Order shall be emailed in Word format to: ECF_Judge_Lea@tnwd.uscourts.gov.

**JOINT TRIAL PLAN AND EXHIBIT LIST:** July 8, 2027

The Joint Trial Plan and Joint Exhibit List should be prepared in accordance with the templates available on the Court's website (Judge Brian Lea | Western District of Tennessee | United States District Court).

**INDIVIDUALLY FILED WITNESS LISTS AND DEPOSITION DESIGNATIONS (AND OBJECTIONS THERETO AND COUNTER DESIGNATIONS):** July 8, 2027

Each party shall separately file its own witness list and deposition designations after conferring with the opposing party or parties concerning their positions, which shall be noted in the filings.

1. The **witness list** should indicate who will be called, in the absence of reasonable notice to the contrary, and those witnesses who only may be called. For each witness, the party calling the witness shall (1) provide a brief description of the subject matter and substance of the testimony and (2) identify those witnesses being called as expert witnesses. Any objection to a witness's testimony in general shall be noted in the witness list.

2. The **deposition designations** shall indicate those witnesses who will appear by deposition. The designating party shall: (1) identify the witness, (2) provide a brief explanation of the subject matter and substance of the testimony, (3) cite the inclusive pages and lines to be presented (and only those pages and lines), and (4) indicate whether the testimony will be offered in video form. Any objections to such testimony shall be noted, including the pages and lines. The filing shall similarly set out any counterdesignations.

**JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORM, OR PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, AS APPLICABLE:** July 8, 2027

The parties need not agree on each proposed jury instruction, but they shall file their proposed jury instructions and verdict forms, including substantive claims and defenses, in a single joint filing. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Language proposed only by a plaintiff shall be underlined. Language proposed only by a defendant shall be italicized. Every instruction must be supported by citation to authority.

In addition to filing the joint jury instructions and verdict form on CM/ECF, the parties shall submit that filing, in Word format, via email to ECF_Judge_Lea@tnwd.uscourts.gov, by the specified deadline set forth above.

**PRETRIAL CONFERENCE DATE:** July 15, 2027

**TRIAL MEMORANDA:** Each party shall submit a trial memorandum by July 26, 2027

**JURY TRIAL:** August 9, 2027

Trial is anticipated to last approximately 9-12 days. The parties do not consent to trial before the Magistrate Judge.

**OTHER RELEVANT MATTERS**:

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the Court approves the parties' e-discovery plan.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions may be scheduled to occur after the discovery deadline. All motions, discovery requests, or other filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service.

The parties are ordered to engage in ADR before the deadline set forth above. Under ADR Rule 5.11(b) the mediator is to file a Mediation Certification within seven (7) days after the close of the mediation session reporting the date of the session, whether the case settled as a whole or in

part and whether any follow up is scheduled.  Pursuant to Local Rule 16.3(d), within seven (7) days of the ADR certification, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall, be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion.  **Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.**

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

***This Order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this Order will not be modified or extended.***

**IT IS SO ORDERED**, this 8th day of July, 2026.

*s/Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

4