**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**AGILENT TECHNOLOGIES, INC.,**

Plaintiff,

v.

**XPEDIENT MANAGEMENT GROUP, LLC, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, and COLLIERS MANAGEMENT SERVICES – MEMPHIS, LLC,**

Defendants.

No. 2:25-cv-02101-BCL-cgc

---

**XPEDIENT MANAGEMENT GROUP, LLC,**

Cross-Plaintiff,

v.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, and COLLIERS MANAGEMENT SERVICES – MEMPHIS, LLC,**

Cross- Defendants.

---

**FACTORY MUTUAL INSURANCE CO.,**
as Subrogee of **AGILENT TECHNOLOGIES, INC.,**

Plaintiff,

v.

**XPEDIENT MANAGEMENT GROUP, LLC, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, and COLLIERS MANAGEMENT SERVICES – MEMPHIS, LLC,**

Defendants.

**NOTICE OF 30(b)(6) DEPOSITION OF AGILENT TECHNOLOGIES, INC.**

Pursuant to Rule 30(b)(6) of the *Federal Rules of Civil Procedure*, the undersigned counsel for Defendant/Cross-Defendant St. Paul Fire and Marine Insurance Company will conduct the deposition upon oral examination of the 30(b)(6) representative of Agilent Technologies, Inc. ("Agilent") before an officer authorized by law to administer oaths. The deposition will take place on September 29, 2026 at 10:00 a.m. at the offices of Butler Snow LLP located at 6075 Poplar Avenue, Suite 500, Memphis, Tennessee 38119. A Zoom link will be provided for those not attending in person.

Agilent is required to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf as to matters known or reasonably available to Agilent.

The deposition shall continue for the time permitted under the *Federal Rules of Civil Procedure*, including any adjournment thereof with testimony recorded by stenographic means. The deposition is being taken for pre-trial discovery, for use at trial, and for all other purposes as may be permitted by law.

St. Paul Fire and Marine Insurance Company hereby incorporates by reference all definitions and matters for examination set forth in the Amended Notice of 30(b)(6) Deposition of Agilent Technologies, Inc. filed by Xpedient Management Group, LLC. In addition to those topics, examination is also requested on the following additional matters:

1. Agilent's knowledge of Zach Livingston, including but not limited to: (a) Agilent's understanding of Zach Livingston's role, title, and responsibilities at the Cromwell Warehouse; (b) all communications between any Agilent personnel and Zach Livingston, including the frequency, method, and subject matter of such communications; (c) any instructions, directives, or requests made by Agilent to Zach Livingston or received from Zach Livingston; (d) Agilent's

understanding of Zach Livingston's authority to act on behalf of Xpedient, including any representations made by Xpedient or Zach Livingston regarding the scope of such authority; (e) whether Agilent relied on Zach Livingston as a point of contact or decision-maker for Xpedient's operations at the Cromwell Warehouse; and (f) Agilent's understanding of Zach Livingston's authority to act on behalf of Agilent, including any tasks, responsibilities, or functions performed by Zach Livingston at Agilent's direction or for Agilent's benefit.

2. All training, instruction, direction, and information provided by Agilent to any Xpedient employees and personnel at the Cromwell Warehouse, including but not limited to: (a) any training, instruction, or direction provided by Agilent or any Agilent personnel directly to Zach Livingston or any other Xpedient employee regarding the handling, storage, management, or protection of Agilent's Inventory at the Cromwell Warehouse; (b) any requirements, expectations, or specifications Agilent communicated to Xpedient regarding the training, qualifications, or competency of warehouse personnel; (c) Agilent's knowledge of any training portal, training program, or training system used by Xpedient for its employees, including whether Agilent had access to, reviewed, or received reports from any such system; (d) any training materials, manuals, guides, protocols, or standard operating procedures created, provided, or required by Agilent for use by Xpedient personnel at the Cromwell Warehouse; (e) Agilent's knowledge of the supervision and oversight of Xpedient employees at the Cromwell Warehouse, including the chain of command and reporting structure; (f) any complaints, concerns, or observations by Agilent regarding the adequacy of training, supervision, or staffing of Xpedient personnel at the Cromwell Warehouse; and (g) any communications between Agilent and Xpedient regarding the performance, competency, or conduct of specific Xpedient employees, including Zach Livingston.

3. All measures Agilent took, required, requested, or expected to protect its Inventory from water damage at the Cromwell Warehouse, including but not limited to: (a) any specifications, requirements, or instructions provided by Agilent to Xpedient regarding the protection of Inventory from water, moisture, or humidity; (b) Agilent's knowledge of the type of fire suppression system installed at the Cromwell Warehouse, including whether Agilent knew the facility utilized a wet sprinkler system; (c) any assessment, analysis, or evaluation conducted by Agilent regarding the risk of water damage to its Inventory from the fire suppression system or any other water source at the Cromwell Warehouse; (d) any measures Agilent took or requested to mitigate the risk of water exposure to its Inventory, including protective coverings, elevated storage, waterproof packaging, relocation of Inventory away from sprinkler heads or water lines, or any other precautionary steps; (e) any communications between Agilent and Xpedient, Colliers, St. Paul, or any third party regarding the risk of water damage to Inventory stored at the Cromwell Warehouse; and (f) whether Agilent verified, audited, or inspected the adequacy of any water-damage prevention measures at the Cromwell Warehouse at any time prior to the Water Intrusion Event.

You are invited to attend and participate. All or a portion of the deposition may be recorded by video.

Respectfully submitted,

**CARR ALLISON**

BY: /s/ Sean W. Martin

**SEAN W. MARTIN, BPR #020870**
**BRITTANY N. LEZU, BPR #043144**
*Attorneys for St. Paul Fire and Marine Insurance Co.*
633 Chestnut Street, Suite 2000
Chattanooga, TN 37450
(423) 648-9832 / (423) 648-9869 FAX
swmartin@carrallison.com
blezu@carrallison.com

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that the foregoing document has been delivered to all counsel for parties in this cause by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by hand delivering same to each such attorney as follows:

Douglas F. Halijan, Esq.
BURCH, PORTER & JOHNSON, PLLC
130 North Court Ave.
Memphis, TN 38103
dhalijan@bpjlaw.com

William Thomas, Esq.
Andrew B. Schrack, Esq.
BUTLER SNOW LLP
6075 Poplar Ave., Suite 500
Memphis, TN 38119
Will.thomas@butlersnow.com
Andrew.schrack@butlersnow.com

Peter Sales, Esq.
Elizabeth Thea Petras, Esq.
BRADLEY ARANT BOULT CUMMINGS, LLP
1221 Broadway, Suite 2400
Nashville, TN 37203
Psales@bradley.com
bpetras@bradley.com

S. Joe Wellborn, Esq.
Brenden T. Holbrook, Esq.
SMITH CASHION & ORR, PLC
3100 West End Ave., Suite 800
Nashville, TN 37203
jwelborn@smithcashion.com

Amber S. Finch, Esq.
Margaret McDonald, Esq.
Katherine P. Goetz, Esq.
REED SMITH, LLP
515 South Flower St. Suite 4300
Los Angeles, CA 90071
afinch@reedsmith.com
mcmcdonald@reedsmith.com
kgoetz@reedsmith.com

John W. Butler, Esq.
BUTLER, VINES AND BABB, PLLC
2701 Kingston Pike
Knoxville, TN 37919
jbutler@bvblaw.com

This 17th day of September 2026.

BY: /s/ Sean W. Martin
**SEAN W. MARTIN, ESQ.**
**BRITTANY N. LEZU, ESQ.**