**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**AGILENT TECHNOLOGIES, INC.,**

**Plaintiff,**

**v.**

**XPEDIENT MANAGEMENT GROUP, LLC and ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**

**Defendants**

---

**XPEDIENT MANAGEMENT GROUP, LLC.,**

**Cross-Plaintiff,**

**v.**

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**

**Cross-Defendant**

---

**FACTORY MUTUAL INSURANCE CO., as subrogee of Agilent Technologies, Inc.,**

**Plaintiff,**

**v.**

**XPEDIENT MANAGEMENT GROUP, LLC and ST. PAUL FIRE AND MARINE INSURANCE COMPANY**

**Defendants.**

**Case No. 2:25-cv-02101-BCL-cgc**

**Case No. 2:25-cv-02424-BCL-tmp**

**JURY DEMANDED**

## ORDER DENYING MOTION TO EXTEND DEADLINE

The Court has before it the Parties' Motion to Extend Deadlines (Doc. 261) which were set in the Third Amended Scheduling Order (Doc. 228), which itself simply adjusted the trial date to accommodate counsel. The Second Amended Scheduling Order extended certain discovery deadlines, and adjusted the trial date, to accommodate a new Party.

The Motion is **DENIED**. The Parties offer three reasons for the requested extension, none of which establish good cause. First, they seek to postpone certain discovery deadlines until after mediation "for the sake of efficiency and cost." But discovery proceeds independently of mediation and, if anything, discovery should make for a more informed and productive mediation. Second, the Parties note that certain insurers dispute coverage, but they offer no explanation for how or why that should impact the discovery schedule (but not, apparently, the mediation and trial schedules). Third, the Parties note that discovery has taken longer than expected. But the Parties provide no specifics concerning those difficulties, and this matter has been pending since January 2025 and the Parties earlier moved for an extension under which they would complete all discovery by May of 2026 (then later again extended to October 26, 2026, then to December 11, 2026)--meaning that the Parties have seemingly had plenty of time to take discovery and should have been diligently working well before now to bring discovery to a close. Docs. 119, 214. The Court also observes that the Parties' proposed schedule would move *Daubert* motions until after dispositive motions, which would do a great deal to undercut the utility of dispositive motions practice.

**IT IS SO ORDERED**, this 14th day of October, 2026.

*s/Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE