**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**AGILENT TECHNOLOGIES, INC., PLAINTIFF**

**VS CASE NO. 2:25-cv-02101-BCL-cgc**

**XPEDIENT MANAGEMENT GROUP, LLC,
ST.PAUL FIRE AND MARINE INSURANCE COMPANY,
COLLIERS MANAGEMENT SERVICES-MEMPHIS, LLC DEFENDANTS**

---

**EXPEDIENT MANAGEMENT GROUP, LLC, CROSS PLAINTIFF**

**VS**

**ST PAUL FIRE AND MARINE INSURANCE COMPANY CROSS-DEFENDANTS
and COLLIERS MANAGEMENT SERVICES-MEMPHIS, LLC**

---

**FACTORY MUTUAL INSURANCE CO., AS
SUBROGEE OF AGILENT TECHNOLOGIES, Inc. PLAINTIFF**

**V.**

**XPEDIENT MANAGEMENT GROUP, LLC
and ST. PAUL FIRE AND MARINE INSURANCE COMPANY
and COLLIERS MANAGEMENT SERVICES-MEMPHIS, LLC DEFENDANTS**

---

**XPEDIENT MANAGEMENT GROUP, LLC'S MOTION FOR LEAVE TO AMEND RESPONSES TO REQUESTS FOR ADMISSION NOS. 2 AND 5**

---

Defendant Xpedient Management Group, LLC ("Xpedient") moves under Federal Rule of Civil Procedure 36(b) for leave to withdraw its prior responses to request for admissions to Nos. 2 and 5 of Agilent's First Set of Requests for Admission and serve the proposed amended responses attached as Exhibit A and Original Responses Exhibit B. The requested changes are limited to two factual issues addressed in Zachary Livingston's September 16, 2026 deposition:

1. RFA No. 2: Xpedient seeks to deny that it knew the gas meter was locked at least sixty days before the January 17, 2024 Water Intrusion Event, while admitting knowledge by

December 1, 2023. Livingston testified that he learned the inspection results when Crowe emailed him its invoice on December 1, not when Crowe performed its November 16 inspection. Ex. C, Livingston Dep. 88:18-23, 135:3-16.

2. RFA No. 5: Xpedient seeks to withdraw its admission that no portable heaters were located in its leased premises and acknowledge the portable heaters described by Livingston, including one he used in his office before the event. Ex. C, Livingston Dep. 138:7-21, 139:1-13, 140:1-9.

The amendments would permit these issues to be decided on the evidence rather than admissions inconsistent with the subsequently developed testimony. Agilent examined Livingston about both subjects and remains free to challenge his account. Xpedient requests no change to the scheduling order. The grounds for relief are further addressed in the accompanying memorandum.

WHEREFORE, Xpedient requests an order permitting withdrawal of its prior admissions in responses Nos. 2 and 5 and authorizing service of the amended responses in Exhibit A.

This the 19th day of October 2026.

Respectfully submitted,

*/s/ William P. Thomas*

William P. Thomas (MS 102209)
Andrew B. Schrack (TN 037624)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Telephone: (901) 680-7200
will.thomas@butlersnow.com
Andrew.schrack@butlersnow.com

Counsel for Xpedient Management Group, LLC

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.2(a)(1)(B), I certify that on October 16, 2026 I consulted with counsel for all parties by email and on October 19, 2026 by phone concerning this motion. Counsel would not indicate whether they would oppose the motion or not.

*/s/ William P. Thomas*
William P. Thomas

## CERTIFICATE OF SERVICE

I certify that on October 19, 2026, I served the foregoing motion and its exhibits on all counsel of record through the electronic filing system.

*/s/ William P. Thomas*
William P. Thomas