**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**AGILENT TECHNOLOGIES, INC., PLAINTIFF**

**VS CASE NO. 2:25-cv-02101-BCL-cgc**

**XPEDIENT MANAGEMENT GROUP, LLC,**
**ST.PAUL FIRE AND MARINE INSURANCE COMPANY,**
**COLLIERS MANAGEMENT SERVICES-MEMPHIS, LLC DEFENDANTS**

**EXPEDIENT MANAGEMENT GROUP, LLC, CROSS PLAINTIFF**

**VS**

**ST PAUL FIRE AND MARINE INSURANCE COMPANY CROSS-DEFENDANTS**
**and COLLIERS MANAGEMENT SERVICES-MEMPHIS, LLC**

**FACTORY MUTUAL INSURANCE CO., AS**
**SUBROGEE OF AGILENT TECHNOLOGIES, Inc. PLAINTIFF**

**V.**

**XPEDIENT MANAGEMENT GROUP, LLC**
**and ST. PAUL FIRE AND MARINE INSURANCE COMPANY**
**and COLLIERS MANAGEMENT SERVICES-MEMPHIS, LLC DEFENDANTS**

---

# MEMORANDUM OF FACTS AND LAW SUPPORTING XPEDIENT'S MOTION FOR LEAVE TO AMEND RESPONSES TO REQUESTS FOR ADMISSION NOS. 2 AND 5

---

## LEGAL STANDARD

Under Fed. R. Civ. P. 36(b), the Court may permit amendment of an admission if doing so promotes the presentation of the merits and does not prejudice the requesting party in maintaining or defending the action. The Court has considerable discretion, and prejudice means

special difficulty obtaining evidence—not merely having to prove a previously admitted fact. *Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 154 (6th Cir. 1997).

**RFA NO. 2**

Xpedient admitted knowing the gas meter was locked at least sixty days before the January 17, 2024 loss. Ex. B, RFA No. 2. Crowe Heating & Air inspected the equipment on November 16, 2023, but Zachary Livingston testified that he first learned the meter was locked when Crowe emailed its invoice on December 1, 2023 and not before. Ex. C, Livingston Dep. 88:19–23, 135:3–12, 271:14–18. Xpedient seeks to deny the sixty-day allegation while admitting knowledge by December 1.

**RFA NO. 5**

Xpedient admitted no portable heaters were in its leased premises at the time of the loss. Ex. B, RFA No. 5. Livingston testified that two small infrared heaters were present in the building and that he used one at his office desk before the loss. Ex. C, Livingston Dep. 138:7–21, 139:1–13, 140:1–9. The proposed response acknowledges these heaters without claiming either was operating when the loss occurred.

**THE AMENDMENTS SATISFY RULE 36(B)**

Withdrawal would permit these factual issues to be decided on the evidence rather than on categorical admissions inconsistent with the subsequently developed testimony. Agilent examined Livingston about both subjects and may challenge his account. No deadline extension is requested, and Agilent faces no special difficulty obtaining evidence from these amendments. See *Kerry Steel*, 106 F.3d at 154.

## CONCLUSION

Xpedient respectfully requests leave to withdraw its prior admissions to RFAs Nos. 2 and 5 and *serve* the proposed amended responses attached to the motion as Exhibit A.

This the 19th day of October 2026.

Respectfully submitted,

*/s/ William P. Thomas*

William P. Thomas (MS 102209)
Andrew B. Schrack (TN 037624)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Telephone: (901) 680-7200
will.thomas@butlersnow.com
Andrew.schrack@butlersnow.com

Counsel for Xpedient Management Group, LLC

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.2(a)(1)(B), I certify that on October 16, 2026 I consulted with counsel for all parties by email and on October 19, 2026 by phone concerning this motion. Counsel would not indicate whether they would oppose the motion or not.

*/s/ William P. Thomas*
William P. Thomas

**CERTIFICATE OF SERVICE**

I certify that on October 19, 2026, I served the foregoing motion and its exhibits on all counsel of record through the electronic filing system.

/*s/ William P. Thomas*
William P. Thomas