# EXHIBIT H

**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**AGILENT TECHNOLOGIES, INC.,**
**Plaintiff,**
**v.**

**Case No. 2:25-cv-02101-MSN-cgc**

**XPEDIENT MANAGEMENT GROUP, LLC and ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**
**Defendants.**

---

**XPEDIENT MANAGEMENT GROUP, LLC**

**Cross-Plaintiff,**
**v.**
**ST. PAUL FIRE AND MARINE INSURANCE COMPANY**

**Cross-Defendant.**

---

**XPEDIENT MANAGEMENT GROUP, LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES**

---

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Xpedient Management Group, LLC ("Xpedient") hereby responds to Plaintiff's First Set of Special Interrogatories.

**FIRST SET OF SPECIAL INTERROGATORIES**

**INTERROGATORY NO. 1:** Describe in detail all measures taken to prepare and/or protect the Cromwell Warehouse against inclement weather, including, without limitation, freezing temperatures, from January 1, 2023 to the present, including, without limitation, the date(s) each measure was taken, Identifying the person(s) who performed or directed each measure, and Identifying the Documents which evidence these measures.

**RESPONSE: Xpedient objects to this Interrogatory to the extent it is overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks a detailed**

**<u>RESPONSE:</u> Xpedient objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). The Interrogatory seeks an exhaustive, detailed catalog of each source of heat at the Cromwell Warehouse over an expansive time period, including granular information regarding specifications, capacities, installation and removal dates, and periods of operation, without any reasonable limitation as to relevance or burden. The request is not narrowly tailored to the claims or defenses at issue and seeks information far beyond what is reasonably calculated to lead to the discovery of admissible evidence.**

**Subject to and without waiving these objections, Xpedient will make the premises available for an inspection to allow Plaintiff to gather details on the systems requested. The Cromwell Warehouse's permanent source of heat was the building's HVAC system, which was designed to operate using natural gas supplied through MLGW.**

**<u>INTERROGATORY NO. 3:</u>** Describe in detail the specific dates between January 1, 2023 and the present on which the HVAC system at the Cromwell Warehouse was capable of providing heat, and for each such date state the start and end times of these capabilities, the areas or zones served, and any interruptions, outages, or curtailments.

**<u>RESPONSE:</u> Xpedient lacks sufficient information to identify specific dates or times during which the HVAC system was capable of providing heat. Based on Xpedient's knowledge and the documents produced in this action, Xpedient is not aware of any dates between June 1, 2023 (commencement of its lease) and April 10, 2024 on which the HVAC system at the Cromwell Warehouse was capable of providing heat to the warehouse space used by Xpedient. Xpedient has no knowledge of the capabilities of the heating system before the commencement of its lease. The HVAC system relied on natural gas service, and the gas**

**line serving the relevant portion of the warehouse was not operational during that period. The natural gas service was connected and functional on or about April 10, 2024.**

**INTERROGATORY NO. 4:** Describe in detail all measures taken to establish, maintain, restore, monitor, test, or improve the operational status of the gas meter(s), and all associated components, including, without limitation, the gas regulator, serving the Cromwell Warehouse from January 1, 2023 to the present, including, without limitation, the date(s) each measure was taken, Identifying the person(s) who performed or directed each measure, and Identifying the Documents which evidence these measures.

**RESPONSE:** **Xpedient objects to this Interrogatory to the extent it is overbroad, unduly burdensome, and seeks information not proportional to the needs of the case. The Interrogatory improperly assumes that Xpedient had possession, custody, or control over the gas meter(s), gas regulator, or related utility infrastructure serving the Cromwell Warehouse, and further assumes that Xpedient was responsible for establishing, maintaining, restoring, monitoring, testing, or improving the operational status of those systems.**

**Pursuant to Federal Rule of Civil Procedure 33(d), Xpedient refers Plaintiff to documents produced in discovery that provide details of the measures taken to establish, maintain, restore, monitor, test or improve the operational status of the gas meter and all associated components. Xpedient's measures consisted of communications and coordination efforts with the property owner, property manager, MLGW, and HVAC vendors regarding the status of gas service, required inspections, metering issues, and steps necessary to activate gas service. These efforts included requesting clarification from MLGW regarding account**

**without limitation: (a) the allocation of responsibility for building systems, utilities, and mechanical infrastructure under the Standard Commercial Lease; (b) the absence of Xpedient's ownership, possession, custody, or control over the building's permanent gas, HVAC, plumbing, and fire sprinkler systems; (c) the actions and omissions of third parties, including the property owner, its property manager, and utility providers; (d) contractual limitations, defenses, and conditions precedent applicable to Agilent's claims; and (e) Agilent's and/or third parties' own acts or omissions. Xpedient further states that the legal and factual bases for its denial of liability are set forth in its Answer & Defenses to the Amended Complaint (Doc. #84), which are incorporated herein by reference.**

This 4th day of February 2026.

William P. Thomas (MS 102209)
Andrew B. Schrack (TN 037624)
**BUTLER SNOW LLP**
6075 Poplar Ave., Ste. 500
Memphis, TN 38119
T: 901-680-7200
F: 901-680-7201
will.thomas@butlersnow.com
andrew.schrack@butlersnow.com

*Attorneys for Defendant Xpedient Management Group, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2026 a true and correct copy of the foregoing document has been served via e-mail and/or U.S. Mail, on the following counsel of record:

Douglas F. Halijan
Elena R. Mosby
BURCH PORTER & JOHNSON, PLLC
130 North Court Avenue Memphis, TN 38103
dhalijan@bpjlaw.com
emosby@bpjlaw.com

Douglas F. Halijan Elena R. Mosby
BURCH PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, TN 38103
dhalijan@bpjlaw.com
emosby@bpjlaw.com

Attorneys *for Plaintiff*

Sean W. Martin
Michael J. Petherick
CARR ALLISON
633 Chestnut Street, Suite 2000
Chattanooga, TN 37450
T: 423.648.9832
swmartin@carrallison.com
mpetherick@carrallison.com

*Attorneys for Defendant St. Paul Fire and Marine Insurance Company*

Samuel Joseph Welborn
Jefferson C. Orr
SMITH CASHION & ORR, PLC
3100 West End Ave., Ste. 800
Nashville, TN 37203
jwelborn@smithcashion.com
jorr@smithsachion.com

*Attorneys for Defendant Factory Mutual Insurance Company*

William P. Thomas

**VERIFICATION**

BEFORE ME, the undersigned notary public, on this day personally appeared Nathaniel Haynes, Chief Financial Officer, Xpedient Logistics, who, being by me duly sworn on his oath, stated that he has read the foregoing Xpedient Management Group, LLC's Responses to Plaintiff's First Set of Special Interrogatories and that the answers contained therein are true and correct to the best of his knowledge, information and belief and that those facts of which he does not have personal knowledge, he believes to be true and correct based upon the knowledge, information and belief of others.

NATHANIEL HAYNES

SUBSCRIBED AND SWORN TO BEFORE ME on this the 18 day of February, 2026, to certify which witness my hand and official seal.

NOTARY PUBLIC

My Commission Expires:

NOTARY PUBLIC STATE OF OHIO
MADELYN P FISHER
Notary Public
State of Ohio
My Comm. Expires
January 20, 2029

99431265.v1