**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **AGILENT TECHNOLOGIES, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**XPEDIENT MANAGEMENT GROUP, LLC, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, and COLLIERS MANAGEMENT SERVICES — MEMPHIS, LLC,**<br><br>Defendants. | * | No. 2:25-cv-02101-BCL-cgc |
| **XPEDIENT MANAGEMENT GROUP, LLC,**<br><br>Cross-Plaintiff,<br><br>v.<br><br>**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, and COLLIERS MANAGEMENT SERVICES — MEMPHIS, LLC,**<br><br>Cross-Defendants. | * | |
| **FACTORY MUTUAL INSURANCE CO., as Subrogee of AGILENT TECHNOLOGIES, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**XPEDIENT MANAGEMENT GROUP, LLC, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, and COLLIERS MANAGEMENT SERVICES — MEMPHIS, LLC,**<br><br>Defendants. | * | |

# MOTION TO REVISE ORDER DENYING MOTION TO EXTEND DEADLINES [DOC. 262] AND TO MODIFY CERTAIN NON-TRIAL DEADLINES

Plaintiff Agilent Technologies, Inc. ("Agilent"), Plaintiff Factory Mutual Insurance Company ("Factory Mutual") and Defendants and Cross-Defendants St. Paul Fire and Marine Insurance Company ("St. Paul") and Colliers Management Services – Memphis, LLC ("Colliers") respectfully request, as their most immediate relief, a one-day extension of the Court's November 18, 2026 mediation deadline to November 19, 2026, the date on which they have scheduled mediation with John Griffin. Defendant and Cross-Plaintiff Xpedient Management Group, LLC ("Xpedient") does not join in this motion, but it does not oppose the relief requested. Even if no other dates are modified, the parties ask the Court to permit mediation to proceed on that scheduled date. The parties also request limited modifications to the expert-deposition and related motion deadlines. In light of the Court's October 14, 2026 Order [Doc. 262], the moving parties respectfully submit additional facts not adequately presented in their prior motion and a revised scheduling proposal addressing the concerns expressed in the Order. They seek this relief under *Federal Rules of Civil Procedure* 16(b)(4) and 54(b) and Local Rule 7.3.

## INTRODUCTION

The parties recognize and respect the Court's reasons for denying their earlier request. As the Court explained, discovery proceeds independently of mediation and can make mediation more informed and productive. The Order also observed that the prior motion lacked specifics concerning the insurance coverage dispute and the difficulties encountered in completing discovery, and that the proposed sequence of *Daubert* and dispositive motions would impair the usefulness of dispositive motion practice. [Doc. 262 at 2.] The parties appreciate those concerns. They do not seek to challenge the Court's reasoning, but instead offer additional factual detail that

their earlier motion did not adequately provide and ask the Court to consider a more limited, revised schedule.

The most immediate issue is the mediation date. After the October 20, 2026 mediation was canceled because of unresolved participation by the liability insurers, the parties sought a mediator able to address both the underlying claims and the related coverage issues. They have now scheduled mediation with John Griffin for November 19, 2026, the first workable date for the mediator, parties, counsel, and participating insurance representatives. That date is one day after the existing ADR deadline. An extension through November 19 would permit the scheduled mediation to proceed without disturbing discovery, pretrial, or trial deadlines. The parties request this one-day accommodation even if the Court declines to modify any other deadline.

The parties also wish to provide further context concerning the coverage dispute. The lease between St. Paul and Xpedient requires commercial general liability ("CGL") and umbrella/excess liability insurance naming St. Paul and its property manager as additional insureds, with that coverage primary to St. Paul's own insurance. St. Paul has identified two such policies issued by AIG companies (collectively, "AIG"). A separate AIG company is defending Xpedient under an inland marine policy and is expected to attend mediation, but does not represent the two liability policies. The coverage positions under those policies remain unresolved, and their representatives have not yet participated in the mediation process. Xpedient also asserts a $1,000,000 contractual limitation on its liability to Agilent. Accordingly, the positions and participation of the liability insurers could materially affect settlement discussions. The parties are working to address those issues before mediation. They do not contend that the coverage dispute changes the scope of discovery.

Finally, the parties recognize the Court's point that discovery should inform the mediation. They are not requesting a stay of discovery: written discovery is scheduled to close October 26, 2026, since July 14, 2026, the parties have completed 10 party and fact witness depositions each lasting an entire day, fact depositions are continuing, and the remaining expert opinions will be disclosed in writing by November 16, 2026. The narrower proposed adjustment would permit the parties to complete expert depositions after mediation, while continuing to coordinate deposition dates in the meantime. They believe this would allow a meaningful mediation on a developed factual and expert record and avoid a substantial expense if the case resolves, without delaying depositions if it does not.

