CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)


EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Defendant. | Index No:<br><br>**SUMMONS**<br><br>***Document Filed Electronically*** |

**To The Above-Named Defendants**:

**YOU ARE SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint. Venue lies in the Supreme Court of New York, County of New York, under CPLR § 503 because Defendant National Union Fire Insurance Company of Pittsburgh, PA is authorized to transact business in the State of New York with a principal place of business located in New York County.

Dated: New York, New York
October 20, 2026



3668482
This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

**COUGHLIN MIDLIGE & GARLAND LLP**

By: */s/ Adam M. Smith*
Adam M. Smith, Esq.
Theodore N. Zarabara, Esq.
COUGHLIN MIDLIGE & GARLAND LLP
88 Pine Street, 28th Floor
Wall Street Plaza
New York, NY 10005
(212) 483-0105
asmith@cmg.law
tzarabara@cmg.law
*Attorneys for Plaintiff American Guarantee and Liability Insurance Company*

**BODELL BOVE LLC**

By: */s/ Marc J. Syken*
Marc J. Syken, Esq.*
1845 Walnut Street
Suite 1100
Philadelphia, Pennsylvania 19103
Tel: (215) 864-0223
Fax: (215) 864-6610
Email: MSyken@bodellbove.com
*Attorneys for Plaintiff American Guarantee and Liability Insurance Company*
*(*Not Admitted in the State of New York)*

To: National Union Fire Insurance Company of Pittsburgh, PA
1271 Avenue of the Americas
Floor 41
New York, New York 10020-1304



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Defendant. | Index No:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>***Document Filed Electronically*** |

Plaintiff, American Guarantee and Liability Insurance Company, by way of Complaint for Declaratory Judgment against Defendant, National Union Fire Insurance Company of Pittsburgh, PA, alleges as follows:

## NATURE OF THE ACTION

1. This matter arises out of a "water intrusion event" which occurred on or about January 17, 2024, allegedly due to burst pipes and a sprinkler system activation in premises leased to Xpedient Management Group, LLC ("Xpedient"). Prior to the loss, Xpedient had entered into a Warehousing Agreement with Agilent Technologies, Inc. ("Agilent") to store Agilent property in Xpedient's leased space. The premises were alleged to be owned by St. Paul Fire and Marine Insurance Company ("St Paul").

2. In its lease, Xpedient agreed to name St. Paul and its property manager, Colliers Management Services – Memphis LLC ("Colliers"), as additional insureds on Xpedient's Commercial General Liability ("CGL") and Umbrella/Excess Liability insurance policies on a primary and non-contributing basis. Following the water intrusion event, Agilent and its insurer, Factory Mutual, sued Xpedient and St. Paul, and later filed amended complaints including Colliers as a defendant. The defense of St. Paul was tendered repeatedly to Xpedient's CGL insurer,



3668482
This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), who eventually accepted the tender and agreed to defend St. Paul as an additional insured. However, on July 22, 2026, without any change in the status of the litigation, National Union revoked its agreement to defend St. Paul.

3. Plaintiff, American Guarantee and Liability Insurance Company, individually and as the equitable and legal subrogee of its policyholder, St. Paul, and its insured, Colliers, now brings this action seeking, *inter alia*: (a) a declaration that National Union Fire Insurance Company of Pittsburgh, Pa. is obligated to defend and potentially indemnify St. Paul and Colliers in Agilent's lawsuit on a primary and non-contributing basis, and (b) to recover the expenses and costs incurred by American Guarantee and Liability Insurance Company in connection with the defense of the underlying civil action.

**PARTIES**

4. Plaintiff, American Guarantee and Liability Insurance Company ("AGLIC"), is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. AGLIC is authorized to transact business and has transacted business in the State of New York.

5. Defendant, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") is a Pennsylvania corporation, with its principal place of business located at 1271 Avenue of the Americas, Floor 41, New York, New York 10020-1304 and regularly conducts insurance business in the State of New York.



3668482
This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under CPLR § 3001, which provides for exclusive jurisdiction over declaratory judgment proceedings. An actual controversy exists among the parties to this action pertaining to the interpretation of the terms and conditions of an insurance policy issued by National Union.

