**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| AGILENT TECHNOLOGIES, INC.,<br>Plaintiff,<br><br>v.<br><br>XPEDIENT MANAGEMENT GROUP, LLC, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, and COLLIERS MANAGEMENT SERVICES – MEMPHIS, LLC,<br>Defendants. | ) | Case No. 2:25-cv-02101-BCL-cgc<br><br>Judge Brian C. Lea<br>Magistrate Judge Charmaine Claxton |
| XPEDIENT MANAGEMENT GROUP, LLC,<br>Cross-Plaintiff,<br><br>v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY and COLLIERS MANAGEMENT SERVICES – MEMPHIS, LLC,<br>Cross-Defendants. | ) | |
| FACTORY MUTUAL INSURANCE CO., as subrogee of Agilent Technologies, Inc.,<br>Plaintiff,<br><br>v.<br><br>XPEDIENT MANAGEMENT GROUP, LLC, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, and COLLIERS MANAGEMENT SERVICES – MEMPHIS, LLC,<br>Defendants. | ) | Case No. 2:25-cv-02424-BCL-tmp<br><br>JURY DEMANDED |

**AGILENT TECHNOLOGIES, INC.'S RESPONSE TO XPEDIENT MANAGEMENT GROUP, LLC'S MOTION AND INCORPORATED MEMORANDUM OF LAW FOR LEAVE TO FILE A CONSOLIDATED REPLY IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT IN EXCESS OF THE SEVEN-PAGE LIMIT**

Agilent Technologies, Inc. ("Agilent") submits this response to the motion of Xpedient Management Group, LLC ("Xpedient") to file a reply brief in further support of its motion for summary judgment in excess of the seven-page limit set by Local Rule 56.1(c).

Although Agilent does not concede that Xpedient should require more than double the number of pages allowed by the Local Rules for its proposed consolidated reply, nor that the arguments raised by the plaintiffs in their separate oppositions raise particularly distinct factual or legal arguments, Agilent does not intend to oppose the relief requested.

Agilent does, however, wish to respond briefly to statements by Xpedient in paragraph 5 of its consolidated motion and memorandum, which amount to its certificate of consultation on this matter. Xpedient's attempt to meet and confer on this issue was initiated solely by email at 11:20 a.m. on Friday, October 23. One of the principal lawyers for Agilent responded to that email upon his receipt thereof at 12:25 p.m. by asking how many additional pages Xpedient sought for its reply, to which Xpedient responded at 1:41 p.m. Xpedient then filed its motion for leave at 4:45 p.m. that same day before Agilent's counsel could respond, given their other commitments (including air travel) on Friday afternoon. Xpedient's counsel never indicated that the additional pages were for a consolidated reply to both oppositions nor that he intended to file the motion for leave that same afternoon. And Xpedient's motion likewise does not disclose that the entirety of this exchange occurred between 11:20 a.m. and 4:45 p.m. on Friday, October 23, the day the motion was actually filed.[1] Agilent takes the meet and confer obligations imposed by Local Rule 7.2(a)(1)(B) seriously and, for that reason, takes this opportunity clarify and elaborate upon the statements made by Xpedient in paragraph 5 of its motion.

---

[1] The email exchange between the parties is attached hereto as Exhibit A.

DATED: October 26, 2026

Respectfully submitted,

*<u>/s/ Douglas F. Halijan</u>*
Douglas F. Halijan (BPR # 16718)
BURCH PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, TN 38103
Telephone: 901-524-5000
Facsimile: 901-524-5024
dhalijan@bpjlaw.com

Amber Finch (#222321) (admitted *pro hac vice*)
Margaret C. McDonald (#307008) (admitted *pro hac vice*)
Katherine P. Goetz (#346205) (admitted *pro hac vice*)
REED SMITH LLP
515 South Flower Street, Suite 4300
Los Angeles, CA 90071
Telephone: 213-457-8000
Facsimile: 213-457-8080
afinch@reedsmith.com
mcmcdonald@reedsmith.com
kgoetz@reedsmith.com