**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | |
|---|---|
| **AGILENT TECHNOLOGIES, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**XPEDIENT MANAGEMENT GROUP, LLC and ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**<br><br>**Defendants** | **Case No. 2:25-cv-02101-BCL-cgc** |
| **XPEDIENT MANAGEMENT GROUP, LLC.,**<br><br>**Cross-Plaintiff,**<br><br>**v.**<br><br>**ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**<br><br>**Cross-Defendant** | |
| **FACTORY MUTUAL INSURANCE CO., as subrogee of Agilent Technologies, Inc.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**XPEDIENT MANAGEMENT GROUP, LLC and ST. PAUL FIRE AND MARINE INSURANCE COMPANY**<br><br>**Defendants.** | **Case No. 2:25-cv-02424-BCL-tmp**<br><br>**JURY DEMANDED** |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and Recommendation, entered June 16, 2026. Doc. 212. The Report recommends that Plaintiff's request for attorney's fees occasioned by St. Paul's failure to respond to discovery until after Plaintiff filed its motion to compel be granted in part and that Plaintiff be awarded $7,182.50. The parties had fourteen days after being served to file objections. No objections were filed.

**STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of certain district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For non-dispositive orders, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id*. at 151.

**DISCUSSION AND CONCLUSION**

The Court has reviewed the Report and the entire record in this matter and finds no error in the Magistrate Judge's analysis or conclusions. Moreover, the Magistrate Judge warned that:

> ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.

Doc. 212 at 4. Despite this clear warning, no objections were filed, so the parties forfeited any challenge to the Report. *See Thomas*, 474 U.S. at 151.

Therefore, the Court hereby **ADOPTS** the Report and Recommendation. Doc. 212. Plaintiff's request for attorney's fees occasioned by St. Paul's failure to respond to discovery until after Plaintiff filed its motion to compel is **GRANTED in part** and Plaintiff is awarded $7,182.50.

**IT IS SO ORDERED**, this 30th day of October, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE