# EXHIBIT 12

**McDonald, Margaret C.**

**From:** Will Thomas <Will.Thomas@butlersnow.com>
**Sent:** Monday, October 19, 2026 10:54 AM
**To:** dhalijan; McDonald, Margaret C.; Sean Martin; John Butler; JWelborn; Grant Mitchell; Dianne Caldwell
**Cc:** Brittany Lezu
**Subject:** RE: Agilent v. Xpedient-RFA Amendment

**External E-Mail - FROM Will Thomas <will.thomas@butlersnow.com>**

---

Thanks Doug. I'll go ahead and file the motion. It isn't complicated. If you decide not to oppose let me know and I'll advise the court.

**William P. Thomas**
**Butler Snow LLP**
D: (601) 985-4432 | F: (601) 985-4500
1020 Highland Colony Parkway, Suite 1400, Ridgeland, MS 39157
P.O. Box 6010, Ridgeland, MS 39158-6010
Will.Thomas@butlersnow.com | vCard | Bio

X (Twitter) | LinkedIn | Facebook | YouTube

---

**From:** Douglas F. Halijan <dhalijan@bpjlaw.com>
**Sent:** Monday, October 19, 2026 11:45 AM
**To:** Will Thomas <Will.Thomas@butlersnow.com>; 'McDonald, Margaret C.' <MCMcDonald@reedsmith.com>; Sean Martin <swmartin@carrallison.com>; John Butler <JButler@bvblaw.com>; JWelborn <JWelborn@smithcashion.com>; Grant Mitchell <gmitchell@bvblaw.com>; Dianne Caldwell <DCaldwell@bvblaw.com>
**Cc:** Brittany Lezu <blezu@carrallison.com>
**Subject:** Re: Agilent v. Xpedient-RFA Amendment

Will, so that things are clear following the scheduling phone call we had just now, we have not had time to confer with our client yet on your email sent Friday at 12:30 about amending your client's responses to Agilent's requests for admission. You may so reflect in your certificate of consultation if you choose to proceed with a motion today, but I do want to point out that we've not even had one full business day yet in which to evaluate your request and discuss it with our client — not to mention the fact that our response to your client's motion for summary judgment is also due today. We will certainly respond to your consultation request, one way or the other, by Wednesday if not before. We are not, however, able to do so today.
-Doug

Burch Porter Johnson

Douglas F. Halijan
Member

Phone: (901) 524-5123
Email: dhalijan@bpjlaw.com

Burch, Porter & Johnson, PLLC
130 North Court Ave, Memphis, TN 38103
www.bpjlaw.com

This message is being sent on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

---

**From:** Will Thomas <Will.Thomas@butlersnow.com>
**Sent:** Friday, October 16, 2026 12:34 PM
**To:** 'McDonald, Margaret C.' <MCMcDonald@reedsmith.com>; Sean Martin <swmartin@carrallison.com>; John Butler <JButler@bvblaw.com>; Douglas F. Halijan <dhalijan@bpjlaw.com>; JWelborn <JWelborn@smithcashion.com>; Grant Mitchell <gmitchell@bvblaw.com>; Dianne Caldwell <DCaldwell@bvblaw.com>
**Cc:** Brittany Lezu <blezu@carrallison.com>
**Subject:** Agilent v. Xpedient-RFA Amendment

**EXTERNAL** This email originated from outside of Burch, Porter & Johnson, PLLC **Do not click links or open attachments unless you recognize the sender and know that the content is safe.**

All,

I am writing to see if everyone will consent to Xpedient amending its responses to RFAs Nos. 2 and 5 from Agilent's First Set of Requests for Admission. Based on the deposition testimony, I think it only makes sense for the admissions to match what the witnesses actually testified to.

- For **RFA No. 2**, we are asking to change our response to deny that Xpedient knew the gas meter was locked at least 60 days before the water intrusion event. Zach Livingston testified that, although Crowe performed its inspection on November 16, 2023, he did not learn the meter was locked until he received Crowe's invoice on December 1, 2023.

- For **RFA No. 5**, we are asking to change our response to acknowledge that there were portable heaters in the leased premises. Livingston testified that there were two portable heaters at the property and that he used one in his office before the incident.

I don't think either amendment should be controversial. We are simply trying to make sure our discovery responses accurately reflect the sworn testimony, which everyone has had an opportunity to examine. I don't see how allowing the amendments would prejudice anyone.

Please let me know if you will consent to these amendments so we can avoid having to file a motion.

Thanks,

Will

**William P. Thomas**

**Butler Snow LLP**

D: (601) 985-4432 | F: (601) 985-4500

1020 Highland Colony Parkway, Suite 1400, Ridgeland, MS 39157

P.O. Box 6010, Ridgeland, MS 39158-6010

Will.Thomas@butlersnow.com | vCard | Bio

X (Twitter) | LinkedIn | Facebook | YouTube

RSUSv12021

---

CONFIDENTIALITY NOTE: This e-mail and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.

---

CONFIDENTIALITY NOTE: This e-mail and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.