The revised proposal also places *Daubert* motions before dispositive motions, as the Court indicated. The August 9, 2027 trial date and all trial-related deadlines remain unchanged. Xpedient does not oppose this request.

## I. THE REVISED REQUEST

| Event | Current Deadline [Doc. 228] | Prior Request [Doc. 261] | Revised Request |
|---|---|---|---|
| ADR Deadline | November 18, 2026 | November 19, 2026 | November 19, 2026 |
| Completion of Expert Depositions | December 11, 2026 | January 25, 2027 | January 22, 2027 |
| *Daubert* Motions | January 4, 2027 | May 10, 2027 | February 23, 2027 |
| Dispositive Motions | January 11, 2027 | February 1, 2027 | March 15, 2027 |
| Motions in Limine | May 10, 2027 | No change | No change |
| Joint Proposed Pretrial Order | July 8, 2027 | No change | No change |
| Jury Trial | August 9, 2027 | No change | No change |

The current expert deposition deadline is December 11, 2026.[1]

[1] The prior motion listed the current expert deposition deadline as December 8, 2026 in one place and December 11, 2026 in another. The Second Amended Scheduling Order sets it at December 11, 2026. [Doc. 214 at 3.]

## II. LEGAL STANDARD

The Court may revise an interlocutory order at any time before final judgment. *Fed. R. Civ. P.* 54(b). Local Rule 7.3(b) permits revision when a party shows a material difference in fact from what was presented before the order, new material facts arising after the order, or a failure to consider material facts. A schedule may be modified "for good cause and with the judge's consent." *Fed. R. Civ. P.* 16(b)(4). The primary measure of good cause is the moving party's diligence in trying to meet the schedule. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). The Court also considers prejudice to the opposing party. *Id.*; *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Here, the facts about the coverage dispute and the mediation set out below were not presented to the Court before the Order. Among them, the declaratory judgment action was filed on October 20, 2026, after the Order was entered. No party opposes the motion. No party claims prejudice.

## III. GROUNDS FOR REVISION

### A. The Coverage Dispute

1. This case arises from a January 17, 2024 water intrusion at the Cromwell Avenue warehouse in Memphis. St. Paul owns the warehouse. Colliers manages it for St. Paul. Xpedient leased part of it to store Agilent's inventory.

2. Factory Mutual was Agilent's property insurer. Agilent claims about $9.9 million in damages, excluding pre-judgment interest. Factory Mutual paid Agilent $4,787,087.40 under Agilent's property policy and seeks to recover that amount as subrogee.

3. On October 20, 2026, St. Paul's insurer filed a declaratory judgment action styled *American Guarantee and Liability Insurance Company v. National Union Fire Insurance Company of Pittsburgh, PA*, Index No. [pending assignment], in the Supreme Court of the State

of New York, County of New York. A copy of the summons and complaint is attached as Exhibit A. National Union Fire Insurance Company of Pittsburgh, PA is the AIG company that issued Xpedient's CGL policy. The action asks the court to decide whether National Union owes St. Paul and Colliers a defense and indemnity in this case as additional insureds under that policy, whether that coverage is primary to and non-contributing with St. Paul's own coverage, and whether National Union must reimburse the defense costs St. Paul's insurer has paid.

4. Separately, Xpedient has moved for summary judgment. [Doc. 248.] Xpedient argues that Agilent's claims against it are barred because Agilent did not give timely written notice of its claim under the Master Operating Services Agreement. In the alternative, Xpedient argues that its liability for the loss is capped at $1,000,000 per occurrence under that agreement. [Doc. 259.] Plaintiffs Agilent and Factory Mutual thereafter filed responses in opposition to Xpedient's motion addressing its arguments as to both notice and the liability cap, and disputing that either provision limits their damages. [Doc. 267; Doc. 271.] If Xpedient's motion is granted, there will be a gap of roughly $8.9 million or more between the money available to resolve Xpedient's liability in this case and the damages claimed.

### B. Why the Coverage Dispute Justifies Deferring Expert Depositions

The coverage dispute does not change the scope of discovery. It affects the timing and cost of expert depositions.

Mediation. The AIG companies that issued the CGL and umbrella/excess liability insurance policies that St. Paul and Colliers contend cover their liability in this case and are primary to St. Paul's own coverage are currently not participating. The AIG company defending Xpedient under its inland marine policy is expected to attend, but only to address its own coverage position and Xpedient's conduct and liability. Without the AIG companies that issued the liability

insurance policies, the parties do not believe the case can settle. The parties cancelled their October 20, 2026 mediation for this reason. They then looked for a mediator qualified to handle both the underlying case and the coverage issues. They needed a date before November 18 that also worked for the parties, their lawyers, and their insurance carriers. None was available. The first workable date is November 19, 2026, with John Griffin in Nashville. The parties have scheduled mediation for that date and ask the Court to move the ADR deadline by one day. The added time also matters. It gives the AIG companies that issued the liability insurance policies time not just to attend the mediation, but to evaluate the coverage issues and the risk in the underlying lawsuit against St. Paul and Colliers, come prepared to discuss them meaningfully, and participate in good faith.