7. This Court has personal jurisdiction over the parties pursuant to CPLR §§ 301 and 302.

8. Venue in this County is proper pursuant to CPLR § 503.

## ST. PAUL'S LEASE AGREEMENT WITH XPEDIENT

9. On or about May 19, 2023, St. Paul entered into to a lease for warehouse space located at 4601 Cromwell Avenue, Memphis, Tennessee 38118 (the "Cromwell Warehouse") to Xpedient. A true and correct copy of the lease is attached as Exhibit "A" and will be referred to herein as the "Lease".

10. Pursuant to the terms of the Lease, Xpedient agreed to name St. Paul and its property manager, as additional insureds on its CGL and Umbrella/Excess Liability insurance policies on a primary, non-contributing basis, per the following terms:

> 7.06 Lessee's Insurance. Lessee shall, during the term of this Lease and any other period of occupancy, at its sole cost and expense, keep in full force and effect the following insurance:
>
> ....
>
> (c) Commercial General Liability insurance (which insurance shall include the standard exception to any contractual liability exclusion for liability for otherwise covered bodily injury or property damage assumed under a lease of premises) on an occurrence basis, with limits of not less than $1,000,000 each occurrence/$2,000,000 aggregate.
>
> (d) Umbrella/Excess Liability insurance (which insurance shall include or incorporate from the Commercial General Liability insurance, the standard exception to any contractual liability exclusion for liability or otherwise covered bodily injury or



3668482
This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

property damage assumed under a lease of premises) on an occurrence basis, with limits of not less than $2,000,000 each occurrence/$2,000,000 aggregate.

...

7.07 Additional Insurance Requirements.

(a) All insurance policies obtained by Lessee pursuant to this Lease shall be issued by companies licensed to do business in the state in which the Premises is located, with a financial strength rating of not less than "A" and a financial size rating of not less than "Class VIII" in the most current available A.M. Best's Insurance Reports. If the A.M. Best's rating method is changed or discontinued, Lessor and Lessee will agree to an equivalent method of rating insurance companies. For any deductible amounts under any of the insurance policies required hereunder, the obligation to pay the deductible shall apply only to the named insured even when the deductible is applicable to the coverage provided to any of the additional insureds required in paragraph (b) below. The limits of insurance required or maintained by Lessee shall not limit Lessee's liability under this Lease or otherwise.

(b) Lessee's Commercial General Liability and Umbrella/Excess Liability insurance **shall include Lessor** and its subsidiaries, affiliates, **and property manager**, their respective officers, directors, and employees, and any mortgagees of Lessor **as additional insureds with respect to liability for injury or damage that is, in whole or in part, due to Lessee's maintenance, use, or occupancy of the Leased Premises**. Such coverage under Lessee's Commercial General Liability and Umbrella/Excess Liability insurance **shall be primary to**, and **not in excess over or contributing with**, any insurance maintained by such additional insured(s).

(c) Lessee shall provide Lessor with certificate(s) of insurance evidencing the amounts and types of coverage required in this Section, on or prior to the Commencement Date, and thereafter within ten (10) days of the scheduled expiration date of each policy providing such coverage, evidencing the renewal or replacement thereof. Any failure of Lessor to monitor compliance with, or to object to non-compliance or partial compliance with, any of these insurance requirements at any time, including failure to obtain or to object to the content of such certificate(s) of insurance at any time, does not modify or waive or otherwise affect in any way Lessee's obligations under this Lease.

Lease at §§7.06, 7.07, "Casualty and Insurance". (Emphasis added.)

11. Upon information and belief, consistent with the terms of the Lease, Xpedient purchased commercial general liability insurance coverage in favor of St. Paul and its property manager as additional insureds, from National Union.



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

12. A certificate of insurance was provided to St. Paul indicating that St. Paul and its property manager were named as additional insureds on Xpedient's CGL policy with National Union. A copy of the certificate of May 19, 2023 is attached hereto as Exhibit "B".

## THE INSURANCE POLICIES

### A. The National Union Policy

13. Upon information and belief, Xpedient qualifies as a Named Insured under a commercial general liability insurance policy purchased from National Union, identified more specifically as National Union Policy 993-76-08, effective May 1, 2023 – May 1, 2024 (the "National Union Policy"). A copy of the National Union Policy is attached as Exhibit "C".

14. The National Union Policy includes the following endorsement that defines the term "insured," as referenced in the insuring agreement, to automatically include as an "additional insured" any person or organization whom Xpedient became obligated to include as an additional insured as a result of any contract or agreement entered into by Xpedient:

> A. Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> 1. Your acts or omissions; or
> 2. The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.
>
> However:
> 1. The insurance afforded to such additional insured only applies to the extent permitted by law; and
> 2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.