Expert depositions. Expert depositions are the largest remaining expense in this case. The parties want to learn the result of mediation before they incur that expense. If the case settles, the money saved on expert depositions can go toward resolution. The parties have already begun confirming expert availability and holding dates for these depositions. If the case does not resolve at mediation, expert depositions will proceed without further delay.

Discovery continues. The parties are not asking to pause discovery. Written discovery closes on October 26, 2026, as scheduled. Fact depositions continue. St. Paul's corporate deposition is set for November 5, 2026. Every original party has exchanged its expert reports. Under the current scheduling order Colliers expert disclosure deadline is October 30, 2026. The Colliers-related rebuttal expert disclosures will be completed by November 16, 2026. The parties agree with the Court that discovery should inform mediation. Under the revised schedule, the parties will mediate with fact discovery in hand and every expert's opinions in writing. Only the expert depositions will follow.

Trial. The coverage dispute affects who pays. It does not affect when the case can be tried. The revised schedule keeps the August 9, 2027 trial date and all trial-related deadlines.

### C. The Remaining Expert Discovery

Under the Second Amended Scheduling Order, Colliers' expert disclosures are due October 30, 2026. Rebuttal disclosures are due November 16, 2026. Expert depositions must be completed by December 11, 2026. [Doc. 214 at 3.] That leaves 25 days between the last expert disclosure and the close of expert depositions. Thanksgiving falls in that window.

The parties have already identified at least nine experts to depose. Additional depositions will be needed for any experts Colliers designates.

Five law firms represent the parties. Counsel are located in Memphis, Nashville, Knoxville, Chattanooga, Ridgeland, Mississippi, and Los Angeles. Scheduling nine or more expert depositions in 25 days, around a holiday, will be a challenge. The parties must coordinate not only the lawyers' schedules but also the schedules of each expert.

The prior extensions did not result from a lack of diligence by these parties. The Second Amended Scheduling Order gave a party added in 2026 time to catch up. [Doc. 214.] The Third Amended Scheduling Order moved only the trial date to resolve a counsel conflict. [Doc. 228.] Neither recalibrated the motion deadlines when trial moved from May 2027 to August 9, 2027. The March 16, 2026 extension [Doc. 119] was a brief interim measure. The parties had just exchanged a large new ESI production and were preparing motions to add Colliers as a defendant. The parties then deferred all depositions until Colliers joined the case so that no witness would be deposed twice. As a result, deposition discovery did not begin until the week of July 14, 2026.

The parties have been diligent since Colliers became a party. To date, the parties have taken ten depositions totaling over sixty hours of testimony and have exchanged at least 34,000 pages of written discovery and document productions.

It also makes sense to take expert depositions after fact discovery is complete. Fact discovery is still underway. Written discovery closes on October 26, 2026 and St. Paul's corporate deposition is set for November 5, 2026. Experts rely on the factual record. If they are deposed before that record is closed, they may need to supplement their opinions and be deposed again. Taking expert depositions once fact discovery is complete lets each expert be deposed once, on a full record.

### D. *Daubert* Motions Will Come First

The parties accept the Court's concern about sequence. Under the revised schedule, *Daubert* motions are due February 23, 2027, about a month after expert depositions close on January 22, 2027. Responses would be due March 9, 2027 under Local Rule 7.2(a)(2). Those motions will be fully briefed before dispositive motions are due on March 15, 2027.

The Court will therefore know the challenges to expert testimony before it takes up summary judgment. Summary judgment briefing would close in late April 2027. That is before motions in limine are due and more than three months before trial.

### E. No Prejudice

All parties join this motion except Defendant/Cross-Plaintiff Xpedient Management Group, LLC. Xpedient does not join in the motion, but it does not oppose it. No party will be prejudiced. The trial date does not move. The pretrial deadlines do not move. The only changes are a one-day shift in the ADR deadline and a short shift in expert depositions and the two motion deadlines that follow them, in the correct order.

**F. Alternative Request**

If the Court is not inclined to modify the expert and motion deadlines, the parties ask in the alternative that the Court extend only the ADR deadline by one day, to November 19, 2026. The parties have scheduled mediation with John Griffin on that date. They searched for a mediator qualified to handle both the underlying case and the coverage issues, on a date before November 18 that also worked for the parties, their lawyers, and their insurance carrier representatives. None was available. Without a one-day extension, the parties would have to find a different mediator and coordinate a new date among five law firms and multiple insurers. That would likely leave the parties with a less qualified mediator, or no mediation at all, before the deadline. A one-day extension affects no other deadline.