3668482
This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

B. With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to "bodily injury" or "property damage" occurring after:

1. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

2. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

C. With respect to the insurance afforded to these additional insureds, the following is added to Section III – Limits Of Insurance:

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:
1. Required by the contract or agreement; or
2. Available under the applicable limits of insurance;

whichever is less.

This endorsement shall not increase the applicable limits of insurance.

See National Union Policy at Additional Insured - Owners, Lessees Or Contractors - Scheduled Person Or Organization (CG 20 10 (12/19)).

15. The Schedule for the Additional Insured - Owners, Lessees Or Contractors - Scheduled Person Or Organization endorsement identifies the additional insured(s) as "Any person or organization whom you become obligated to include as an additional insured as a result of any contract or agreement you have entered into." *Id.*

16. Additionally, the National Union Policy includes the following endorsement that defines "insured," as referenced in the insuring agreement, to automatically include managers or lessors of premises as "additional insured" managers or lessors of premises:



3668482
This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

A. Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by you or those acting on your behalf in connection with the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule and subject to the following additional exclusions :

This insurance does not apply to:

1. Any "occurrence" which takes place after you cease to be a tenant in that premises.
2. Structural alterations, new construction or demolition operations performed by or on behalf of the person(s) or organization(s) shown in the Schedule.

However:

1. The insurance afforded to such additional insured only applies to the extent permitted by law; and
2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

B. With respect to the insurance afforded to these additional insureds, the following is added to Section Ill – Limits Of Insurance:

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

1. Required by the contract or agreement; or
2. Available under the applicable limits of insurance;

Whichever is less.

This endorsement shall not increase the applicable limits of insurance

See National Union Policy at Additional Insured - Managers Or Lessors Of Premises (CG 20 11 (12/19)).

17. The Schedule for the Additional Insured - Managers Or Lessors Of Premises endorsement identifies the premises as "Any premises or part thereof leased to you", and the additional insured(s) as "Any person or organization from whom you lease premises or who



3668482
This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

manages premises you own and to whom you become obligated to include as an additional insured under this policy as a result of any lease or management agreement you enter into with such parties." *Id.*

18. The National Union Policy provides primary insurance coverage to any qualifying "insured" or "additional insured" relative to a claim for damages because of a property damage caused by an accident which takes place during the effective dates of the Policy.

**B. <u>The AGLIC Policy</u>**

19. St. Paul is a Named Insured under a commercial general liability insurance policy issued by AGLIC, identified more specifically as AGLIC Policy No. GLA 9310571–12, in effect from July 1, 2023 to July 1, 2024 (the "AGLIC Policy"). A copy of the AGLIC Policy is attached as Exhibit "D".

20. AGLIC is providing a defense to Colliers as an insured under the AGLIC Policy based upon the averments in the AGLIC Policy that Colliers was acting as St. Paul's property manager at the time of the loss giving rise to the Agilent Litigation.

21. The insurance coverage afforded to St. Paul, a Named Insured under the AGLIC Policy, is <u>excess</u> over any other primary insurance available to St. Paul, which covers liability for damages arising out of operations for which St. Paul has been endorsed or added as an additional insured on a primary basis.

22. The insurance coverage afforded to Colliers, an insured under the AGLIC Policy, is <u>excess</u> over any other primary insurance available to Colliers, which covers liability for damages arising out of operations for which Colliers has been endorsed or added as an additional insured on a primary basis.



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## THE AGILENT LITIGATION

23. The litigation styled *Agilent Technologies v. St. Paul and Xpedient Management Group*, USDC for the W.D. of Tenn., 2:25-cv-02101-MSN-cgc (the "Agilent Litigation") is alleged to arise out of a leak of water from the sprinkler system within the premises leased by Xpedient, which led to damage to Agilent's inventory of pipette tips which were being stored in the premises. A copy of the Second Amended Complaint filed in the Agilent Litigation is attached hereto as Exhibit "E".

24. Factory Mutual Insurance Company, the first party property insurer for Agilent, has filed a subrogation action at *Factory Mutual Insurance Company v. Xpedient Management Group*, LLC, et al., No. 2:25-cv-02424-MSN-tmp, which was consolidated into the Agilent Litigation. A copy of the Amended Complaint filed by Factory Mutual is attached hereto as Exhibit "F".