## CONCLUSION

The parties respectfully ask the Court to revise its Order [Doc. 262] and to modify the Third Amended Scheduling Order as follows: ADR deadline by November 19, 2026; completion of expert depositions by January 22, 2027; *Daubert* motions by February 23, 2027; and dispositive motions by March 15, 2027. All other deadlines, including the August 9, 2027 trial date, would remain in place. In the alternative, the parties ask the Court to extend only the ADR deadline to November 19, 2026.

Respectfully submitted,

/s/ Sean W. Martin

**SEAN W. MARTIN, BPR # 020870**
**BRITTANY N. LEZU, BPR #043144**
CARR ALLISON
633 Chestnut Street, Ste. 2000
Chattanooga, TN 37450
swmartin@carrallison.com
blezu@carrallison.com
*Counsel for Defendant and Cross-Defendant St. Paul Fire and Marine Insurance Company*

/s/ Douglas F. Halijan (signed with permission)
**DOUGLAS F. HALIJAN, BPR # 016718**
BURCH PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, TN 38103
Telephone: 901-524-5000
Facsimile: 901-524-5024
dhalijan@bpjlaw.com

**AMBER FINCH, BPR #222321**
**(admitted pro hac vice)**
**MARGARET C. MCDONALD, BPR #307008**
**(admitted pro hac vice)**
REED SMITH LLP
515 South Flower, Suite 4300
Los Angeles, CA 90071
Telephone: 213-457-8000
Facsimile: 213-457-8080
afinch@reedsmith.com
mcmcdonald@reedsmith.com

*Counsel for Plaintiff Agilent Technologies, Inc.*

/s/ S. Joseph Welborn (signed with permission)
**SAMUEL JOSEPH WELBORN, BPR # 21747**
**BRENDEN T. HOLBROOK, BPR # 39485**
SMITH CASHION & ORR
3100 W. End Ave., Ste. 800
Nashville, TN 37203
jwelborn@smithcashion.com
bholbrook@smithcashion.com
*Counsel for Plaintiff Factory Mutual Insurance Company*

/s/ John W. Butler (signed with permission)
**JOHN W. BUTLER, BPR # 014771**
BUTLER, VINES AND BABB, P.L.L.C.
2701 Kingston Pike
Knoxville, TN 37919
jbutler@bvblaw.com
*Counsel for Defendant and Cross-Defendant Colliers Management Services – Memphis, LLC*

**CERTIFICATE OF CONSULTATION**

Pursuant to Local Rule 7.2(a)(1)(B), counsel for all parties consulted via Zoom on October 16 and 20 and exchanged multiple emails between October 14, 2026 and October 21, 2026. Agilent, Factory Mutual, St. Paul, and Colliers agree to the relief requested and join this motion. Xpedient does not join in the motion, but it does not oppose the relief requested.

BY: /s/ Sean W. Martin
**SEAN W. MARTIN, ESQ.**

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that the foregoing document has been delivered to all counsel for parties in this cause by electronic mail and/or by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by hand delivering same to each such attorney as follows:

Douglas F. Halijan, Esq.
BURCH, PORTER & JOHNSON, PLLC
130 North Court Ave.
Memphis, TN 38103
dhalijan@bpjlaw.com

William Thomas, Esq.
Andrew B. Schrack, Esq.
BUTLER SNOW LLP
6075 Poplar Ave., Suite 500
Memphis, TN 38119
Will.thomas@butlersnow.com
Andrew.schrack@butlersnow.com

Peter Sales, Esq.
Elizabeth Thea Petras, Esq.
BRADLEY ARANT BOULT CUMMINGS, LLP
1221 Broadway, Suite 2400
Nashville, TN 37203
Psales@bradley.com
bpetras@bradley.com

S. Joe Welborn, Esq.
Brenden T. Holbrook, Esq.
SMITH CASHION & ORR, PLC
3100 West End Ave., Suite 800
Nashville, TN 37203
jwelborn@smithcashion.com

Amber S. Finch, Esq.
Margaret McDonald, Esq.
Katherine P. Goetz, Esq.
REED SMITH, LLP
515 South Flower St. Suite 4300
Los Angeles, CA 90071
afinch@reedsmith.com
mcmcdonald@reedsmith.com
kgoetz@reedsmith.com

John W. Butler, Esq.
BUTLER, VINES AND BABB, PLLC
2701 Kingston Pike
Knoxville, TN 37919
jbutler@bvblaw.com

This 21 day of October, 2026.

BY: /s/ Sean W. Martin
**SEAN W. MARTIN, ESQ.**
**BRITTANY N. LEZU, ESQ.**