25. Xpedient, St. Paul, and Colliers are all defendants in the Agilent Litigation.

26. Agilent's Complaint alleges that "St. Paul has contracted with Colliers to supervise, lease and manage the operation of its warehouse space." Agilent Second Amd. Complt, at ¶4.

27. Agilent entered into a Master Operating Services Agreement for Logistics Services (the "MOSA") and a Site Operating Agreement ("SOA" and, together with the MOSA, referred to as the "Agreements") with Xpedient agreeing "to provide logistics services to Agilent, including warehousing, transportation management, and consulting services." *Id.*, at ¶¶29-30.

28. Under the SOA, Xpedient was responsible for facility management and collected fees from Agilent for the safe warehousing of Agilent's property:

> 31. The SOA then specified the Cromwell Warehouse as the facility to be used to store the Tips Inventory and contained critical details of Xpedient's obligations, such as "facility management, including rent, utilities [*sic]* interest, tax, maintenance, repairs, and security."



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

> 32. In exchange for these logistics services, Agilent agreed to pay Xpedient in excess of $1 million over the 36-month term of the Agreements.
> 33. Upon information and belief, Xpedient knew or should have known that the primary purpose of the Agreements was the safe warehousing of Agilent's Tips Inventory.
>
> *Id.* at ¶¶31-33.

29. In January of 2024, it is alleged that Memphis underwent a deep freeze, during which time the sprinkler pipes in the Cromwell Warehouse are alleged to have frozen and burst, causing damage to the pipette tips being stored in the warehouse. *Id.* at ¶¶70-75.

30. Agilent alleges that learned of the loss on January 18, 2024. *Id.* at ¶80.

31. Agilent faults Xpedient, Colliers, and St. Paul for allegedly failing to have the proper account set up with the local utility company to have allowed for the warehouse to be heated prior to the loss. *Id.* at ¶¶50-55.

32. Causes of Action pleaded against Xpedient include those for "Negligence and/or Reckless Actions", "Negligence Misrepresentation", "Negligence Per Se", "Breach of Contract", "Breach Of Bailment and/or Negligent Bailment", and "Gross Negligence". *Id.* at Third, Fourth, and Sixth Causes of Action; Factory Mutual Amd. Complaint, at Counts I-V.

33. Causes of Action pleaded against St. Paul and Colliers include those for "Negligence", "Negligence Per Se", and "Gross Negligence". Agilent Second Amd. Complt, at Seventh and Eighth Causes of Action; Factory Mutual Amd. Complaint, at Counts VI-X.

**TENDER AND ITS ACCEPTANCE BY NATIONAL UNION**

34. The defense of St. Paul has been tendered to Xpedient and National Union on multiple occasions. See correspondence of September 17, 2024, May 6, 2025, and February 20, 2026, attached at Exhibit "G".



3668482
This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk. 

35. In correspondence dated May 13, 2026 and issued on May 22, 2026 by electronic mail, National Union accepted the defense St. Paul stating it would provide a defense to St. Paul:

> **National Union has completed its review of your tender of defense and is advising that it is willing to provide St. Paul with a defense to the Agilent and Factory Mutual suits.**

See National Union corresp. of May 13, 2026/May 22, 2026, attached at Exhibit "H".

36. Upon receipt of the tender acceptance, AGLIC reached out to National Union to coordinate the transfer of the defense of St. Paul over to National Union.

37. After having accepted the tender, National Union then revoked its acceptance, necessitating the instant litigation. See National Union electronic communication, July 22, 2026 ("While we do acknowledge that we would owe St. Paul a defense if the damage was created by our insured. However, in this case, we are disputing that the damages were created by Xpediant (sic) Logistics. Therefore, there is no trigger to St. Paul under our insureds policy as an additional insured."). A copy of National Union's electronic communication of July 22, 2026, is attached at Exhibit "I".

38. The defense of Colliers was tendered to National Union and Xpedient. A copy of the tender correspondence of September 8, 2026 to Nation Union is attached at Exhibit "J".

39. The determination of a duty to defend is determined by the allegations in the underlying Agilent Litigation, and National Union's s basis for revoking its prior acceptance of St. Paul's tender is contrary to settled law.

40. As a direct result of National Union's unlawful refusal to assume the defense of St. Paul (and its property manager Colliers) in the Agilent Litigation, AGLIC has incurred significant costs, expenses, and legal fees in connection with the defense of the Agilent Litigation.

41. An actual case and controversy has arisen with respect to the duties and obligations of National Union relative to the defense of St. Paul and Colliers in the Agilent Litigation, as well as National Union's indemnification obligations in favor of St. Paul and Colliers in the event of an adverse judgment or settlement of the Agilent Litigation.

**COUNT I**
**DECLARATORY RELIEF AGAINST**
**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.**
**(Duty to Defend St. Paul)**

42. Plaintiff, AGLIC incorporates by reference the foregoing allegations of this Complaint as if the same were set forth herein at length.

43. The National Union Policy purchased by Xpedient provides primary commercial general liability insurance coverage which obligates National Union to defend and indemnify any qualifying "insured" against a claim for "property damage" caused by an "occurrence" which takes place during the policy period.

44. Upon information and belief, the National Union Policy defines the term "insured" so as to include those persons or entities whom Xpedient agreed to add as an additional insured on its Policy.

45. National Union's duty to defend an "insured," as so defined, applies whenever the allegations in the underlying pleading give rise to the possibility that "property damage" was caused in part by Xpedient's operations.

46. Xpedient was required by the Lease to name St. Paul as an additional insured under the National Union Policy for any property damage caused in whole or in part by Xpedient's maintenance, use, or occupancy of the Cromwell Warehouse.



3668482
This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

47. The claims advanced against St. Paul in the Agilent Litigation address liability for property damage that results from Xpedient's use or maintenance of the Cromwell Warehouse.

48. The National Union Policy affords primary commercial general liability coverage to St. Paul relative to the claims advanced against it in the Agilent Litigation.

49. All conditions precedent for the trigger of a primary defense obligation in favor of St. Paul and under the National Union Policy have been satisfied and/or waived by National Union.

**WHEREFORE,** American Guarantee and Liability Insurance Company respectfully requests that this Honorable Court enter:

(a) An Order declaring that National Union Fire Insurance Company of Pittsburgh, Pa. is obligated to defend St. Paul Fire and Marine Insurance Company in the civil action styled *Agilent Technologies v. St. Paul and Xpedient Management Group*, USDC for the W.D. of Tenn., 2:25-cv-02101-MSN-cgc under National Union Fire Insurance Company of Pittsburgh, Pa. 9937608 on a primary and non-contributing basis;

(b) An Order declaring that any insurance coverage available to St. Paul Fire and Marine Insurance Company under American Guarantee and Liability Insurance Company No. GLA 9310571–12 is excess to and non-contributing with the commercial general liability insurance coverage afforded St. Paul Fire and Marine Insurance Company under National Union Fire Insurance Company of Pittsburgh, Pa. 9937608, as regards any further defense or indemnification obligation which may arise in connection with the claims advanced against St. Paul Fire and Marine Insurance Company in the civil action styled *Agilent Technologies v. St. Paul and Xpedient Management Group*, USDC for the W.D. of Tenn., 2:25-cv-02101-MSN-cgc;

(c ) Judgment in favor of American Guarantee and Liability Insurance Company and against National Union Fire Insurance Company of Pittsburgh, Pa. for all costs and expenses incurred by American Guarantee and Liability Insurance Company in this action as a result of National Union Fire Insurance Company of Pittsburgh, Pa.'s wrongful refusal to defend St. Paul Fire and Marine Insurance Company in the civil action styled *Agilent Technologies v. St. Paul and Xpedient Management Group*, USDC for the W.D. of Tenn., 2:25-cv-02101-MSN-cgc; and

(d) An order and/or judgment for such other or alternative relief consistent with the claims and causes of action asserted in this Complaint.



3668482
This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

**COUNT II**
**DECLARATORY RELIEF AGAINST**
**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.**
**(Duty to Defend Colliers)**

50. Plaintiff, AGLIC incorporates by reference the foregoing allegations of this Complaint as if the same were set forth herein at length.

51. The National Union Policy purchased by Xpedient provides primary commercial general liability insurance coverage which obligates National Union to defend and indemnify any qualifying "insured" against a claim for "property damage" caused by an "occurrence" which takes place during the policy period.

52. Upon information and belief, the National Union Policy defines the term "insured" so as to include those persons or entities whom Xpedient agreed to add as an additional insured on its Policy.

53. National Union's duty to defend an "insured," as so defined, applies whenever the allegations in the underlying pleading give rise to the possibility that "property damage" was caused in part by Xpedient's operations.

54. Xpedient was required by the Lease to name St. Paul's property manager, Colliers, as an additional insured under the National Union Policy for any property damage caused in whole or in part by Xpedient's maintenance, use, or occupancy of the Cromwell Warehouse.

55. The claims advanced against Colliers in the Agilent Litigation address liability for property damage that results from Xpedient's use or maintenance of the Cromwell Warehouse.

56. The National Union Policy affords primary commercial general liability coverage to Colliers relative to the claims advanced against it in the Agilent Litigation.



3668482
This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

57. All conditions precedent for the trigger of a primary defense obligation in favor of Colliers under the National Union Policy have been satisfied and/or waived by National Union.

**WHEREFORE,** American Guarantee and Liability Insurance Company respectfully requests that this Honorable Court enter:

(a) An Order declaring that National Union Fire Insurance Company of Pittsburgh, Pa. is obligated to defend Colliers Management Services – Memphis LLC in the civil action styled *Agilent Technologies v. St. Paul and Xpedient Management Group*, USDC for the W.D. of Tenn., 2:25-cv-02101-MSN-cgc under National Union Fire Insurance Company of Pittsburgh, Pa. 9937608 on a primary and non-contributing basis;

(b) An Order declaring that any insurance coverage available to Colliers Management Services – Memphis LLC under American Guarantee and Liability Insurance Company No. GLA 9310571–12 is excess to and non-contributing with the commercial general liability insurance coverage afforded Colliers Management Services – Memphis LLC under National Union Fire Insurance Company of Pittsburgh, Pa. 9937608, as regards any further defense or indemnification obligation which may arise in connection with the claims advanced against Colliers Management Services – Memphis LLC in the civil action styled *Agilent Technologies v. St. Paul and Xpedient Management Group*, USDC for the W.D. of Tenn., 2:25-cv-02101-MSN-cgc;

(c ) Judgment in favor of American Guarantee and Liability Insurance Company and against National Union Fire Insurance Company of Pittsburgh, Pa. for all costs and expenses incurred by American Guarantee and Liability Insurance Company in this action as a result of National Union Fire Insurance Company of Pittsburgh, Pa.'s wrongful refusal to defend Colliers Management Services – Memphis LLC in the civil action styled *Agilent Technologies v. St. Paul and Xpedient Management Group*, USDC for the W.D. of Tenn., 2:25-cv-02101-MSN-cgc; and

(d) An order and/or judgment for such other or alternative relief consistent with the claims and causes of action asserted in this Complaint.

**COUNT III**
**BREACH OF CONTRACT, CIVIL DAMAGES, AND DECLARATORY RELIEF AGAINST NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.**
**(Recovery of Defense Costs Incurred)**

58. AGLIC incorporates by reference the foregoing allegations of this Complaint as if the same were set forth herein at length.



3668482
This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

59. The AGLIC Policy provides coverage excess to the National Union Policy relative to the claims advanced against St. Paul and Colliers in the Agilent Litigation.

60. St. Paul and Colliers qualify as additional insureds under the National Union Policy.

61. National Union has breached the material terms of its insuring agreement by failing to defend St. Paul and Colliers in the Agilent Litigation.

62. The breach of contract by National Union is material and without justification.

63. Despite timely tenders to National Union, AGLIC has been compelled to drop down and afford a defense to St. Paul and Colliers in the Agilent Litigation.

64. AGLIC continues to provide a defense to St. Paul and Colliers in the Agilent Litigation.

65. AGLIC has expended and continues to expend significant amounts of money to defend St. Paul and Colliers in the Agilent Litigation, all of which should have been borne by National Union.

66. To the extent it has expended and continues to expend significant amounts of money to defend St. Paul and Colliers in the Agilent Litigation, AGLIC is a legal and/or equitable subrogee of St. Paul and Colliers.

67. In the alternative, AGLIC has a direct cause of action against National Union under the doctrine of equitable contribution and/or pursuant to the "other insurance" provisions of the National Union Policy and the AGLIC Policy.

68. National Union is obligated to reimburse AGLIC for all defense costs and expenses incurred by AGLIC behalf of its defense of St. Paul and Colliers in the Agilent Litigation.

**WHEREFORE,** American Guarantee and Liability Insurance Company respectfully requests that this Honorable Court enter:



3668482
This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

(a) An Order declaring that National Union Fire Insurance Company of Pittsburgh, Pa. is obligated to reimburse American Guarantee and Liability Insurance Company for all costs and expenses incurred by American Guarantee and Liability Insurance Company in the defense of St. Paul Fire and Marine Insurance Company and Colliers Management Services – Memphis LLC in the civil action styled *Agilent Technologies v. St. Paul and Xpedient Management Group*, USDC for the W.D. of Tenn., 2:25-cv-02101-MSN-cgc;

(b) Judgment in favor of American Guarantee and Liability Insurance Company and against National Union Fire Insurance Company of Pittsburgh, Pa. for all costs and expenses incurred by American Guarantee and Liability Insurance Company in the defense of St. Paul Fire and Marine Insurance Company and Colliers Management Services – Memphis LLC in the civil action styled *Agilent Technologies v. St. Paul and Xpedient Management Group*, USDC for the W.D. of Tenn., 2:25-cv-02101-MSN-cgc, plus interest thereupon;

(c) Judgment in favor of American Guarantee and Liability Insurance Company and against National Union Fire Insurance Company of Pittsburgh, Pa. for all costs and expenses incurred by American Guarantee and Liability Insurance Company in this action as a result of National Union Fire Insurance Company of Pittsburgh, Pa.'s wrongful refusal to defend St. Paul Fire and Marine Insurance Company and Colliers Management Services – Memphis LLC in the civil action styled *Agilent Technologies v. St. Paul and Xpedient Management Group*, USDC for the W.D. of Tenn., 2:25-cv-02101-MSN-cgc; and

(d) An order and/or judgment for such other or alternative relief consistent with the claims and causes of action asserted in this Complaint.

**COUNT IV**
**DECLARATORY RELIEF AGAINST**
**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.**
**(Duty to Indemnify St. Paul)**

69. AGLIC incorporates by reference the foregoing allegations of this Complaint as if the same were set forth herein at length.

70. The National Union Policy purchased by Xpedient provides primary commercial general liability insurance coverage which obligates National Union to defend and indemnify any qualifying "insured" against a claim for "property damage" caused by an "occurrence" which takes place during the policy period.



3668482
This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

71. Upon information and belief, the National Union Policy defines the term "insured" so as to include those persons or entities whom Xpedient agreed to add as an additional insured on its Policy.

72. Xpedient was required by the Lease to name St. Paul as an additional insured under the National Union Policy for any property damage caused in whole or in part by Xpedient's maintenance, use, or occupancy of the Cromwell Warehouse.

73. The claims advanced against St. Paul in the Agilent Litigation address liability for property damage that results from Xpedient's use or maintenance of the Cromwell Warehouse.

74. The National Union Policy affords primary commercial general liability coverage to St. Paul relative to the claims advanced against it in the Agilent Litigation.

75. All conditions precedent for the trigger of an indemnity obligation in favor of St. Paul and under the National Union Policy have been satisfied and/or waived by National Union.

76. National Union owes a duty to indemnify St. Paul in the Agilent Litigation under the National Union Policy.

**WHEREFORE,** American Guarantee and Liability Insurance Company respectfully requests that this Honorable Court enter:

(a) An Order declaring that National Union Fire Insurance Company of Pittsburgh, Pa. is obligated to indemnify St. Paul Fire and Marine Insurance Company in the civil action styled *Agilent Technologies v. St. Paul and Xpedient Management Group*, USDC for the W.D. of Tenn., 2:25-cv-02101-MSN-cgc under National Union Fire Insurance Company of Pittsburgh, Pa. 9937608 on a primary and non-contributing basis;

(b) An Order declaring that any insurance coverage available to St. Paul Fire and Marine Insurance Company under American Guarantee and Liability Insurance Company No. GLA 9310571–12 is excess to and non-contributing with the commercial general liability insurance coverage afforded St. Paul Fire and Marine Insurance Company under National Union Fire Insurance Company of Pittsburgh, Pa. 9937608, as regards any further defense or indemnification obligation which may arise in connection with the claims advanced against St. Paul Fire and Marine Insurance Company in the civil action styled *Agilent*



3668482
This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

*Technologies v. St. Paul and Xpedient Management Group*, USDC for the W.D. of Tenn., 2:25-cv-02101-MSN-cgc;

(c ) Judgment in favor of American Guarantee and Liability Insurance Company and against National Union Fire Insurance Company of Pittsburgh, Pa. for all costs and expenses incurred by American Guarantee and Liability Insurance Company in this action as a result of National Union Fire Insurance Company of Pittsburgh, Pa.'s wrongful refusal to indemnify St. Paul Fire and Marine Insurance Company in the civil action styled *Agilent Technologies v. St. Paul and Xpedient Management Group*, USDC for the W.D. of Tenn., 2:25-cv-02101-MSN-cgc; and

(d) An order and/or judgment for such other or alternative relief consistent with the claims and causes of action asserted in this Complaint.

**COUNT V**
**DECLARATORY RELIEF AGAINST**
**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.**
**(Duty to Indemnify Colliers)**

77. AGLIC incorporates by reference the foregoing allegations of this Complaint as if the same were set forth herein at length.

78. The National Union Policy purchased by Xpedient provides primary commercial general liability insurance coverage which obligates National Union to defend and indemnify any qualifying "insured" against a claim for "property damage" caused by an "occurrence" which takes place during the policy period.

79. Upon information and belief, the National Union Policy defines the term "insured" so as to include those persons or entities whom Xpedient agreed to add as an additional insured on its Policy.

80. Xpedient was required by the Lease to name St. Paul's property manager, Colliers, as an additional insured under the National Union Policy for any property damage caused in whole or in part by Xpedient's maintenance, use, or occupancy of the Cromwell Warehouse.



3668482
This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

81. The claims advanced against Colliers in the Agilent Litigation address liability for property damage that results from Xpedient's use or maintenance of the Cromwell Warehouse.

82. The National Union Policy affords primary commercial general liability coverage to Colliers relative to the claims advanced against it in the Agilent Litigation.

83. All conditions precedent for the trigger of an indemnity obligation in favor of Colliers and under the National Union Policy have been satisfied and/or waived by National Union.

84. National Union owes a duty to indemnify Colliers in the Agilent Litigation under the National Union Policy.

**WHEREFORE,** American Guarantee and Liability Insurance Company respectfully requests that this Honorable Court enter:

(a) An Order declaring that National Union Fire Insurance Company of Pittsburgh, Pa. is obligated to indemnify Colliers Management Services – Memphis LLC in the civil action styled *Agilent Technologies v. St. Paul and Xpedient Management Group*, USDC for the W.D. of Tenn., 2:25-cv-02101-MSN-cgc under National Union Fire Insurance Company of Pittsburgh, Pa. 9937608 on a primary and non-contributing basis;

(b) An Order declaring that any insurance coverage available to Colliers Management Services – Memphis LLC under American Guarantee and Liability Insurance Company No. GLA 9310571–12 is excess to and non-contributing with the commercial general liability insurance coverage afforded Colliers Management Services – Memphis LLC under National Union Fire Insurance Company of Pittsburgh, Pa. 9937608, as regards any further defense or indemnification obligation which may arise in connection with the claims advanced against Colliers Management Services – Memphis LLC in the civil action styled *Agilent Technologies v. St. Paul and Xpedient Management Group*, USDC for the W.D. of Tenn., 2:25-cv-02101-MSN-cgc;

(c ) Judgment in favor of American Guarantee and Liability Insurance Company and against National Union Fire Insurance Company of Pittsburgh, Pa. for all costs and expenses incurred by American Guarantee and Liability Insurance Company in this action as a result of National Union Fire Insurance Company of Pittsburgh, Pa.'s wrongful refusal to indemnify Colliers Management Services – Memphis LLC in the civil action styled *Agilent Technologies v. St. Paul and Xpedient Management Group*, USDC for the W.D. of Tenn., 2:25-cv-02101-MSN-cgc; and



3668482
This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

(d) An order and/or judgment for such other or alternative relief consistent with the claims and causes of action asserted in this Complaint.

Dated: New York, New York
October 20, 2026

**COUGHLIN MIDLIGE & GARLAND LLP**

By: */s/ Adam M. Smith*
Adam M. Smith, Esq.
Theodore N. Zarabara, Esq.
88 Pine Street, 28th Floor
Wall Street Plaza
New York, New York 10005
Tel: (212) 483-0105
Fax: (212) 480-3899
Email: asmith@cmg.law
Email: tzarabara@cmg.law
*Attorneys for Plaintiff American Guarantee and Liability Insurance Company*

**BODELL BOVE LLC**

By: */s/ Marc J. Syken*
Marc J. Syken, Esq.*
1845 Walnut Street
Suite 1100
Philadelphia, Pennsylvania 19103
Tel: (215) 864-0223
Fax: (215) 864-6610
Email: MSyken@bodellbove.com
*Attorneys for Plaintiff American Guarantee and Liability Insurance Company*
*(*Not Admitted in the State of New York)*



3668482
This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.